LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

**ORDER RE: USAE'S MOTIONS TO DISQUALIFY, SEAL THE RECORD, AND
DISMISS; VARIOUS DEFENDANTS' MOTIONS TO STAY; LUCE FORWARD'S AND
KIRKLAND'S MOTIONS TO DISMISS; PLAINTIFFS' MOTIONS TO COMPEL**

**I.
INTRODUCTION**

        Two groups of plaintiffs bring these derivative actions on behalf of nominal Defendant
U.S. Aerospace, Inc. ("USAE" or the "Company") against numerous directors, outside counsel,
and their affiliates for breach of fiduciary duty, breach of their professional obligations, and a
variety of tortious conduct.  According to Plaintiffs, these Defendants, in breach of their duty of
loyalty to USAE, attempted to squeeze out USAE's existing shareholders and destroy the
interests of the company's creditors so that Defendants could seize control of the Company and
operate it for their benefit.  Much of the evidence that supports the claims against the plaintiffs
was reportedly developed by the Akin Gump law firm, which was retained by USAE Chief
Executive Officer James E. Worsham, acting on behalf of the Company, to investigate
Defendants' suspected misconduct.  Plaintiffs' counsel allegedly obtained copies of the report
and used it to formulate the allegations and claims described in the pending Complaints.
Focusing on the alleged misuse of the purportedly privileged information, Defendants have filed
several motions attacking the complaint, counsel and the forum selected for this litigation.  After
considerable review and reflection on these motions, the Court concludes that all should be
**DENIED.**

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √  CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|---------------------------------------------|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.;  Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

## A. USAE'S MOTIONS TO DISQUALIFY

Nominal Defendant USAE moves to disqualify Plaintiffs' counsel for their alleged misuse of privileged and confidential information.  (Defrees Docket No. 34; CAM Funds Docket No. 45.)  USAE argues that it holds the privilege, that it has not waived the privilege, and that California law, e.g., <u>Rico v. Mitsubishi Motors Corp.</u>, 42 Cal. 4th 807 (2007), holds that counsel's possession and use of the privileged Akin Gump Memorandum ("Akin Gump Memo") merits disqualification to prevent prejudice to nominal Defendant.  Plaintiffs oppose the motion asserting that the evidence establishes that Worsham and Michael Cabral, USAE's President, received copies of the report and determined to disclose it to numerous adverse third parties including the USAE Board of Directors, 14 partners at USAE's outside counsel, the United States Securities and Exchange Commission ("SEC"), and a former company director.  Plaintiffs also contend that Defendants have not provided admissible evidence that any management personnel who were involved in the retention of Akin Gump and who have knowledge of the facts and circumstances giving rise to the investigation were without authority to authorize disclosure of the report.  Finally, Plaintiffs argue that USAE's Board is improperly constituted, and that its current lone Board member, Hal Kolker, reviewed the Akin Gump report in March 2010, did nothing to protect it from disclosure, and did not seek its return.

The Court is persuaded that the privilege has been waived.  Worsham retained Akin Gump because he had serious concerns that most of the members of the Board of Directors and the Company's outside counsel were in fact working against USAE's interests—concerns which were shared by Cabral and by the only independent director on the Board, Randall Humphreys. The investigation established that these concerns were fully justified and that both counsel and most of the Board had surreptitiously assumed an adversarial stance toward USAE, its stockholders and creditors.  This adversarial relationship was readily revealed when, within a day of the disclosure of the Akin Gump Memo, the Board was quickly convened and removed Worsham, Cabral, and Humphreys from the Board and terminated the employment of Cabral and Rosa Rios, the USAE employee who distributed the Memo to the Board on Worsham's behalf. Plaintiffs have also persuasively argued that the only current Board member who supposedly authorized this motion is a business associate of some of the Defendants in this case and is acting in their interests, not in the interest of USAE.  For these and other reasons that are discussed in greater detail below, USAE's motion to disqualify is **DENIED.**  It follows from this ruling that USAE's motions to dismiss and to seal the record are likewise **DENIED**.

## B. LUCE FORWARD'S AND KIRKLAND'S MOTIONS TO DISMISS

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|-----|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

Simultaneously, USAE's former outside general counsel, Defendant Luce, Forward, Hamilton and Scripps LLP ("Luce Forward") filed motions to compel arbitration of the claims against it, which were later joined by all other Defendants except USAE.  (Defrees Docket Nos. 42, 100, 101; CAM Funds Docket Nos. 52, 115, 116.)  The Court denied the motions on January 17, 2012.  (Defrees Docket No. 106, CAM Funds Docket No. 123 [1/17/12 Order].)  Luce Forward, joined by John C. Kirkland, the Luce Forward attorney at the center of the Complaints, alternatively moved to dismiss under <u>McDermott, Will & Emery v. Superior Court</u>, 99 Cal. Rptr. 2d 622 (Ct. App. 2000), arguing that the claims against them could not proceed in the absence of waiver of the attorney-client privilege by USAE.  (<u>See</u> Docket No. 40; CAM Funds Docket No. 49.)  The Court has not previously addressed this aspect of the motions.  Because the Court concludes that California's crime-fraud exception to the attorney-client privilege is applicable in this case, these motions are also **DENIED**.

### C.  MOTIONS TO STAY BY VARIOUS DEFENDANTS

Contemporaneous with USAE's motion to disqualify, Defendants Goldberg, Henderson, Koock, and Pressman (the "Director Defendants"), ADI, Arnold, Berkshire, Biggs, Fixaris, KC-X American Aerospace LLC, Victor Kirkland, Daisy Rodriguez, and Tusa Acquisition Corporation moved to stay the case pending resolution of USAE's motions, contending that they should not be required to file an Answer or Rule 12 motion or proceed with discovery before determination of USAE's motion.  (Defrees Docket No. 39; CAM Funds Docket No. 48.)  The Court **ORDERS** that these Defendants have until **May 2, 2012**, to respond to the Complaints.  In all other respects, the motions to stay are **DENIED as moot**.

### D.  PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY

Contemporaneous with the filing of their Oppositions to Defendants' motions, Plaintiffs moved to compel discovery, to the extent that the Court required additional facts to determine the motions.  (Defrees Docket No. 67; CAM Funds Docket No. 68.)  Because the Court decides all Defendants' motions in Plaintiffs' favor, Plaintiffs' motions to compel are **DENIED as moot**.

## II.
## FACTUAL BACKGROUND

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4272 GAF (SPx) √ <br> CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.; <br> Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

The Court has previously set forth a relatively detailed statement of the background facts and description of the various entities involved in this litigation in its ruling on the motions to compel arbitration.  (1/17/12 Order.)  Because the Parties are familiar with those facts, they will not be repeated in this Order, which will focus primarily on the facts bearing on the attorney-client privilege issues relating to the Akin Gump Memo.

### A.  KIRKLAND AND ARNOLD'S TAKEOVER OF USAE

As described in the 1/17/12 Order, Plaintiffs allege that John C. Kirkland, USAE's former outside general counsel at Luce Forward, and Charles Arnold, an advisor to the USAE Board of Directors, initiated a series of fraudulent transactions that transferred control of the Company to their affiliates and pushed USAE to the verge of insolvency by the close of 2010. (Id. at 2–3.)  These transactions included: (1) the sham purchase of another company, Antonov USA, from Defendants Richard Berkshire ADI, who are alleged to be affiliates of Kirkland and Arnold, which resulted in the issuance of a controlling block of shares to ADI; and (2) the settlement of a sham lawsuit initiated by a company called Omnicom Holdings, Inc.  (Defrees Docket No. 1 [Compl.] ¶¶ 36–46; CAM Funds Docket No. 1 [Compl.] ¶¶ 57–71, 75.)  After these transactions placed USAE in dire financial straits, Arnold and Kirkland refused to accept additional capital from Plaintiffs CAM Funds that was conditioned on a complete unwinding of the ADI transaction including the cancellation of the issuance of the controlling block of shares. (Defrees Compl. ¶¶ 48–51; CAM Funds Compl. ¶¶ 86, 91.)

### B.  THE AKIN GUMP INVESTIGATION

Worsham was engaged as CEO and member of the USAE Board on October 4, 2010. (Defrees Docket No. 65, CAM Funds Docket No. 76 [Worsham Decl.] ¶ 6, Ex. A.)  When Arnold and Kirkland refused to unwind the ADI deal, Worsham retained Akin Gump to investigate Kirkland's actions.  (Id. ¶¶ 7–9.)  Only Michael Cabral, then USAE's President and a member of the Board of Directors, and Randall Humphreys, USAE's lone independent Director, who had earlier brought his concerns to Worsham's attention, participated in the decision; the other members of the Board were not informed to avoid interference with the investigation.  (Id. ¶¶ 7, 9; Defrees Docket No. 61, CAM Funds Docket No. 74 [Humphreys Decl.] ¶¶ 6, 12–13.) Akin Gump's letter of engagement, addressed to Worsham, stated that the firm was "pleased to confirm its representation of [USAE] in connection with providing advice to the Chief Executive Officer and Board regarding governance issues and potential conflicts of interest."  (Defrees

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

Docket No. 34, CAM Funds Docket No. 45 [Kolker Decl.] ¶ 3, Ex. B.)  The firm directed a retainer statement to Worsham as CEO.  (Id., Ex. C.)

Akin Gump produced a memorandum ("Akin Gump Memo"), dated January 26, 2011, describing misconduct by Kirkland, members of the Board, and persons and entities affiliated with Kirkland; concluding that Kirkland had placed his own interests and those of affiliated shareholders ahead of the Company's interests, in violation of his professional and fiduciary duties; and recommending that, at a minimum, Kirkland and other "responsible parties" be "divested of all decision-making authority." (Id. ¶ 2, Ex. A [Akin Gump Memo] at 11.)  This document was marked, at the top, **PRIVILEGED AND CONFIDENTIAL ATTORNEY WORK PRODUCT**."  (Akin Gump Memo at 1 (original emphasis).)  The letter begins with the statement that "U.S. Aerospace Inc. . . . retained Akin Gump Strauss Hauer and Feld LLP to provide analysis regarding actions taken by the Company's outside general counsel, John Kirkland, and other corporate fiduciaries working in cooperation with Mr. Kirkland."  (Id.)

**C.  DISCLOSURE OF THE AKIN GUMP MEMO AND RESULTING PERSONNEL CHANGES AT USAE**

When the Memo was completed, Worsham was in the hospital, having suffered a car accident.  Worsham stated that, through Cabral, he asked USAE's Chief Accounting Officer and Secretary, Rosa Rios, to distribute the Memo to USAE's Board.  (Worsham Decl. ¶ 10.)[1]  Rios distributed the Memo to all Board members at 6:15 p.m. on January 26, stating that the Memo

is distributed to the Board of Directors of USAE at the request of Mr. Worsham.  Mr. Worsham was involved in an auto accident and is recovering but felt that due to the sensitivity of the attached matter, the Board should be notified immediately.

(Humphreys Decl. ¶ 16, Ex. A.)  Rios's e-mail continued

To the Board of Directors of USAE:

---

[1] Rios had formally resigned as USAE's Controller on November 9, 2010, but had indicated her willingness, in her resignation, to provide support to USAE on a "contract basis."  (Defrees Docket No. 76, CAM Funds Docket No. 85 [Goldberg Decl.] ¶ 8, Ex. A, [Biggs Decl.] ¶¶ 10–11, Ex. A.)  In her declaration, Rios stated that she "served as the Company's Chief Accounting Officer and Secretary" until her termination on January 28, 2011.  (Defrees Docket No. 64, CAM Funds Docket No. 75 [Rios Decl.] ¶ 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|------------------------------------------------|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

Over the past few weeks, matters have arisen that have compelled the Company to review its governance and related fiduciary issues. Accordingly, the Company engaged the law firm of [Akin Gump] to assist USAE in an effort to receive an impartial assessment of these issues and provide advice. The results of their work are contained in the attached letter for your review. The contents of the letter are privileged and confidential.

As a result of the matters outlined in the attached letter and as fiduciaries of the Company, we believe the Board does not have any alternative but to pursue the recommended course of action. Please let us know if you have any questions or thoughts regarding the proposed course of action within the next 24 hours. If any one of you would like to convene a Board meeting, we can most certainly do so but with only the directors and independent counsel present.

Thank you.

(Id.)

At 8:43 p.m. on January 26, just two-and-half hours after the Memo was distributed to the Board, Kirkland advised the Board, Arnold, and Arnold's employee, Defendant Thomas Biggs, by e-mail that a previously unscheduled Board meeting would be held by telephone on January 28, at 10 a.m. (Id. ¶ 17.) During the morning of January 27, Cabral personally delivered a copy of the Memo to David Duquette, who had served as CEO and member of USAE's Board from May of 2001 until August 16, 2010. (Defrees Docket No. 63, CAM Funds Docket No. 73 [Duquette Decl.] ¶ 3.) At Cabral's direction, Rios also sent the Memo to the SEC. (Rios Decl. ¶ 4.) Duquette later independently sent the Memo to the SEC. (Duquette Decl. ¶ 5.)

On the afternoon of January 27, Kirkland wrote via e-mail to the Board, Arnold, and Rios, advising that Worsham, Cabral, and Humphreys had been removed from the Board by Shareholder Written Consent, signed by Berkshire on behalf of ADI. (Humphreys Decl. ¶ 19; CAM Funds Docket No. 78 [Shargel Decl.] ¶ 3, Ex. B.) The same day, Cabral was also terminated from his employment as USAE President for cause. (Goldberg Decl. ¶ 7.)[2]

---

[2] Humphreys states in his declaration that, in his understanding, Cabral's employment was terminated at the January 28 Board meeting. (See Humphreys Decl. ¶ 20.) Luce Forward and USAE objected to this statement as lacking foundation and personal knowledge under Federal Rule of Evidence 602. (See Defrees Docket No. 77,

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4272 GAF (SPx) √ <br> CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.; <br> Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

On the morning of January 28, Rios sent the Memo to the 14 Luce Forward attorneys in charge of each of the firm's offices.  (Rios Decl. ¶ 5, Ex. B.)  Rios states that she was "authorized by the officers of the Company" to do so; however, Worsham's declaration does not state that he provided this authorization.  (Rios Decl. ¶ 5.)  In his declaration, Duquette states that Cabral told him that he authorized this disclosure.  (Duquette Decl. ¶ 4.)  In her cover e-mail to Luce Forward, Rios wrote

> Dear Ladies and Gentlemen,
>
> I wanted to apprise you, make you aware of certain matters that may have impact on your firm:
>
> 1) John C[.] Kirkland, Luce Forward are the general counsel for U.S. Aerospace, Inc.
> 2) The Company became concerned on governance issues therefore we retained Akin Gump
> 3) Akin provided us with a letter (see attached) we distributed this letter to USAE Board.
> 4) Upon receipt of this letter . . . [ADI] removed all non-related Board [members] . . . .

(Rios Decl. ¶ 5, Ex. B.)

Later in the morning on January 28, Kirkland informed Rios that she had been terminated for cause from "any and all positions with USAE."  (Rios Decl. ¶ 2, Ex. A; see also Goldberg Decl. ¶ 9; Biggs Decl. ¶ 11.)  That same day, Kirkland filed an SEC Form 15 on behalf of USAE, de-listing USAE as a public company.  (Humphreys Decl. ¶ 9.)  USAE's Production Manager was also terminated; no replacements for Cabral, Rios, or the former Production Manager were hired.  (CAM Funds Compl. ¶ 90.)  Worsham resigned as CEO on February 11, 2011, citing his opposition to Kirkland's activities.  (See Shargel Decl. ¶ 3, Ex. C.)  Hal Kolker was appointed to the USAE Board on March 16, 2011; as of July 21, 2011, he was the only USAE Director.  (Kolker Decl. ¶¶ 1–2.)  Prior to his appointment to the Board, Kolker was a business associate of Arnold and Kirkland.  (Duquette Decl. ¶ 7.)

---

CAM Funds Docket No. 86 at 4; Defrees Docket No. 81, CAM Funds Docket No. 90 at 8.)  The Court does not rule on each of the individual evidentiary objections made by Defendants in relation to these motions, but does not rely on inadmissible evidence in this Order.

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

### D. CABRAL'S ROLE WITH USAE

Cabral became an officer of USAE in September of 2009, when the company was formed through a merger between New Century Companies, Inc. and Precision Aerostructures, Inc. (Humphreys Decl. ¶ 4.)  He was appointed to the USAE Board in April of 2010, when it was expanded from two members to seven at Arnold and Kirkland's behest.  (Id. ¶ 6.)  One of the Director Defendants, Goldberg, states that, in October of 2010, he learned that Cabral "had stolen substantial funds from the Company," and that, aided by Rios, Cabral "improperly transferred USAE funds to himself, his family members, and his friends." (Goldberg Decl. ¶ 3.)  Biggs, who served as an independent public relations contractor for USAE from July 2010 to March 2011, provides a detailed account of this theft.  Biggs participated in a meeting on October 27, 2010, attended by Worsham, Kirkland, Cabral, Rios, Arnold, and Humphreys, in which Cabral was told to retrieve Company funds taken from Rios's desk; Cabral returned from a visit to the bank with a portion of the funds.  (Biggs Decl. ¶¶ 5–6.)

With Cabral present at the meeting, those in attendance discussed terminating him.  (Id. ¶ 7.)  Following his departure, Worsham indicated that he wished to keep Cabral on temporarily to increase sales, and it was decided that Cabral would remain employed until the end of the year in order to produce business, but could thereafter be terminated.  (Id. ¶¶ 8–9; Goldberg Decl. ¶ 4.)  However, the Company retained security guards to police Cabral's activities at Company facilities, and Cabral was divested of access to the Company's bank accounts.  (Goldberg Decl. ¶ 5.)  Goldberg stated that, by mid-January 2011, he had had "numerous conversations" with Arnold and Biggs, in which it "became clear" that Cabral should be terminated, and that Cabral "was fully aware that he would very shortly be terminated."  (Id. ¶ 6.)  Goldberg stated that Cabral's termination on January 27 was unrelated to the disclosure of the Akin Gump Memo the previous day, but instead was for "stealing from the Company as well as otherwise failing to fulfill his obligations as an officer of the Company."  (Id. ¶ 7.)

### E. USAE'S ASSERTION OF THE PRIVILEGE

Following his appointment to the Board in March of 2011, Kolker reviewed the Akin Gump Memo, the engagement letter between USAE and Akin Gump, and the retainer statement sent by Akin Gump.  (Kolker Decl. ¶¶ 3–4, Exs. B, C.)  Plaintiffs filed the present actions on May 18 and 26, 2011.  (Defrees Docket No. 1; CAM Funds Docket No. 1.)  On June 29, 2011,

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

USAE's counsel wrote to counsel for Plaintiffs that

> It is apparent from a review of the complaint in this matter that your firms have obtained access to an attorney-client communication from the firm of [Akin Gump], dated January 26, 2011.  Please be advised that USAE has not waived its attorney-client privilege with respect to any communication from or to the Akin Gump law firm or any lawyer with that firm, nor does it intend to.

(Defrees Docket No. 34, CAM Funds Docket No. 45 [Towle Decl.] ¶ 4, Ex. D.)  As a result, USAE demanded that counsel for Plaintiffs recognize their disqualification from representing Plaintiffs, take steps to withdraw immediately, dismiss the action, stipulate to a request to the Court to seal the action, and return all copies of the Akin Gump Memo to USAE's counsel.  (Id.)  These demands were refused.  (Towle Decl. ¶¶ 5–7, Exs. E, F, G, H; Defrees Docket No. 76 [Towle Suppl. Decl.] ¶¶ 2–5, Exs. C, D, E.)

Kolker authorized the filing of the instant motions to disqualify, on the basis that he has "spoken with current and former members of USAE's management group," with "certain of its former directors," and with Kirkland; none of these persons "had any knowledge of anyone at the Company distributing or being authorized to distribute or disclose the contents" of the Akin Gump Memo, and "no information . . . suggest[s] that . . . the Company has knowingly waived its privilege or authorized anyone to do so."  (Id. ¶¶ 7–9.)  Although the USAE bylaws historically required at least two directors, USAE has refused to provide current corporate governance information, despite Plaintiffs' demand pursuant to Section 220 of the Delaware General Corporations Law on August 8, 2011.  (Shargel Decl. ¶ 3, Ex. D; Duquette Decl. ¶ 6.)

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

**III.
DISCUSSION**

**A.  USAE'S MOTIONS TO DISQUALIFY, SEAL PORTIONS OF THE RECORD, AND DISMISS**

**1.  LEGAL STANDARDS: ATTORNEY-CLIENT PRIVILEGE, AND DISQUALIFICATION**

***a.  California's Attorney-Client Privilege***

Under Federal Rule of Evidence 501, California law governs the attorney-client privilege in this diversity action.  Fed. R. Evid. 501; Star Editorial, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 7 F.3d 856, 859 (9th Cir. 1993); Bank of the West v. Valley Nat. Bank of Ariz., 132 F.R.D. 250, 251 (N.D. Cal. 1990).[3]

California Evidence Code section 954 provides that, "the client, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer if the privilege is claimed by: (a) The holder of the privilege; . . . ."  Cal. Evid. Code. § 954.  Section 952 defines a confidential communication as "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted."  Cal. Evid. Code § 952.  "The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of the attorney-client relationship."  Costco Wholesale Group v. Superior Court, 47 Cal. 4th 725, 733 (2009).  "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply."  Id. (citing Cal. Evid. Code § 917(a)).

---

[3] The CAM Funds Plaintiffs argue that Delaware law may apply in this action, but concede that there is no difference between California and Delaware law with respect to the issues involved in the disqualification motions. (CAM Funds Docket No. 72 [CAM Funds Opp. Disqualify] at 10 n.11.)  As discussed infra in relation to Luce Forward's and Kirkland's motions to dismiss, the Court concludes that California's privilege law applies.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

The privilege is "waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone." Cal. Evid. Code § 912(a). Waiver occurs where disclosure is made to "strangers to the attorney-client consultation" or to persons who "possess interests adverse to the client." Ins. Co. of N. Am. v. Superior Court, 166 Cal. Rptr. 880, 885 (Ct. App. 1980). However, "[a] disclosure that is itself privileged is not a waiver of any privilege." Cal. Evid. Code § 912(c). In addition, "[a] disclosure in confidence of a communication that is protected by a privilege provided by Section 954 . . . when disclosure is reasonably necessary for the accomplishment of the purpose for which the lawyer . . . was consulted, is not a waiver of the privilege." Cal. Evid. Code § 912(d).

### b. Disqualification

"The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." Oracle Am., Inc. v. Innovative Tech. Distributors, LLC, No. 11-CV-01043-LHK, 2011 WL 2940313, at *3 (N.D. Cal. July 20, 2011) (internal quotations, citation omitted). The court must keep in mind the "competing policy considerations": fairness to the moving party, and the hardship to "the disqualified attorney's innocent client." Gregori v. Bank of Am., 254 Cal. Rptr. 853, 858–59 (Ct. App. 1989). "Because of their susceptibility to tactical abuse, '[m]otions to disqualify are strongly disfavored,'" and "'should be subjected to particularly strict judicial scrutiny.'" Oracle, 2011 WL 2940313, at *4 (citations omitted).

In California, however, disqualification may be appropriate where an attorney improperly accesses a privileged document and uses the document to his or her client's advantage. Rico v. Mitsubishi Motors Corp., 42 Cal. 4th 807, 810 (2007). The California Supreme Court has held that "an attorney who receives privileged documents through inadvertence . . . may not read a document any more closely than is necessary to ascertain that it is privileged. Once it becomes apparent that the content is privileged, counsel must immediately notify opposing counsel and try to resolve the situation." Id. Where the attorney does not abide by this standard of conduct, "the remedy of disqualification is appropriate," because the damage caused is "irreversible." Id. at 810–13, 819–20; see also State Comp. Ins. Fund v. WPS, Inc. 82 Cal. Rptr. 2d 799, 807–08 (Ct. App. 1999); Clark v. Superior Court, 125 Cal. Rptr. 3d 361, 366, 374–76 (Ct. App. 2011) (affirming the disqualification of the plaintiff's counsel, where the plaintiff former chief administrative officer had intentionally disclosed the defendant employer's confidential documents to his attorney); but see Oracle, 2011 WL 2940313, at *6–7 (declining to extend the Rico rule to disqualify defendant's counsel, where it had received confidential documents

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √  CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;  Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

through voluntary disclosures by Oracle's employees prior to the initiation of litigation).

   2. APPLICATION

      a. *Disqualification*

      USAE moves to disqualify counsel for both the Defrees Plaintiffs and the CAM Funds
Plaintiffs, arguing that the Akin Gump Memo is a confidential communication between USAE
and Akin Gump, and that Plaintiffs' counsel invaded the privilege by basing the Complaints on
the Memo.  USAE argues that, under State Fund, Rico, and Clark, it was the professional duty of
Plaintiffs' counsel, upon accessing the Memo, to read the document only as far as was required
to ascertain that it was privileged, and then to notify USAE's counsel to try to resolve the
situation.  (Defrees Docket No. 34; CAM Funds Docket No. 45 [Mem. Disqualify] at 4–6.)

      Plaintiffs take the position that the privilege was waived by (1) Cabral's authorization of
disclosure to 14 Luce Forward attorneys, to Duquette, and to the SEC; (2) Worsham's
authorization of disclosure to all members of the Board, including the Director Defendants; and
(3) the secondary disclosures to Kirkland and Berkshire.  (Defrees Docket No. 60 [Defrees Opp.
Disqualify] at 6–9; CAM Funds Opp. Disqualify at 11–14.)  Plaintiffs argue that, even though
Kirkland and Luce Forward nominally continued to serve as USAE's general outside counsel,
their relationship with USAE had become adverse, and was adverse in particular with respect to
the Akin Gump investigation into Kirkland's misconduct.  In short, the disclosure to Kirkland
and Luce Forward attorneys was not for the purpose of seeking legal advice and did not further
the Akin Gump investigation.  (Defrees Opp. at 7–8; CAM Funds Opp. at 11–12.)  Rather, it was
to inform the firm of wrongdoing and misconduct on the part of one of its partners.

      Worsham's disclosure to the Director Defendants also waived the privilege, because the
Memo implicated them as having participated in Kirkland's wrongdoing, and because they were
not informed of the investigation until after it was completed.   (Defrees Opp. at 8–9; CAM
Funds Opp. at 12–13.)  The privilege was additionally waived by Cabral's disclosure to
Duquette, who had resigned from his positions as CEO and member of USAE's Board on
August 16, 2010, and to the SEC, because both were "strangers" to the Company at the time of
disclosure.  (Defrees Opp. at 6; CAM Funds Opp. at 13–14.)  Finally, the privilege was waived
by the secondary disclosures to Kirkland and to Berkshire, which, according to Plaintiffs, is
apparent from the facts that Kirkland called an emergency Board meeting a mere two-and-a-half
hours after the Memo was disclosed to the Board.  In Plaintiffs' view, if the Board's adverse

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|-------------------------------|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

relationship with the company over which it exercised stewardship was not obvious before this event, it became abundantly clear when, at Berkshire's behest, Worsham, Cabral, and Humphreys were removed from the Board the following day. (Defrees Opp. at 7 n.5; CAM Funds Opp. at 14.)  Plaintiffs persuasively argue that Worsham and Cabral waived the privilege in the "sound exercise of their fiduciary duties" as USAE officers, and that Kolker's authority to now invoke the privilege and his basis for doing so are speculative and doubtful.  (Defrees Opp. at 8–10; CAM Funds Opp. at 15–18.)

USAE denies that the privilege was waived.  It casts doubt on Cabral's and Rios's authority to disclose the Memo to Luce Forward, Duquette, and the SEC, based on Cabral's alleged theft, pending termination, and prior diminution in responsibilities, and Rios's prior resignation as Controller.  (Defrees Docket No. 76, CAM Funds Docket No. 85 [Reply Disqualify] at 4–6.)  USAE argues that, even if the disclosure to Luce Forward had been properly authorized, "sending an investigative opinion letter to the corporation's general counsel cannot be a waiver of the privilege."  (Reply Disqualify at 9; see also Mem. Disqualify at 6–7.)  Finally, USAE denies that the disclosure to the Director Defendants waived the privilege. USAE argues that, because Plaintiffs have presented no evidence that Worsham intended to waive the privilege on USAE's behalf when he authorized disclosure to the Board, the only "logical conclusion" is that he disclosed the Memo "because the members of the Board had a right to see the [Memo] by reasons of their position within USAE and received it in their fiduciary capacity," and that, rather than waiving the privilege, "[m]ore likely, [the disclosure] was a continuation of USAE's investigation."  (Reply Disqualify at 11.)[4]

### i. Waiver

The Court is persuaded that the various disclosures of the Memo waived USAE's privilege with respect to the Akin Gump Memo.

#### (1)  Disclosure to the Board

The privilege was waived, first, when Worsham authorized disclosure to the full Board.

---

[4] The Parties also take opposing positions on the question whether the State Fund, Rico, and Clark line of cases requires disqualification here, where the disclosure was not inadvertent.  (See Defrees Opp. Disqualify at 11–13; CAM Funds Opp. Disqualify at 20–21; Reply Disqualify at 15–16.)  Because the Court determines infra that USAE waived the privilege, it does not reach these contentions.

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

USAE has not disputed Worsham's authority to waive the privilege, and there is no question that, as USAE's Chief Executive Officer, he possessed such authority. See Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348 (1985). Worsham exercised this authority to retain Akin Gump to investigate possible misconduct by the Company's outside counsel and by other members of its Board, and he held the authority to authorize disclosure and waiver of the privilege with respect to the report produced. The record plainly reveals that he authorized this disclosure on January 26, 2011, when he directed Cabral to have Rios send the Memo to the Board. (Worsham Decl. ¶ 10.) Rios' cover e-mail to the Board indicated that the Memo was distributed to the Board "at the request of Mr. Worsham." (Humphreys Decl. ¶ 16, Ex. A.)

Moreover, the Court is not persuaded that Worsham's disclosure came within the exception to waiver set out in section 912(d) of the California Evidence Code, for disclosures that are "reasonably necessary for the accomplishment of the purpose for which the lawyer . . . was consulted." Cal. Evid. Code. § 912(d). Despite Defendants' speculation that the disclosure was more likely a continuation of the investigation, the argument is entirely unpersuasive because it is unsupported by any evidence.

The background clearly supports this view of events. Worsham retained Akin Gump to investigate the conduct of Kirkland and other corporate fiduciaries and to determine whether USAE should demand Kirkland's resignation or take other action against him and/or Luce Forward. (See Akin Gump Memo at 1.) The Memo concluded that Kirkland's actions likely constituted breaches of his professional responsibilities and fiduciary duties, and recommended that USAE "consider seeking Mr. Kirkland's resignation, notifying Luce of the issues discussed in this letter, and taking further action against Mr. Kirkland and Luce," including "possible initiation of actions for malpractice or for breach of fiduciary duty." (Id.) The Memo's description of the background facts implicated the Director Defendants in Kirkland's wrongdoing, by discussing their interested participation in or approval of various impugned transactions, including the issuance of stock options to themselves upon their appointment to the Board; the acquisition of Antonov USA from Defendant ADI, which was responsible for their appointment; and their after-the-fact ratification of the Omnicom Settlement. (Id. at 2–4.) Defendant Pressman, in particular, was described as playing a key role in facilitating the Omnicom Settlement. (Id. at 3.)

Contrary to USAE's argument, Worsham's purpose in distributing the Memo to the full Board could not have been to continue the investigation. This investigation had been initiated and completed without the knowledge or participation of the Director Defendants, and the results

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|-----------------------------------------------|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

of the investigation and Akin Gump's recommendation were presented to the Board as a fait accompli.  Indeed, Rios's cover e-mail stated that, "as fiduciaries of the Company, we believe the Board does not have any alternative but to pursue the recommended course of action," which, along with the remainder of the e-mail, plainly indicated that no further decisionmaking was required.  (Humphreys Decl. ¶ 16, Ex. A.)  Indeed, the Board was invited only to "[p]lease let us know if you have any questions or thoughts regarding the proposed course of action within the next 24 hours," or to call a Board meeting if desired.  Moreover, although Rios wrote to the Board that the "contents of the [Memo] are privileged and confidential," (Humphreys Decl., Ex. A), the fact that the Director Defendants were "strangers to the attorney-client consultation" and were persons who "possess[ed] interests adverse" to USAE,  Ins. Co. of N. Am., 166 Cal. Rptr. at 885, was unambiguously demonstrated when the Board immediately removed Worsham, Cabral, and Humphreys as members and terminated Cabral's and Rios's employment.

        This case is thus readily distinguishable from the cases discussed by the Parties, in which no waiver was found.  In Insurance Company of North America v. Superior Court, the California Court of Appeal held that the attorney-client privilege was not waived where a meeting between an insurance company and its outside counsel, reporting on the company's potential liabilities in relation to thousands of asbestos-related claims brought against an insured, was attended by the vice president of the law department for the insurance company's parent holding company, in his capacity as a legal officer for the parent company, and by the president of a sister subsidiary, in his capacity as a member of the parent company's Reserve Committee, which was charged with supervising the reserve policies of all subsidiaries.  166 Cal. Rptr. at 882–884.  The Court reasoned that, although the subsidiary was not bound to abide by the advice offered by these persons, they attended in their capacities as expert consultants and advisers, and their presence was thus "reasonably necessary" to accomplish the purpose for which counsel was consulted. Id. at 883–84.  In Oxy Resources California LLC v. Superior Court, the California Court of Appeal ordered in camera review to determine whether the sharing of documents between two companies who were party to an exchange of interests in oil and gas producing properties and were later sued by a third company asserting a preferential purchase right waived the attorney-client privilege, or instead fell within California's statutory joint client or common interest exceptions to waiver because the lawyer was consulted on a matter of common interest, i.e., finalizing the transaction.  9 Cal. Rptr. 3d 621, 639–641 (Ct. App. 2004).  The court explained that, "'[f]or the common interest doctrine to attach, most courts seem to insist that the two parties have in common an interest in securing legal advice related to the same matter—and that the communications be made to advance their shared interest in securing legal advice on that common matter."  Id. at 636–37.  In camera review was thus necessary to determine whether the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

communications involved matters of common interest or instead referenced adversarial interests. Id.; see also Cal. Oak Foundation v. County of Tehama, 94 Cal. Rptr. 3d 902, 905 (Ct. App. 2009) (disclosure of legal advice obtained by non-profit corporation regarding compliance with the California Environmental Quality Act to counsel for the co-defendant developer did not waive the attorney-client privilege, because disclosure was made in a joint endeavor to defend the environmental impact report produced and was thus reasonably necessary to further the purpose of the original legal consultation.)[5]

---

[5] The Parties also engage in extensive argumentation regarding a series of decisions made in a case before the Delaware Chancery Court, Ryan v. Gifford. In that case, the court found that, even assuming that a corporation shared an attorney-client privilege with its Special Committee formed in response to litigation to investigate the corporation's grants of stock options, the Delaware doctrine of good cause vitiated the corporation's assertion of the privilege in the circumstances of the case. Civil Action No. 2213-CC, 2007 WL 4259557, at *3 (Del. Ch. Nov. 30, 2007). Alternatively, the court held that, even in the absence of good cause, the privilege could not be asserted because it had been waived with respect to certain communications by presentation of counsel's final report to the full board, including the director defendants, and to attorneys from another law firm, who could not "be said to have interests that are so parallel and non-adverse to those of the Special Committee that they could be reasonably characterized 'joint venturers.'" Id. at *3. The Court reasoned that any "apparent confusion" as to whether the individual director defendants attended the meeting in a fiduciary, rather than an individual, capacity could be dismissed because they specifically relied on findings in the report for exculpation as individual defendants. Id. The Court explained its reasoning further in a later decision denying the company's application to certify an interlocutory appeal. Civil Action No. 2213-CC, 2008 WL 43699 (Del. Ch. Jan. 2, 2008). In that decision, the court affirmed that the earlier decision had "expressly determined" that good cause existed, vitiating the privilege, so that appeal of the waiver issue would be futile. Id. at *4. The Court also found that appeal was unwarranted because the application did not determine a substantial issue or establish a legal right affecting Delaware corporate customs and longstanding principles of good corporate governance. The court "repeat[ed] that the relevant factual circumstances . . . include[d] the receipt of purportedly privileged information by the director defendants in their individual capacities from the Special Committee." Id. at *5. Thus, the waiver analysis "would not apply to a situation . . . in which board members are found to be acting in their fiduciary capacity, where their personal lawyers are not present, and where the board members do not use the privileged information to exculpate themselves." Id.

Although the Court agrees that the factual circumstances in Ryan bear some similarity to those present here, the Court finds the Parties' reliance on the case of limited usefulness because of the Delaware court's primary reliance on the good cause doctrine, which does not exist under California law; the material factual differences in that case, including the separate formation of a Special Committee of the Board to conduct the investigation and the reliance by the director defendants on exculpatory information provided in the report; and the fact that the decisions were made outside this jurisdiction. Accordingly, although the Court has reviewed and considered the Ryan decisions, the present order is based solely on California law.

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

By contrast, in <u>Bank of the West v. Valley National Bank of Arizona</u>, the federal district court held that the section 912(d) exception to waiver did not apply to disclosures of legal analysis made by the plaintiff bank to the defendant bank during the course of another lawsuit, which had involved a loan transaction in which both banks had participated, but for which only the plaintiff was sued. The court reasoned that, "while both businesses shared some interests in common with respect to the loan transaction . . . they also had interests, with respect to the [other] litigation, which were quite antagonistic." 132 F.R.D. 250, 260 (N.D. Cal. 1990). The court emphasized that the "key concept . . . is that privilege is not vitiated when the holder of the privilege shows that it had to make the disclosures to the third persons <u>in order to accomplish the purpose for which the client retained the lawyer</u>." <u>Id.</u> (original emphasis). The court could not conclude that Bank of the West's lawyers had "any need to share substantial information with or acquire substantial information from [Valley National Bank] in order to defend" Bank of the West in the other litigation, where Valley National Bank had no relationship with the plaintiff in that lawsuit, and where its conduct had not been at issue. <u>Id.</u>

Here, there is no argument—and none has been made by USAE—that disclosure of the Akin Gump Memo to the Director Defendants was reasonably necessary in order to further the investigation into Kirkland's conduct, to arrive at a determination as to the Company's course of action, or to carry out that determination. Accordingly, Worsham's disclosure to the Board waived the attorney-client privilege.

<u>(2)  Disclosure to Luce Forward, Duquette, and the SEC</u>

Second, the Court concludes that the disclosures authorized by Cabral, to 14 Luce Forward Partners, to Duquette, and to the SEC, waived the privilege. As an initial matter, the Court is not persuaded that Cabral lacked authority to make the disclosures. Cabral became USAE's President in September of 2009 and a member of USAE's Board of Directors in April of 2010, and he remained in these positions until January 27, 2011, when he was removed from the Board and terminated as President immediately following the disclosures. In his capacity as President, Cabral plainly had the authority to disclose the Memo. <u>See</u> <u>Weintraub</u>, 471 U.S. at 348. Moreover, the Court finds unpersuasive USAE's attempts to undermine Cabral's authority. The only evidence that USAE has produced are Biggs and Goldberg accounts of Cabral's alleged theft from the Company in October 2010, after which Cabral was reportedly subject to a salary reduction and monitoring of his activities at the Company, denied access to Company funds, and warned that he had until the end of the year to increase sales, and could be terminated if he did not. (<u>See</u> Goldberg Decl. ¶¶ 3–7; Biggs Decl. ¶¶ 5–9.) Assuming the truth of the

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|------------------------------------------------|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

allegations for the purpose of the pending motion, these reductions in the scope of Cabral's financial authority and compensation did not alter his title, or, apparently, affect his other areas of responsibility. In addition, the Court finds doubtful, to say the least, the claim by Biggs and Goldberg that Cabral was removed from the Board and terminated as President the day after disclosure of the Akin Gump Memo and months after the alleged theft not on the basis of his involvement in the production and disclosure of the Memo, but "for cause," based on the theft and other unspecified inadequacies. (See Goldberg Decl. ¶ 7.)

Each of the disclosures authorized by Cabral waived the privilege. The disclosure to Luce Forward waived the privilege because it was made to third parties outside the USAE-Akin Gump relationship and was not itself a privileged communication. In disclosing the Akin Gump Memo to Luce Forward, USAE did not seek legal advice from Luce Forward in its capacity as the Company's general counsel; thus, the communication was not made "in the course" of the attorney-client relationship between Luce Forward and USAE. Cal. Evid. Code § 952; see Matter of Fischel, 557 F.2d 209, 211 (9th Cir. 1977). Nor was the disclosure reasonably necessary to accomplish USAE's purpose in consulting Akin Gump, which was to investigate Kirkland's conduct and to determine a course of action. Rather, the disclosure was made after the investigation was completed, and, indeed, after the Board had been informed and Berkshire had removed Worsham, Cabral, and Humphreys as Board members. (See Rios Decl. ¶ 5, Ex. B.) Rios' cover e-mail stated only that the communication was made to "apprise" Luce Forward and "make [it] aware of certain matters that may have an impact on [the] firm." (Id.) In short, there is nothing in the memo or the document transmitting it that seeks legal advice from Luce Forward – rather, the memo, at least by implication, suggests that Luce Forward should consider getting its own counsel and seek legal advice for breaches of its fiduciary duty in representing USAE. In short, it is not a request for help, it is a shot across the bow.

Cabral's disclosure to the SEC and to Duquette also waived the privilege. Duquette had resigned from his positions as CEO of USAE and member of its Board on August 16, 2010, and had not had any formal affiliation with the Company since then. (Duquette Decl. ¶ 3.) He was thus an outsider to the USAE-Akin Gump relationship. With regard to disclosure to the SEC, in similar circumstances the California Court of Appeal concluded that disclosure of the results of an internal investigation to the SEC waived the privilege. In McKesson HBOC, Inc. v. Superior Court, the court found that the section 912(d) exception to waiver did not apply, where the plaintiff company retained a law firm to conduct an internal review relating to improper recording of revenues at a subsidiary, but then disclosed the results of the internal review to the US Attorney and to the SEC. 9 Cal. Rptr. 3d 812, 817–19 (Ct. App. 2004). Because McKesson

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4272 GAF (SPx) √ CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.; Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

had retained the law firm to "provide legal advice to [the company] and its Audit Committee, and to assist [the company] in civil litigation in state and federal court," the court found that "it was unnecessary to share the audit report or interview memoranda with the government to accomplish that assignment," notwithstanding any "overlapping interests" shared between the company and the government in "investigating and rooting out the source of accounting improprieties" at the subsidiary. Id. at 817–18. Contrary to USAE's argument, the Court is unable to discern in McKesson any requirement that the internal investigation had begun with the intent to disclose its results to the SEC in order to find waiver of the privilege by virtue of that disclosure. (See Reply Disqualify at 7–8.) Indeed, the investigation in McKesson was evidently not begun with such an intent. See McKesson, 9 Cal. Rptr. 3d at 815.

### (3)  Secondary Disclosures

The privilege was also waived by the secondary disclosures to Kirkland and to Berkshire, the occurrence of which is readily apparent from the events that followed swiftly from the disclosure to the Board. (See Humphreys Decl. ¶¶ 17, 19; Shargel Decl. ¶ 3, Ex. B.) These disclosures could only have been made by the Director Defendants, who had not previously known of the investigation. In light of Kirkland's immediate calling of an emergency Board meeting and Berkshire's removal of Worsham, Cabral, and Humphreys as Directors, it strains credulity to suggest that the Memo was not disclosed to Kirkland and Berkshire—and, indeed, USAE has not taken such a position.

Based on the foregoing, the Court concludes that USAE waived the privilege was respect to the Akin Gump Memo.

### ii.  Improper Invocation of the Privilege

The Court is also persuaded, even had the privilege not been waived, that USAE has not properly invoked the privilege. First, the Court agrees with Plaintiffs that Kolker's authority for invoking the privilege is doubtful. Kolker, a business associate of Arnold and Kirkland, was appointed to the Board on March 16, 2011, nearly two months after the disclosures of the Memo and the personnel changes at USAE. (See Duquette Decl. ¶ 7; Kolker Decl. ¶ 2.) Kolker's declaration indicates that he is presently serving as USAE's sole director, and USAE has failed to respond to Plaintiffs' requests that the Company produce governance documents demonstrating that the Company is no longer required to have at least two directors. (Kolker Decl. ¶ 1; Shargel Decl. ¶ 3, Ex. D.)   Accordingly, the Court cannot conclude that USAE's

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

Board is properly constituted. Second, Kolker has not timely or properly asserted the privilege on USAE's behalf. Indeed, after reviewing the Akin Gump Memo following his appointment in March of 2011, Kolker did nothing to protect the privilege, such as requiring the return of the Memo, until authorizing the present disqualification motion, which was filed on August 8, 2011. (Kolker Decl. ¶ 9.) Kolker's investigation into any waiver of the privilege consisted of speaking with Kirkland and with unnamed "current and former members of USAE's management group and . . . certain of its former directors," of whom "none . . . had any knowledge of anyone at the Company distributing or being authorized to distribute or disclose the contents of the Akin Gump [Memo]." (Id. ¶ 7.) Even a cursory disinterested review of the events in January 2011 would have revealed the facts constituting waiver, described above.

Accordingly, the Court concludes that USAE has not properly asserted the privilege.

### iii.  Conclusion

Because USAE waived the attorney-client privilege as to the Akin Gump Memo by virtue of the disclosures made in January of 2011 and has, in any event, improperly asserted the privilege in this case, the Court concludes that there is no basis on which to disqualify Plaintiffs' counsel for accessing the Memo and relying on it in the Complaints. Accordingly, USAE's motion to disqualify is **DENIED**.

### b.  *Sealing the Record*

Based on the above determination, it is unnecessary to seal the entire record in this case or to seal any portion referencing or quoting from the Memo. Accordingly, the Court **DENIES** USAE's motion to seal the entire record, and **ORDERS** that Defrees Docket No. 56 and CAM Funds Docket No. 67, containing unredacted versions of the Memo and the Terms of Engagement between USAE and Akin Gump, be **UNSEALED**.

### c.  *Dismissal*

The Court similarly rejects USAE's arguments that Plaintiffs' Complaints fail to state a claim because they are the "product[s] of an invasion of the attorney-client privilege," and that the only way to preserve the privilege is to dismiss the Complaints. (Mem. Disqualify at 7.) USAE provides no authority in support of this portion of its motion. In any event, because the Court concludes that the privilege was waived and has not been properly invoked, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

**DENIES** USAE's motions to dismiss.

**B.  LUCE FORWARD'S AND KIRKLAND'S MOTION TO DISMISS**

**1.  LUCE FORWARD'S AND KIRKLAND'S MOTION**

Luce Forward and Kirkland argue that, in the absence of waiver of the attorney-client privilege by USAE, Plaintiffs' action must be dismissed as to them under McDermott, Will & Emery v. Superior Court, 99 Cal. Rptr. 2d 622 (Ct. App. 2000) and its progeny.  In McDermott, shareholders sued their corporation's outside counsel in a derivative action for legal malpractice arising out of advice given in connection with a shareholder vote to effect an affiliation agreement with another corporation.  Id. at 624.  The California Court of Appeal entered judgment on the pleadings in favor of the firm, reasoning that a shareholder derivative action does not waive the privilege; thus, "in the absence of a waiver by the corporate client, the third party attorney is effectively foreclosed from mounting any meaningful defense to the shareholder derivative action."  Id.  Adopting a strict position, the court explained

> We simply cannot conceive how an attorney is to mount a defense in a shareholder derivative action alleging a breach of duty to the corporate client, where, by the very nature of such an action, the attorney is foreclosed, in the absence of any waiver by the corporation, from disclosing the very communications which are alleged to constitute a breach of that duty.

Id. at 626–27.  The court expressly declined to adopt the case-by-case approach followed by some federal courts, which permits an action to proceed on a finding of good cause, including a likelihood that the corporate decision not to waive the privilege would be outside the protections of the business judgment rule.  Id. at 627.  The court explained that "long-standing California case authority has rejected this application of the federal doctrine, noting it contravenes the strict principles set forth in the Evidence Code of California which precludes any judicially-created exceptions to the attorney-client privilege."  Id. (citations omitted); see also Reilly v. Greenwald & Hoffmann, LLP, 127 Cal. Rptr. 3d 317, 327 (Ct. App. 2011) (applying McDermott rule to dismiss shareholder derivative action brought by minority shareholder, alleging that corporation's attorney engaged in negligent and tortious conduct in facilitating majority shareholder's conversion of corporate funds to her own use after shareholders had agreed to dissolve the corporation, because attorney's due process right to present a defense would have been violated given inability to disclose confidential information).  Luce Forward and Kirkland

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

argue that the case against them is the same as <u>McDermott</u> and <u>Reilly</u>, in that, in order to defend the suit, they would be required to disclose legal advice given to USAE in connection with the USAE's acquisition of Antonov USAE and issuance of stock to ADI, and USAE's settlement of the Omnicom litigation.  (Defrees Docket Nos. 42, 54 CAM Funds Docket No. 62 [MTD] at 8.)

## 2. CALIFORNIA OR DELAWARE LAW?

CAM Funds Plaintiffs dispute, in the first instance, that California law, including the <u>McDermott</u> bar, governs the attorney-client privilege in this case.  They argue that, in this diversity action, the Court must look first to California's choice-of-law rules in order to determine which state's substantive law should apply to the action, and that California's choice-of-law rules lead to the application of Delaware law, where USAE is incorporated.  (CAM Funds Docket No. 69 [CAM Funds Opp. MTD] at 16–19; <u>see</u> CAM Funds Compl. ¶ 15.)  However, Plaintiffs overlook the fact that the Engagement Agreement executed between USAE and Luce Forward, providing for the resolution of disputes between the parties, states that it is "made and shall be governed by, and construed and enforced in accordance with, the internal laws of the State of California, without regard to the conflict-of-laws principles thereof."  (Defrees Docket Nos. 42, 55, CAM Funds Docket Nos. 52, 63 [Sage Decl.], Ex. A [Engagement Agreement].)

Still, in opposing the earlier motion to compel arbitration, Plaintiffs raised various challenges to the validity of the Engagement Agreement, which were discussed in the 1/17/12 Order.  In view of these challenges, the Court additionally finds that application of California's choice-of-law rules leads to the conclusion that California's substantive law applies in this action, including its law governing the attorney-client privilege.  California applies a governmental interest test to choice-of-law questions, under which, if a difference of law and true conflict between the interests of the competing jurisdictions exist, the Court must apply the law of the state whose interest would be more significantly impaired if its law were not applied. <u>McCann v. Foster Wheeler LLC</u>, 48 Cal. 4th 68, 82 (2010).  The <u>McDermott</u> bar does not exist under Delaware law, and a shareholder bringing a derivative action is permitted to demonstrate good cause why the privilege should not apply.  <u>See</u> <u>In re Fuqua Indus., Inc.</u>, No. CIV.A. 11974, 2002 WL 991666, at *3 (Del. Ch. May 2, 2002).  However, in this case, California has a greater interest in having its law applied in the action and would suffer greater impairment were its law not applied.  Delaware's only connection to this action is that USAE is incorporated there.  By contrast, USAE is headquartered in California, (<u>see</u> CAM Funds Compl. ¶ 15), and all relevant events, including the formation and conduct of the attorney-client relationship at issue, occurred in this state.  Most importantly, this action centers on conduct of a law firm, Luce Forward, that

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √ <br> CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|--------------------------------------------------|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.; <br> Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

was headquartered in California prior to its merger with McKenna Long and Aldridge, (see Defrees Docket No. 120, CAM Funds Docket No. 138), and of Kirkland, a California-admitted attorney. Nor is the Court persuaded by Plaintiffs' argument that California's "internal affairs doctrine," under which "courts look to a corporation's state of incorporation as the source of substantive law governing claims regarding that corporation's internal affairs," Verisign, Inc. Derivative Litig., 531 F. Supp. 2d 1173, 1214–15 (N.D. Cal. 2007), requires the application of Delaware law to the issues of attorney-client privilege between USAE and its outside counsel. (See CAM Funds Opp. MTD at 17–18.) Verisign itself explains that "[i]nternal corporate affairs involve those matters that are peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders." Verisign, Inc., 531 F. Supp. 2d at 1214. The Court therefore concludes that California's privilege law should apply in this action.

**3. APPLICABILITY OF CALIFORNIA'S ATTORNEY-CLIENT PRIVILEGE**

Applying California privilege law, the Court is persuaded that the action against Luce Forward and Kirkland may proceed. First, at issue in this lawsuit are a significant number of actions taken by Kirkland without consultation with USAE and communications between Kirkland and various third parties, none of which are protected from disclosure by the attorney-client privilege. Broadly, Plaintiffs' Complaints allege that Kirkland worked in concert with various outside parties to defraud and bankrupt USAE. Luce Forward and Kirkland plainly may disclose the actions taken by Kirkland alone, including, for example, his refusal to accept funding from the CAM Funds Plaintiffs conditioned on the unwinding of the issuance of shares to ADI, (see Defrees Compl. ¶¶ 49–51; CAM Funds Compl. ¶ 86), as well as the content of Kirkland's communications with various third parties.

As to the communications underlying this lawsuit between USAE and Kirkland, the Court concludes that Plaintiffs have established the applicability of the crime-fraud exception to the attorney-client privilege. Under California Evidence Code section 956, "[t]here is no privilege under this article if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud." Cal. Evid. Code § 956. Plaintiffs bear the burden of proving that the exception applies. Cal. Evid. Code § 917(a). Invocation of the crime-fraud exception requires the proponent to, first, "make a prima facie showing that the services of the lawyer 'were sought or obtained' to enable or to aid anyone to commit or plan to commit a crime or fraud." BP Alaska Exploration, Inc. v. Superior Court, 245 Cal. Rptr. 682, 696 (Ct. App. 1988) (quoting Cal. Evid. Code § 956). "A prima facie showing of fraud consists of evidence from which reasonable inferences can be drawn to establish the fraud." Cunningham v.

LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

Connecticut Mut. Life Ins., 845 F. Supp. 1403, 1412 (S.D. Cal. 1994) (citing BP Alaska, 245 Cal. Rptr. at 696–97). "Second, the [proponent] must also establish a reasonable relationship between the fraud and the attorney-client communication." Id.

Here, Plaintiffs' Complaints are replete with allegations that Kirkland worked in cahoots with the Director Defendants, who constituted the majority of USAE's Board, to defraud USAE and its shareholders and creditors. First, Arnold and Kirkland are alleged to have misrepresented to Duquette that they had purchased the CAM Funds' debt and coerced USAE into expanding the size of its Board and appointing their affiliates to majority positions. (Defrees Compl. ¶¶ 33–34; CAM Funds Compl. ¶¶ 48–51.) The newly-constituted Board immediately appointed Kirkland and Luce Forward as general outside counsel. (Defrees Compl. ¶ 35 ; CAM Funds Compl. ¶ 54.) In the months that followed, Kirkland is alleged to have advised the Board and worked with the Director Defendants to execute a series of sham transactions, including the valueless acquisition of another company and the settlement of a fraudulent litigation, that transferred control of the company to Kirkland's affiliates and rendered the Company insolvent. (Defrees Compl. ¶¶ 36–48; CAM Funds Compl. ¶¶ 57–78.) The Akin Gump Memo, which describes the investigation into these events and Kirkland's role in them, substantiates the allegations in the operative complaint. (See Akin Gump Memo.) The Court is persuaded that the detailed allegations in the Complaints, which are already supported by evidence in the record, establishes the applicability of the crime-fraud exception in this case. See BP Alaska Exploration, Inc., 245 Cal. Rptr. at 686–87, 701 (crime-fraud exception to privilege established where mining exploration company's communications with counsel were made as part of an investigation into a proposed joint venture with the developer of a new mining process and owner of map of potential mining sites that resulted in an allegedly fraudulent letter being sent to dissuade the developer / map owner from pursuing its claims to participate; mining company misrepresented to the developer / map owner that it had not relied on its confidential information in forming joint exploration venture with third entity); Cunningham, 845 F. Supp. at 1406–08, 1412–15 (crime-fraud exception applicable where insurer had produced evidence showing the claimant and former attorney had made misrepresentations about claimant's health and participation in business ventures). The Ninth Circuit has repeatedly applied the exception in criminal cases involving circumstances resembling those here. See U.S. v. Martin, 278 F.3d 988, 1000–01 (9th Cir. 2002) (criminal defendant hired general counsel for his sham corporation, created to defraud legitimate businesses); U.S. v. A.G.E. Enterprises, Inc., 15 Fed. Appx. 439, 442–43 (9th Cir. 2001) (individual defendant sought attorney's advice in order to execute option agreement that would forestall forfeiture on ranch and thereby perpetrate a fraud on the IRS).

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|----------|-----------------------------------------------|------|----------------|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

Nor is the Court persuaded that it should stay the action against Luce Forward and Kirkland to allow the other claims to proceed, which was the approach adopted by the California Court of Appeal in Favila v. Katten Muchin Rosenman LLP, 115 Cal. Rptr. 3d 274 (Ct. App. 2010). In that case, the executor of the estate of the founder of a closely-held corporation filed suit against the other shareholder for conversion, breach of fiduciary duty, and fraud, and sought to amend the complaint to allege a conspiracy claim against corporate counsel, and also filed a separate shareholder derivative suit against the other shareholder and corporate counsel. The trial court had earlier ruled, in discovery, that the estate had not established the crime-fraud exception. The court, rather than considering whether the trial court had abused its discretion in finding the exception inapplicable, stayed the action against corporate counsel, holding that

> if a demurrer to a derivative complaint against outside counsel would otherwise be overruled but for the McDermott, Will issue and there appears to be a realistic possibility that litigation of the remainder of the action against corporate insiders will result in a waiver of the corporation's privilege or produce additional evidence supporting an exception to that privilege, the trial court should not sustain the demurrer and dismiss the action. Rather, under these circumstances, the appropriate action is for the court to conditionally stay further proceedings against outside counsel, including discovery as to the causes of action against them, and defer consideration of any demurrer or judgment on the pleadings based on counsel's inability to defend because of the lawyer-client privilege.

Favila, 115 Cal. Rptr. 3d at 299–300. As explained supra, based on the allegations made and the evidence produced thus far, the Court is persuaded that the crime-fraud exception to the attorney-client privilege applies. There is thus no reason to stay the claims against Luce Forward and Kirkland in order to permit the further development of evidence or to await a later waiver of the privilege by USAE.

Accordingly, the motions to dismiss filed by Luce Forward and Kirkland are **DENIED**. Additionally, because the Court finds the crime-fraud exception applicable, the Court concludes that good cause does not exist to retain documents under seal that disclose the communications between Luce Forward and USAE. Accordingly, the Court **ORDERS** the following documents **UNSEALED**: Defrees Docket Nos. 54, 55, 111, 112; CAM Funds Docket No. 62, 63, 126, 128.

**LINKS: 34, 39, 42, 52, 54, 67 (11-4272); 45, 48, 52, 62, 65, 68 (11-4574)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272 GAF (SPx) √<br>CV 11-4574 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | DeFrees et al. v. John C. Kirkland, et al.;<br>Camofi Master LDC et al. v. Jerrold Pressman et al. | | |

**IV.**
**CONCLUSION**

Based on the foregoing discussion, the Court **DENIES** USAE's motions to disqualify, seal the record, and dismiss and **DENIES** Luce Forward's and Kirkland's motions to dismiss. The Court **DENIES as moot** the remaining Defendants' motions to stay, except that these Defendants are **ORDERED** to file any Answer or Rule 12 motion **no later than May 2, 2012**. The Court **ORDERS** that the following documents be **UNSEALED**: Defrees Docket Nos. 54, 55, 56, 111, 112; CAM Funds Docket Nos. 62, 63, 67, 126, 128.  Plaintiffs' motions to compel are **DENIED as moot**.

**IT IS SO ORDERED.**