ROBERT A. MEYER (SBN 066847)
rmeyer@loeb.com
SAUL D. BRENNER (SBN 130909)
sbrenner@loeb.com
W. ALLAN EDMISTON (SBN 228246)
aedmiston@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for DEFENDANT
MCKENNA LONG & ALDRIDGE LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID L. DEFREES, SIMON GERSHON, and FREDERICK RICH, in the right of and for the benefit of U.S. Aerospace, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN C. KIRKLANDL; LUCE, FORWARD, HAMILTON & SCRIPPS, LLC; MICHAEL C. CABRAL; JERROLD PRESSMAN; KENNETH J. KOOCK; MICHAEL J. GOLDBERG; JAMES D. HENDERSON; CHARLES S. ARNOLD; TUSA ACQUISITION CORPORATION; AMERICAN DEFENSE INVESTMENTS, LLC; and DOES 1 through 10, <br><br> Defendants, <br><br> and <br><br> U.S. AEROSPACE, INC., <br><br> Nominal Defendant. | Case No.: CV11 04272 GAF (SPx) <br><br> [Related to Case No. CV11-04574 GAF (SPx)] <br><br> Assigned to Hon. Gary A. Feess <br><br> Date: July 30, 2012 <br> Time: 9:30 a.m. <br> Ctrm: 740 <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT MCKENNA LONG & ALDRIDGE LLP TO CERTIFY APPEAL UNDER 28 U.S.C. § 1292(b)** <br><br> Complaint Filed: May 26, 2011 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1

ARGUMENT .............................................................................................. 3

I.     THE ORDER DENYING LUCE FORWARD'S MOTION TO DISMISS INVOLVES A CONTROLLING QUESTION OF LAW, AND AN IMMEDIATE APPEAL IS LIKELY TO MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION. .................. 3

     A.    Certification Is Proper Because The Court's Construction Of California Law Regarding The Crime-Fraud Exception Presents A Pure Question Of Law. ............................................ 3

          1.    The order turns on purely legal questions. ...................... 3

          2.    Factual questions can be reviewed. ................................ 4

          3.    These are exceptional circumstances. .......................... 5

     B.    Certification Will Materially Advance The Ultimate Termination Of The Litigation Even If This Court Orders A Conditional Stay. ........................................................ 6

II.    THERE ARE SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF OPINION AS TO WHETHER THE ATTORNEY-CLIENT PRIVILEGE PREVENTS DISCLOSURE OF COMMUNICATIONS BETWEEN USAE AND LUCE FORWARD SO AS TO REQUIRE DISMISSAL UNDER *MCDERMOTT*. .................................. 8

     A.    Reasonable Jurists Could Conclude That The Crime-Fraud Exception Is Inapplicable Because There Is No Evidence That USAE—The Client—Intended To Commit Or Aid A Crime Or Fraud. ............................................................ 9

          1.    The Director Defendants' intent cannot be imputed to USAE for purposes of the crime-fraud exception. ............. 9

          2.    There is no other basis for applying the crime-fraud exception. .................................................. 13

     B.    USAE Has Not Waived the Attorney-Client Privilege As To Its Communications With Luce Forward. ........................ 15

          1.    There has been no waiver. ...................................... 16

          2.    Any waiver is limited to documents already disclosed. ........ 17

III.   THE MOTION IS TIMELY, AND LUCE FORWARD HAS NOT WAIVED ANY ARGUMENT ON THE CRIME-FRAUD EXCEPTION. ........................................................................ 19

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

i

REPLY IN SUPPORRT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

**TABLE OF CONTENTS (continued)**

Page

A.    Luce Forward's Motion Is Timely.                                    19

B.    Luce Forward Has Not Waived Any Argument On The Crime-
      Fraud Exception.                                                    20

CONCLUSION                                                               22

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

ii

REPLY IN SUPPORRT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                   **Page**

*In re A.H. Robins Co.*
  107 F.R.D. 2 (D. Kan. 1985)                                                               11

*Abarca v. Merck & Co.*
  2012 WL 137749 (C.D. Cal. Jan. 17, 2012)                                             4

*Abbey v. United States*
  89 Fed. Cl. 425 (2009)                                                                19

*Ahrenholz v. Board of Trustees of University of Illinois*
  219 F.3d 674 (7th Cir. 2000)                                                          19

*American Management Systems, Inc. v. United States*
  57 Fed. Cl. 275 (2003)                                                                19

*Askanase v. Fatjo*
  828 F. Supp. 465 (S.D. Tex. 1993)                                                     13

*In re Cement Antitrust Litigation*
  673 F.2d 1020 (9th Cir. 198)                                                     5, 7, 8

*In re Cinematronics, Inc.*
  916 F.2d 1444 (9th Cir. 1990)                                                         4

*Crossland Federal Savings Bank v. Tulip Realty Associates*
  1995 WL 87358 (E.D.N.Y. Feb. 16, 1995)                                                19

*FDIC v. O'Melveny & Myers*
  969 F.2d 744 (9th Cir. 1992)                                                          13

*Giddes v. Claims Falls Insurance Co.*
  2003 WL 23486911 (M.D. Fla. Aug. 5, 2003)                                             19

*Handgards, Inc. v. Johnson & Johnson*
  413 F. Supp. 926 (N.D. Cal. 1976)                                                     18

*Kempe v. Monitor Intermediaries, Inc.*
  785 F.2d 1443 (9th Cir. 1986)                                                         13

*Kuehner v. Dickinson & Co.*
  84 F.3d 316 (9th Cir. 1996)                                                            7

*Laser Industries, Ltd. v. Reliant Technologies, Inc.*
  167 F.R.D. 417 (N.D. Cal. 1996)                                                        5

*Marriott International Resorts, LP v. United States*
  63 Fed. Cl. 144 (2004)                                                                19

*McFarlin v. Conseco Services, LLC*
  381 F.3d 1251 (11th Cir. 2004)                                                         5

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

iii

REPLY IN SUPPORRT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

# TABLE OF AUTHORITIES

**Federal Cases**                      **Page**

*In re Mercury Interactive Corp. Securities Litigation*
618 F.3d 988 (9th Cir. 2010) — 21

*Mohawk Industries, Inc. v. Carpenter*
130 S. Ct. 599 (2009) — 6

*Reese v. BP Exploration (Alaska) Inc.*
643 F.3d 681 (9th Cir. 2011) — 7, 8

*Richelson v. Yost*
738 F. Supp. 2d 589 (E.D. Pa. 2010) — 14

*Rivera v. NIBCO, Inc.*
364 F.3d 1057 (9th Cir. 2004) — 4

*Schacht v. Brown*
711 F.2d 1343 (7th Cir. 1983) — 13

*In re Sealed Case*
754 F.2d 395 (D.C. Cir. 1985) — 11

*Steering Committee v. United States*
6 F.3d 572 (9th Cir. 1993) — 4, 5

*United States v. Woodbury*
263 F.2d 784 (9th Cir. 1959) — 6

*Vereda, Ltda. v. United States*
46 Fed. Cl. 12 (1999) — 19

*Vereda, Ltda. v. United States*
46 Fed. Cl. 569 (2000) — 19

*Weisman v. Darneille*
78 F.R.D. 671 (S.D.N.Y. 1978) — 5

*Yamaha Motor Corp. v. Calhoun*
516 U.S. 199 (1996) — 4

**State Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*
7 Cal.4th 503 (1994) — 13, 18

*BP Alaska Exploration, Inc. v. Superior Court*
199 Cal. App. 3d 1240 (1988) — 10, 11

*Favila v. Katten Muchin Rosenman LLP*
188 Cal. App. 4th 189 (2010) — 14, 15

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

iv

REPLY IN SUPPORRT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

# TABLE OF AUTHORITIES

**State Cases** **Page**

*Geilim v. Superior Court*
234 Cal. App. 3d 166 (1991) — 9

*Glade v. Superior Court*
76 Cal. App. 3d 738 (1978) — 9

*Meyer v. Glenmoor Homes, Inc.*
246 Cal. App. 2d 242 — 12

*McDermott, Will & Emery v. Superior Court*
83 Cal. App. 4th 378 (2000) — passim

*Owens v. Palos Verdes Monaco*
142 Cal. App. 3d 855 (1983) — 18

*People v. Aguilar*
218 Cal. App. 3d 1556 (1990) — 17

*People v. Clark*
50 Cal. 3d 583 (1990) — 9

*People v. Ervin*
22 Cal.4th 48 (2000) — 17

*People v. Superior Court (Bauman & Rose)*
37 Cal. App. 4th 1757 (1995) — 13

*Saks v. Charity Mission Baptist Church*
90 Cal. App. 4th 1116 (2001) — 12

*Sammis v. Stafford*
48 Cal. App. 4th 1935 (1996) — 12

*Shapoff v. Scull*
222 Cal. App. 3d 1457 (1990) — 12

*State Farm Fire & Casualty Co. v. Superior Court*
54 Cal. App. 4th 625 (1997) — 9, 11, 21

*Wells Fargo Bank v. Superior Court*
22 Cal.4th 201 (2000) — 17

**Federal Statutes**

28 U.S.C. § 1292(b) — 3, 4, 6, 8. 19

**State Statutes**

California Corporations Code section 204(a)(10) — 12

California Corporations Code section 208(a) — 11

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

# TABLE OF AUTHORITIES

**State Statutes**                                                                                              **Page**

California Evidence Code section 912(a)                                                              18

California Evidence Code section 919(b)                                                              17

California Evidence Code section 956                                                                  16

**Treatises**

William E. Wegner et al., Cal. Practice Guide:
    Civil Trials & Evidence ¶ 8:1907 (The Rutter Group 2011)                   18

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

vi

REPLY IN SUPPORRT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

## INTRODUCTION

Luce Forward's motion demonstrated that reasonable jurists could reject application of the crime-fraud exception to USAE's confidential communications with Luce Forward attorneys because the exception applies only if the *client—i.e.*, USAE—intended to commit a crime or fraud, and there is no allegation, much less evidence, that this happened.  Plaintiffs' volley of baseless arguments, resting on inapposite authority, utterly fails to refute this basic point.

Most notably, plaintiffs still have not identified any law or evidence suggesting that the client's intent is not controlling or that USAE intended to defraud anyone.  Plaintiffs do not dispute Luce Forward's point that the complaints' allegations do not constitute evidence, and they ignore that both the complaints and the Akin Gump Memo, as well as the other purported evidence they identify as "substantiating" the complaints, portrays USAE as a victim, not a perpetrator, of fraud.  Plaintiffs also argue that the Director Defendants' intent to defraud should be imputed to USAE, but again they ignore that the intended victim of the purported fraud was USAE—and USAE cannot defraud itself.  Moreover, California law makes it clear that the Director Defendants' alleged fraudulent intent is not attributable to USAE for purposes of the crime-fraud exception because, according to plaintiffs' own theory and this Court's prior findings, the Director Defendants were acting adversely to USAE and hence not on behalf of USAE in connection with the allegedly fraudulent transactions.

Plaintiffs also argue that USAE has recently waived the attorney-client privilege as to its communications with Luce Forward attorneys by relying on certain privileged communications in connection with its motion for a bond.  But given that this Court has already determined that the crime-fraud exception negates any such privilege, USAE's reliance on the documents cannot constitute a waiver.  In any case, even if USAE could be deemed to have waived the privilege, the waiver would not extend beyond the particular documents disclosed.  Since there has been

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

1

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1  no wholesale waiver of the privilege as to USAE's communications with Luce

2  Forward, Luce Forward is still foreclosed from defending itself effectively in the

3  lawsuit, and *McDermott, Will & Emery v. Superior Court*, 83 Cal.App.4th 378

4  (2000) requires dismissal.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

2

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

# ARGUMENT

I.  **THE ORDER DENYING LUCE FORWARD'S MOTION TO DISMISS INVOLVES A CONTROLLING QUESTION OF LAW, AND AN IMMEDIATE APPEAL IS LIKELY TO MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION.**

    A.  **Certification Is Proper Because The Court's Construction Of California Law Regarding The Crime-Fraud Exception Presents A Pure Question Of Law.**

Luce Forward's motion showed that this Court's order involves a "controlling question of law"—whether the attorney-client privilege prevents disclosure of communications between USAE and Luce Forward—and an immediate appeal may "materially advance the ultimate termination of the litigation," because if the Ninth Circuit reverses this Court's determination that such communications may be disclosed, *McDermott* requires dismissal of the action against Luce Forward.  28 U.S.C. § 1292(b).  (Luce Forward's Motion to Certify Appeal 5-19 [CAM Funds Docket #175; Defrees Docket #165] [hereinafter "LF Mot. To Certify"].)

Plaintiffs contend that certification is improper because the Court's order will require the Ninth Circuit to review factual matters.  (CAM Funds' Opp'n to LF Mot. to Certify 6-8 [CAM Funds Docket #186] [hereinafter "CAM Funds Opp."]; Defrees' Opp'n to LF Mot. to Certify 13-15 [Defrees Docket #180] [hereinafter "Defrees Opp."].)  Not so.

        **1.  The order turns on purely legal questions.**

This Court's interpretation of California law regarding the crime-fraud exception presents a pure question of law.  At the very least, whether the crime-fraud exception applies where there is no evidence that the corporate client intended fraud—as well as whether corporate directors' intent can be imputed to the corporation for purposes of the crime-fraud exception if they are acting adversely to

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

3

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1  it—are pure questions of law that permit the Ninth Circuit to resolve all questions

2  material to the order. *Steering Committee v. United States*, 6 F.3d 572, 575-76 (9th

3  Cir. 1993).

### 2.  Factual questions can be reviewed.

5      As noted in Luce Forward's motion, the Ninth Circuit has held that

6  certification is proper even if the issue to be reviewed involves factual as well as

7  legal determinations. *See Steering Committee*, 6 F.3d at 575-76.  In *Steering*

8  *Committee*, the district court certified for interlocutory review "all liability issues" in

9  the liability phase of a bifurcated trial. *Id.* at 575.  Even though those issues

10  involved both pure questions of law and mixed questions of law and fact, the Ninth

11  Circuit held that determination of the liability issue itself constituted a controlling

12  question of law. *Id.*  The court reasoned that certification of the liability issue—

13  unlike certification of "'numerous and sundry pretrial motions'"—would not violate

14  the "'expressed federal disfavor towards premature piecemeal appeals,'" and might

15  "avoid the delay and expense" of taking evidence on damages, which would be

16  unnecessary if the liability determination were reversed. *Id.* at 575 & n.1.

17      The court further noted that the liability issue involved a pure legal question,

18  which "permit[ted] the court to resolve all questions material to the order." *Id.* at

19  575-76.  The court explained that "although section 1292(b) requires certification

20  . . . of 'controlling' questions of law, the appeals it authorizes are from orders not

21  questions." *Id.* at 576.  The Ninth Circuit and the Supreme Court have repeatedly

22  reaffirmed this point. *E.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.

23  2004); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 204-05 (1996); *In re*

24  *Cinematronics, Inc.*, 916 F.2d 1444, 1448-49 (9th Cir. 1990); *see also Abarca v.*

25  *Merck & Co.*, 2012 WL 137749, at*4-*5 (C.D. Cal. Jan. 17, 2012) (explaining that a

26  pure legal question allows the Ninth Circuit to consider other material mixed

27  questions of law and fact).

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

4

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1    Contrary to plaintiffs' assertion, *Steering Committee* is on point.  Here, the

2    Court's ruling that the attorney-client privilege does not prevent disclosure of

3    communications between USAE and Luce Forward is not just another pretrial

4    ruling, but a key ruling that precludes the otherwise required dismissal of the case

5    against Luce Forward.  Thus, certification will not encourage piecemeal appeals on

6    collateral issues, and it will likely avoid wasting significant resources on the trial of

7    unnecessary issues.

8    Plaintiffs' numerous apparently contrary authorities (CAM Funds Opp. 6-8;

9    Defrees Opp. 13-15) are all from other circuits or district courts—the latter mostly

10   unpublished—and are not binding on this court.  Indeed, *Weisman v. Darneille*, 78

11   F.R.D. 671, 674 (S.D.N.Y. 1978), cited by the Defrees plaintiffs (Defrees Opp. 14

12   n.9), was expressly repudiated in *Steering Committee*, 6 F.3d at 575.  Moreover,

13   *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004),

14   confirmed that interlocutory review is proper where "there is substantial dispute

15   about the correctness of any of the pure law premises the district court actually

16   applied in its reasoning leading to the order sought to be appealed," and resolution

17   of the legal question will "substantially reduce the amount of litigation left in the

18   case"— exactly the situation here.  And *Laser Industries, Ltd. v. Reliant*

19   *Technologies, Inc.*, 167 F.R.D. 417, 439 n.36 (N.D. Cal. 1996), noted that appellate

20   courts, including the Ninth Circuit, are likely to intervene on an interlocutory basis

21   to correct erroneous privilege rulings if the district judge "has made an error of law

22   that is both clear and important"—again, the situation here.

23   ### 3.    These are exceptional circumstances.

24   Plaintiffs further contend that certification is improper absent "exceptional

25   circumstances." (Defrees Opp. 7, 23; CAM Funds Opp. 3-4.)  Even if plaintiffs are

26   correct, such circumstances exist here because an interlocutory appeal "would avoid

27   protracted and expensive litigation" by eliminating Luce Forward from the lawsuit

28   without a trial.  *See In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

5

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1   1982), *aff'd*, 459 U.S. 1190 (1983).  Moreover, the Supreme Court has noted that

2   certification is particularly appropriate "when a privilege ruling involves a new legal

3   question or is of special consequence." *Mohawk Industries, Inc. v. Carpenter*, 130

4   S. Ct. 599, 607 (2009).  Contrary to plaintiffs' assertion, *Mohawk* is directly on

5   point.  This Court's ruling that the crime-fraud exception negates the attorney-client

6   privilege is critical because it directly determines whether the case can proceed as to

7   Luce Forward.  Moreover, whether the crime-fraud exception applies in a derivative

8   suit where there is no evidence that the corporate client intended to defraud anyone

9   presents a new legal question that no California case has directly addressed.

10       *United States v. Woodbury*, 263 F.2d 784 (9th Cir. 1959), cited by the Defrees

11   plaintiffs, actually confirms the appropriateness of certification.  (Defrees Opp. 10-

12   11.)  *Woodbury* noted that certification is an appropriate means to expedite litigation

13   "by permitting appellate consideration during the early stages of litigation of legal

14   questions which, if decided in favor of the appellant, would end the lawsuit."  263

15   F.2d at 787.  The court further noted that an issue may be "controlling" even if it

16   does not dispose of the entire lawsuit.  *Id.*  However, the court refused to certify a

17   discovery order requiring production of arguably privileged documents, because the

18   privilege issue did not affect the main issues in the lawsuit.  *Id.* at 787-88.  The order

19   here does not involve a collateral discovery matter—it goes to the heart of the case

20   against Luce Forward.

21       **B.**    **Certification Will Materially Advance The Ultimate Termination**

22           **Of The Litigation Even If This Court Orders A Conditional Stay.**

23       Plaintiffs contend that an immediate appeal will not "materially advance the

24   ultimate termination of the litigation" under 28 U.S.C. § 1292(b) because at most,

25   application of the *McDermott* rule would result in a conditional stay rather than

26   dismissal.  (CAM Funds Opp. 15-16; Defrees Opp. 12-13.)  But as Luce Forward

27   explained (LF Mot. to Certify 5-6), the Ninth Circuit has repeatedly noted that

28   certification is proper even if resolution of an issue does not terminate the action—

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

6

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1  rather, it is sufficient if "resolution of the issue on appeal could materially affect the

2  outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673

3  F.2d at 1026; *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir.

4  2011) (appeal would materially advance litigation, where reversal of rulings

5  partially denying motion to dismiss might remove a defendant and plaintiff's control

6  claims against the remaining defendants); *see Kuehner v. Dickinson & Co.*, 84 F.3d

7  316, 319 (9th Cir. 1996) (certifying order staying proceedings pending arbitration,

8  because the order "could cause the needless expense and delay of litigating an entire

9  case in a forum that has no power to decide the matter").

10      If the Ninth Circuit reverses this Court's determination that USAE's

11  confidential communications with Luce Forward must be disclosed, *McDermott*

12  ultimately requires dismissal of the action against Luce Forward absent a waiver of

13  the privilege or evidence to support the crime-fraud exception.  (LF Mot. to Certify

14  7-8.)  Thus, an interlocutory appeal will prevent unnecessary disclosure of

15  privileged information—a disclosure that, for all practical purposes, can never be

16  remedied—and will save the parties and this Court the needless expense of a full

17  trial on the merits, including years of litigation, potentially followed by a lengthy

18  and unnecessary appeal.

19      Even if this Court merely stayed the action against Luce Forward while the

20  litigation continued against the other parties, the interlocutory appeal could still

21  "materially affect the outcome" of the litigation:  Unless USAE eventually elected to

22  waive the privilege during the course of the litigation or subsequent evidence arose

23  establishing the crime-fraud exception, the case against Luce Forward would

24  eventually be dismissed or disposed of by summary judgment under *McDermott*,

25  again saving the delay and expense of litigating and appealing unnecessary issues.

26  Moreover, even a conditional stay would ensure that privileged communications

27  were not erroneously disclosed based on a premature conclusion that the crime-

28  fraud exception applies. Although plaintiffs assert that USAE has already waived

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

7

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1   the attorney-client privilege as to certain communications with Kirkland, there is no

2   indication that USAE has waived the privilege as to most or all of its relevant

3   communications with Luce Forward. (*See* §II.B, *infra*.)

4       Plaintiffs further argue that even if plaintiffs' claims against Luce Forward

5   were dismissed, their claims against the other defendants would remain. (Defrees

6   Opp. 12.)  Again, certification is proper even if it does not dispose of the entire

7   litigation as to all parties, as long as it "materially affect[s] the outcome." *Reese*,

8   643 F.3d at 688; *In re Cement Antitrust Litigation*, 673 F.2d at 1026.

9       The Defrees plaintiffs further argue that an interlocutory appeal would create

10  a conflict between the claims against Luce Forward and Kirkland, because Luce

11  Forward could raise issues on appeal that plaintiffs and Kirkland would have to

12  accept as already decided in this Court.  (Defrees Opp. 22-23.)  But if certification is

13  granted, this Court could stay the proceedings against Kirkland pending disposition

14  of the appeal.  If the Ninth Circuit reverses this Court's order applying the crime-

15  fraud exception, that holding may require dismissal of the action as to Kirkland, thus

16  avoiding the expense of an unnecessary trial as to him as well and ensuring that

17  privileged communications are not disclosed inappropriately.

18  **II.   THERE ARE SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF**

19  **OPINION AS TO WHETHER THE ATTORNEY-CLIENT**

20  **PRIVILEGE PREVENTS DISCLOSURE OF COMMUNICATIONS**

21  **BETWEEN USAE AND LUCE FORWARD SO AS TO REQUIRE**

22  **DISMISSAL UNDER *MCDERMOTT*.**

23      Luce Forward demonstrated in its motion (LF Mot. to Certify 9-19) that

24  certification is proper because there is a "substantial ground for difference of

25  opinion" regarding this Court's conclusion that the attorney-client privilege does not

26  protect USAE's communications with Kirkland or other Luce Forward attorneys.

27  28 U.S.C. §1292(b).  Specifically, reasonable judges could conclude that the crime-

28  fraud exception to the attorney-client privilege is inapplicable because the exception

applies only if the *client* intended to commit a crime or fraud, and there is no evidence that USAE, the client here, had such an intent.  (LF Mot. to Certify 13-19.) Contrary to plaintiffs' assertion, Luce Forward does not merely disagree with the Court's ruling or its application of settled law to the facts.  (*See* CAM Funds Opp. 9; Defrees Opp. 15-16.)  Rather, Luce Forward has explained that reasonable jurists could disagree with this Court's construction of California law regarding the crime-fraud exception, and on that basis disagree with the Court's determination that *McDermott* does not require dismissal.

Plaintiffs attempt to obscure this point by arguing that (1) the Director Defendants' fraudulent intent should be imputed to USAE for purposes of the crime-fraud exception, and (2) USAE has recently waived the attorney-client privilege, making the *McDermott* rule inapplicable.  Neither argument withstands scrutiny.

A.    **Reasonable Jurists Could Conclude That The Crime-Fraud Exception Is Inapplicable Because There Is No Evidence That USAE—The Client—Intended To Commit Or Aid A Crime Or Fraud.**

1.    **The Director Defendants' intent cannot be imputed to USAE for purposes of the crime-fraud exception.**

California courts have consistently held that the crime-fraud exception applies only if the *client*—as opposed to the attorney or other persons—intended to use the attorney-client relationship to commit, or to enable or aid someone to commit, a crime or fraud.  *Glade v. Superior Court*, 76 Cal.App.3d 738, 746 (1978) (crime-fraud exception "requires an intention on the part of the *client* to abuse the attorney-client relationship") (emphasis added); *People v. Clark*, 50 Cal.3d 583, 622-23 (1990); *State Farm Fire & Casualty Co. v. Superior Court*, 54 Cal.App.4th 625, 645 (1997); *Geilim v. Superior Court*, 234 Cal.App.3d 166, 174 (1991).  (LF Mot. to Certify 13-14.)  Here, USAE undisputedly is the client, and there is no evidence that

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

9

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1  USAE *itself*—as opposed to Kirkland, Arnold, or the Director Defendants—

2  intended any wrongdoing. (LF Mot. to Certify 15-19.)

3      Plaintiffs contend that the Director Defendants' intent to defraud should be

4  imputed to USAE because a corporation can act only through its directors, officers,

5  and employees or other agents. (CAM Funds Opp. 11; Defrees Opp. 19-20.) The

6  CAM plaintiffs further contend that Kirkland's and Arnold's fraudulent intent

7  should be attributed to USAE for the same reason. (CAM Funds Opp. 11.)

8  Plaintiffs are wrong.

9      *First*, plaintiffs' argument is untenable because—according to their own

10  theory as alleged in the complaint—the victim of the alleged fraud was *USAE itself*.

11  It makes no sense to say that USAE defrauded itself. The elements of fraud confirm

12  this point: To make a prima facie showing of fraud for purposes of the crime-fraud

13  exception, plaintiffs must prove "a false representation of a material fact, knowledge

14  of its falsity, intent to deceive and the right to rely." *BP Alaska Exploration, Inc. v.*

15  *Superior Court*, 199 Cal.App.3d 1240, 1263 (1988). A person or entity cannot

16  knowingly make a false representation to itself, nor intend to deceive itself.

17      *Second*, the Director Defendants' intent to defraud cannot be attributed to

18  USAE because this Court has found that the Director Defendants were acting

19  adversely to USAE in connection with the allegedly fraudulent transactions.

20  (4/11/12 Order 14-15 [CAM Funds Docket #139; Defrees Docket #122]; *see id.* at

21  24.) Both with respect to application of the crime-fraud exception, and under general

22  principles of corporate and director liability, agents cannot simultaneously have the

23  intention to act *both* in the interest of *and* adversely to their principal.

24      Not surprisingly, research has not disclosed—and plaintiffs conspicuously do

25  not cite—even a single decision applying the crime-fraud exception on the basis of

26  imputation of the fraudulent intentions of corporate agents or employees, other than

27  where those representations might benefit the corporation—precisely the opposite of

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

10

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1  what plaintiffs claim here, where USAE is the victim, not the beneficiary, of any

2  alleged fraud.

3       In contrast, courts impute the fraudulent intention of agents and employees to

4  the corporation when their interests were *aligned with*—or at least certainly not

5  adverse to—those of the corporation, and the attempted fraud conferred some

6  benefit *on the corporation*.  For example, in *State Farm Fire & Casualty Company*

7  *v. Superior Court*, 54 Cal.App.4th 625, 647-49 (1997), the court applied the crime-

8  fraud exception where the client, an insurance company, had a policy of destroying

9  potentially relevant documents to avoid producing them in bad-faith lawsuits, and

10  company supervisors instructed employees to withhold relevant information in

11  discovery, in order to give the company an unfair advantage in litigation.  Similarly,

12  in *BP Alaska Exploration, Inc. v. Superior Court*, 199 Cal.App.3d 1240, 1263-64

13  (1988), the court applied the crime-fraud exception where a corporation employed

14  its attorney to make misrepresentations to a third party, in order to dissuade it from

15  pursuing legitimate claims against the corporation.  In *In re A.H. Robins Co.*, 107

16  F.R.D. 2, 14-15 (D. Kan. 1985), the court invoked the crime-fraud exception where

17  the corporate client had engaged in a scheme to conceal problems associated with its

18  Dalkon Shield contraceptive device in order to safeguard the company's sales.  In *In*

19  *re Sealed Case*, 754 F.2d 395, 400-01 (D.C. Cir. 1985), the court applied the crime-

20  fraud exception where a nonprofit organization employed a systematic scheme to

21  destroy or alter evidence so as to conceal the organization's wrongdoing in the

22  courts.

23       Abundant law concerning corporate liability underscores the principle that

24  fraudulent conduct adverse to the interests of the corporation cannot be attributed to

25  the entity itself.  Indeed, that is the very basis of this suit—a derivative suit asserting

26  *USAE's* claims against the Director Defendants for their fraud *against* USAE.

27  California law provides that any fraud by the Director Defendants against USAE

28  would be ultra vires, subjecting them to potential liability to USAE for violation of

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

11

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

their authority.  *See* Cal. Corp. Code § 208(a); *Sammis v. Stafford*, 48 Cal.App.4th

1935, 1942 (1996) (corporation may recover damages when a director engages in

ultra vires acts); *see also* Cal. Corp. Code § 204(a)(10) (articles of incorporation

may not limit director's personal liability to corporation for intentional misconduct,

intentional violation of law, acts the director believes to be contrary to the

corporation's interests, or transactions from which director derived an improper

personal benefit).

In the context of third-party claims of fraud against corporations, California

courts have recognized that the acts of officers acting adversely to the corporation

and beyond their authority are not chargeable to the corporation, observing that "a

corporation is not chargeable with the knowledge of an officer who collaborates

with an outsider to defraud it."  *Saks v. Charity Mission Baptist Church*, 90

Cal.App.4th 1116, 1138 (2001); *see also Meyer v. Glenmoor Homes, Inc.*, 246

Cal.App.2d 242, 264 (1966) (same quote; corporation was not estopped to deny

contract made by its officer; "an officer's knowledge is not imputed to the

corporation when he has no authority to bind the corporation relative to the fact or

matter within his knowledge").

Similarly, under the doctrine of respondeat superior, a corporation's liability

for its employee's torts depends in part on whether the employee or agent's motive

was "to benefit himself personally rather than the corporation," and on whether the

tort foreseeably arose from the employee's duties.  *Saks*, 90 Cal.App.4th at 1139.  If

the employee was obviously acting for his own benefit or the benefit of others,

rather than for the corporation, his actions did not arise from his or her normal duties

on behalf of the corporation.  *Id.*; *see also Shapoff v. Scull*, 222 Cal.App.3d 1457,

1466 (1990) (liability of a corporation's director or manager for tortiously

interfering with corporation's contracts "depends upon whether he was acting to

protect the interests of the entity"; director or manager can be deemed to be acting

on behalf of the corporation only if he or she "was acting to protect the entity's

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

12

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1  interest"), *overruled on other grounds by Applied Equipment Corp. v. Litton Saudi*

2  *Arabia, Ltd.*, 7 Cal.4th 503, 521 n.10 (1994).

3       Finally, where a corporation sues its attorney or other fiduciary for failing to

4  prevent the corporation's officers from committing fraud, and the defendant

5  contends that the officers' wrongdoing estops the corporation from bringing the suit,

6  the Ninth Circuit has held under California law that the officers' knowledge cannot

7  be attributed to the corporation if the officers "were acting adversely to [it] and not

8  on its behalf"—in other words, if "the insiders, rather than the corporation,

9  benefit[ted] from the wrongdoing." *FDIC v. O'Melveny & Myers*, 969 F.2d 744,

10  750 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994), *on remand*, 61

11  F.3d 17, 19 (9th Cir. 1995) (adopting reasoning from original opinion).[1]

12       In short, the allegedly fraudulent intent of the Director Defendants—and,

13  *a fortiori*, of Kirkland and Arnold, who were not directors, officers or employees of

14  USAE—cannot be imputed to USAE for purposes of the crime-fraud exception.

### 2.       There is no other basis for applying the crime-fraud exception.

17       Plaintiffs argue that the crime-fraud exception may apply where the client

18  joins in a crime or fraud initiated by the attorney. (CAM Funds Opp. 10-11; Defrees

19  Opp. 19.)  True, but irrelevant: The alleged wrongs were committed not *by* USAE,

20  but against it.  It cannot have "joined" a crime or fraud of which it was the victim.

21  *People v. Superior Court (Bauman & Rose)*, 37 Cal.App.4th 1757, 1768 n.4 (1995),

22  cited by plaintiffs, is not to the contrary:  The cited language addresses the situation

23  where, even though the attorney initiates the wrongful conduct, "the relationship is

---

25       [1] Numerous federal courts, applying both state and federal law, have held
26  similarly.  *E.g.*, *Schacht v. Brown*, 711 F.2d 1343, 1347-48 (7th Cir. 1983)
   (wrongdoing of insurer's directors and officers did not estop insurer's liquidators
27  from suing insurer's accountants, where directors essentially committed fraud
   against insurer); *Kempe v. Monitor Intermediaries, Inc.*, 785 F.2d 1443, 1444 (9th
28  Cir. 1986) (following *Schacht*); *Askanase v. Fatjo*, 828 F.Supp. 465, 470-71 (S.D.
   Tex. 1993) (collecting cases).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

13

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1    perpetuated by criminal activity and the client takes an active part in it"

2    —impossible where, as here, the client is the victim.

3        Plaintiffs further argue that under Luce Forward's theory, the crime-fraud

4    exception could never apply in the derivative context, and assert that *Favila v.*

5    *Katten Muchin Rosenman LLP*, 188 Cal.App.4th 189 (2010), establishes that the

6    crime-fraud exception can apply in a derivative action so as to preclude application

7    of *McDermott*.  (CAM Funds Opp. 12-13; Defrees Opp. 22.)  But Luce Forward has

8    not contended that the crime-fraud exception can *never* apply in the derivative

9    context.  Rather, Luce Forward submits that under the governing law the crime-

10    fraud exception cannot apply where there are no allegations, let alone evidence, that

11    the *corporation itself* attempted to defraud third parties.  *Cf. Richelson v. Yost*, 738

12    F.Supp.2d 589, 592-94 (E.D. Pa. 2010) (derivative action alleging that directors and

13    officers breached fiduciary duties by engaging corporation in scheme to offer illegal

14    kickbacks to medical providers to increase prescription drug sales, resulting in

15    litigation against corporation for fraud).  (LF Mot. to Certify 18.)

16        Moreover, *Favila* does not help plaintiffs because the court there did not hold

17    that the crime-fraud exception applied, but merely that the issue remained open on

18    remand.  In *Favila*, the estate of the founder of a closely-held corporation filed an

19    individual action against the corporation's other shareholder and a third party for

20    conversion, breach of fiduciary duty and fraud.  188 Cal.App.4th at 197.  The estate

21    also filed a derivative action against the shareholder, the corporation's attorneys,

22    and the third party for professional negligence, breach of fiduciary duty and related

23    claims.  *Id.* at 198.  The trial court held in the individual action that the estate had

24    not established the crime-fraud exception, and reaffirmed that ruling in the

25    derivative action.  *Id.* at 220.  The court sustained the attorneys' demurrer to the

26    derivative action on the grounds that the estate lacked standing and that in any case,

27    *McDermott* required dismissal.  *Id.* at 205.  The appellate court reversed, holding

28    that the estate had standing, and remanded to allow the trial court to determine

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

14

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1   whether the crime-fraud exception applied so as to preclude application of

2   *McDermott.* *Id.* at 220-21.  The appellate court noted that because the individual

3   action had continued while the derivative action was on appeal, the trial court should

4   now be able to determine whether the estate had submitted any additional evidence

5   to establish the crime-fraud exception (or whether the privilege had been waived).

6   *Id.* at 221-22.

7        In short, *Favila* did not actually *apply* the crime-fraud exception; it simply

8   remanded the issue to the trial court for determination.  The court never reached the

9   issue of whether any individual's fraudulent intent was attributable to the

10   corporation.  Moreover, the court assumed that evidence presented in the individual

11   action—not the derivative action—would determine whether the crime-fraud

12   exception applied.  Thus, *Favila* does not help plaintiffs establish the crime-fraud

13   exception here, where the case is essentially in the pleading stage and there are no

14   allegations, let alone evidence, that USAE intended to defraud third parties.

15        Finally, plaintiffs argue that new evidence submitted in connection with the

16   bond motions filed by the Director Defendants and USAE, as well as the Akin

17   Gump Memo, supports the complaints' factual allegations.  (CAM Funds Opp. 12

18   n.8; Defrees Opp. 17.)  But none of this purported evidence establishes the crime-

19   fraud exception, because at most, it suggests fraud perpetrated *against* USAE by

20   Arnold, Kirkland, and the Director Defendants—not *by* USAE, the client.

21   **B.**    **USAE Has Not Waived the Attorney-Client Privilege As To Its**

22          **Communications With Luce Forward.**

23        Plaintiffs argue that even if the crime-fraud exception is inapplicable,

24   *McDermott* does not require dismissal because USAE has waived the attorney-client

25   privilege as to its communications with Kirkland and Luce Forward.  Specifically,

26   plaintiffs argue that the Director and Independent Contractor Defendants' motion for

27   a bond included declarations and exhibits containing privileged communications

28   between Kirkland and USAE, and USAE relied on those materials to support its

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

15

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1  own motion for bond.  (CAM Funds Opp. 13-14; Defrees Opp. 21-22.)   In

2  particular, The Defrees plaintiffs point to a conflict waiver letter from Kirkland and

3  Luce Forward to USAE (Defrees Opp. 21); the CAM plaintiffs identify several

4  additional documents such as e-mails between Kirkland and persons associated with

5  USAE (CAM Funds Opp. 14 [citing, e.g., Declaration of John Kirkland in Support

6  of Defendants' Motion for a Bond (CAM Funds Docket #162, at ECF pages 9,

7  22)]).  Plaintiffs contend that by relying on these documents, USAE has waived the

8  privilege as to all of its confidential communications with Luce Forward.  Plaintiffs

9  are wrong.

10          **1.       There has been no waiver.**

11          USAE has not waived any privilege as to these documents because the Court

12  had previously determined that the documents were not privileged.  This Court held

13  in its April 11, 2012 order that the crime-fraud exception negated the attorney-client

14  privilege as to USAE's communications with Kirkland (and presumably other Luce

15  Forward attorneys).  (4/11/12 Order 23-25.)  The order also placed into the open

16  record all previously sealed documents disclosing communications between Luce

17  Forward and USAE, including an otherwise privileged engagement agreement

18  between Luce Forward and USAE that had previously been produced only in

19  redacted form.  (4/11/12 Order 25 [citing Defrees Docket #54-55, 111-12; CAM

20  Funds Docket #62-63, 126, 128].)  The Director and Independent Contractor

21  Defendants filed their motion for bond on May 7, 2012 (*see* CAM Funds Docket

22  #158; Defrees Docket #144), and USAE filed its motion on June 14, 2012 (*see*

23  CAM Funds Docket #176; Defrees Docket #167).  Thus, USAE had to operate

24  under the assumption that the Court had already ruled that its confidential

25  communications with Luce Forward were not privileged.  (*See* Cal. Evid. Code

26  § 956 ["There is no [attorney-client] privilege" if the crime-fraud exception

27  applies].)

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

16

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1   California courts have held that if a party discloses privileged information in

2   reliance on a trial court's erroneous ruling, the disclosure is considered involuntary

3   and does not constitute a waiver. *See People v. Aguilar*, 218 Cal.App.3d 1556,

4   1564-65 (1990), *overruled in part on other grounds by People v. Ervin*, 22 Cal.4th

5   48, 91 (2000) (disclosure of privileged information occasioned by trial court's

6   erroneous application of statute did not waive privilege).  Similarly, where a party

7   voluntarily discloses confidential attorney-client communications in the good-faith

8   but erroneous belief that those communications are not privileged, the party has not

9   waived the privilege. *Wells Fargo Bank v. Superior Court*, 22 Cal.4th 201, 211-12

10   (2000) (where law was unsettled and trustee voluntarily disclosed attorney-client

11   communications regarding trust administration apparently believing that disclosure

12   was required, privilege was not waived as to other such documents not yet

13   disclosed, and appellate court's determination that disclosure was not required

14   warranted relief from disclosures already made); *see also* Cal. Evid. Code § 919(b)

15   ("If a person authorized to claim the privilege claimed it, whether in the same or a

16   prior proceeding, but nevertheless disclosure erroneously was required by the

17   presiding officer to be made, neither the failure to refuse to disclose or the failure to

18   seek review of the order . . .  requiring disclosure indicates consent to the disclosure

19   or constitutes a waiver").

20   Here, since this Court had already determined that the crime-fraud exception

21   negated the privilege as to USAE's communications with Kirkland, USAE's

22   reliance on its confidential communications with Luce Forward attorneys did not

23   constitute a waiver of the privilege in the event that the Ninth Circuit (or this Court)

24   later determines that this Court's ruling was erroneous.

25   **2.    Any waiver is limited to documents already disclosed.**

26   Even if USAE had waived the privilege by relying on the documents

27   identified by plaintiffs, the waiver would be limited to those particular documents.

28   Under California law, disclosure of a privileged communication waives the privilege

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

17

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

only with respect to that particular communication.  Other privileged communications in the same attorney-client relationship are unaffected even if they relate to the same subject matter.  *Owens v. Palos Verdes Monaco*, 142 Cal.App.3d 855, 870-71 (1983) (disclosure of certain privilege documents concerning transaction did not waive attorney-client privilege as to the confidential communications regarding the same transaction), *overruled on other grounds by Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 521 n.10 (1994); William E. Wegner et al., Cal. Practice Guide: Civil Trials & Evidence ¶ 8:1907 (The Rutter Group 2011); *see* Cal. Evid.  Code § 912(a) (attorney-client privilege "is waived with respect to *a communication* protected by the privilege if any holder of the privilege . . . has disclosed a significant part of the communication") (emphasis added).

The Defrees plaintiffs cite *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929 (N.D. Cal. 1976), for the proposition that "[v]oluntary disclosure of part of a privileged communication is a waiver as to the remainder of the communication about the same subject" (Defrees Opp. 21), but that case applied federal privilege law, and this Court has already ruled that California law governs the attorney-client relationship between USAE and Luce Forward (4/11/12 Order 21-23).

Here, to the extent USAE has waived any privilege, the waiver is limited to the documents actually disclosed.  It does not extend to *all* confidential communications between USAE and Luce Forward attorneys regarding the matters alleged in plaintiffs' complaints.  Since Luce Forward cannot defend itself effectively without full access to such communications as evidence, *McDermott* requires dismissal.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

18

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

### III. THE MOTION IS TIMELY, AND LUCE FORWARD HAS NOT WAIVED ANY ARGUMENT ON THE CRIME-FRAUD EXCEPTION.

#### A. Luce Forward's Motion Is Timely.

Plaintiffs argue that Luce Forward's motion should be denied as untimely because it was filed 56 days after the Court's order. (CAM Funds Opp. 2-3; Defrees Opp. 8-10.) This argument is meritless.

As plaintiffs concede, Section 1292(b) contains no explicit deadline for filing a motion to certify an appeal, nor has the Ninth Circuit established one. The Seventh Circuit has stated that the motion must simply be filed "within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). One court, surveying numerous cases, has concluded that "courts have consistently granted parties leeway in seeking certification," and delays under three months have generally been found to be timely. *Abbey v. United States*, 89 Fed. Cl. 425, 430 (2009); *see American Management Systems, Inc. v. United States*, 57 Fed. Cl. 275, 276 (2003) (permitting certification after an over two-month delay, with no mention of timeliness); *Vereda, Ltda. v. United States*, 46 Fed. Cl. 569 (2000) (granting certification after three-month delay with no discussion of timeliness; *see Vereda, Ltda. v. United States*, 46 Fed. Cl. 12 (1999)); *Marriott International Resorts, LP v. United States*, 63 Fed. Cl. 144, 145-47 (2004) (granting certification after 74 days, after a stay allowing party to decide whether to seek certification), *rev'd on other grounds*, 437 F.3d 1302 (Fed. Cir. 2006); *Crossland Federal Savings Bank v. Tulip Realty Associates*, 1995 WL 87358, at *3 (E.D.N.Y. Feb. 16, 1995) (granting motion for certification filed over four months from order); *Giddes v. Claims Falls Ins. Co.*, 2003 WL 23486911, at *1 (M.D. Fla. Aug. 5, 2003) (finding two-month delay timely).

Given the lack of any clear deadline for filing the motion, as well as the time needed to research, draft, edit and finalize a clear, comprehensive motion fully addressing the issues, Luce Forward was not dilatory in filing its motion. Moreover,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

19

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1   the case has been relatively dormant, with no discovery having been conducted, so

2   plaintiffs have not been prejudiced by the passage of less than two months.

## B.   Luce Forward Has Not Waived Any Argument On The Crime-Fraud Exception.

5   Plaintiffs argue that Luce Forward has waived the argument that the crime-

6   fraud exception applies only where the client corporation, as opposed to other

7   persons, intended to commit a crime or fraud. (CAM Funds Opp. 14-15; Defrees

8   Opp. 18-19.) This argument is meritless: Luce Forward had no reason to urge the

9   argument before, because *plaintiffs themselves* focused on client intent, and the

10  court's ruling went beyond what the parties had argued.

11  Here is the background:

12  • Luce Forward argued in its motion to dismiss that under *McDermott*,

13  a derivative action against the nominal defendant corporation's outside counsel

14  cannot proceed unless the corporation waives the attorney-client privilege as to its

15  communications with such counsel, and because USAE had not waived the

16  privilege, plaintiffs' actions against Luce Forward must be dismissed. (Luce

17  Forward's Motion to Compel Arbitration or Dismiss the Action 6-8 [CAM Funds

18  Docket #62; Defrees Docket #54] [hereinafter "LF Mot. to Dismiss"].)

19  • In opposition, plaintiffs argued that the crime-fraud exception negated the

20  attorney-client privilege so as to permit disclosure of communications between

21  USAE and Luce Forward. (CAM Funds' Opp'n to LF Mot. to Dismiss 19-21

22  [CAM Funds Docket #69]; Defrees' Opp'n to LF Mot. to Dismiss 22-23 [Defrees

23  Docket #58].) Plaintiffs relied solely on the complaints' allegations of purported

24  wrongdoing. (CAM Funds' Opp'n to LF Mot. to Dismiss 20; Defrees' Opp'n to LF

25  Mot. to Dismiss 23.) Moreover, Defrees plaintiffs specifically noted that for

26  purposes of the crime-fraud exception, the client's intent was controlling. (Defrees'

27  Opp'n to Mot. to Dismiss 23 ["'[I]t is the intent of the client upon which attention

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

20

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

1   must be focused'"; citing *State Farm & Casualty Co.*, 54 Cal.App.4th 625, 645

2   (1997)].)

3       • In its reply, Luce Forward argued that it was plaintiffs' burden to establish

4   the crime-fraud exception by presenting evidence rather than mere assertions, and

5   plaintiff had not proved or even pleaded particularized facts to support the

6   exception. (Luce Forward's Reply in Support of LF Mot. to Dismiss 21-22 [CAM

7   Funds Docket #126; Defrees Docket #111].)

8       • In its order denying Luce Forward's motion to dismiss, the Court ruled that

9   the crime-fraud exception negated the privilege as to communications between

10   USAE and Kirkland. (4/11/12 Order 23-25.)  The Court went beyond the

11   complaints' allegations, on which plaintiffs had relied, and construed the Akin

12   Gump Memo as evidence supporting the complaints. (4/11/12 Order 24.)

13       Luce Forward adequately addressed the crime-fraud exception by arguing that

14   plaintiffs had not met their burden of presenting evidence to establish the

15   exception—an argument that encompassed the point that there was no evidence that

16   the client intended to commit a crime or fraud.  Moreover, until the Court issued its

17   order, Luce Forward had no reason to anticipate that the Court would rely on the

18   Akin Gump Memo as evidence of fraud, or overlook that the intent of the client—

19   USAE—was controlling, particularly since plaintiffs' opposition papers had already

20   noted that the client's intent controlled. Thus, Luce Forward did not waive the

21   issue.

22       Moreover, as plaintiffs note, even if an issue was not properly raised below,

23   the Ninth Circuit has discretion to consider the issue "in the exceptional case in

24   which review is necessary to prevent a miscarriage of justice or to preserve the

25   integrity of the judicial process," or "when the issue presented is purely one of law

26   and either does not depend on the factual record developed below, or the pertinent

27   record has been fully developed." *In re Mercury Interactive Corp. Securities*

28   *Litigation*, 618 F.3d 988, 992 (9th Cir. 2010) (internal quotation marks omitted).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

21

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL

This case is "exceptional" because Luce Forward could not have anticipated the Court's ruling, and the Court arguably made an error of law. Further, the Court's construction of California law presents a pure issue of law, and the record is fully developed: Since plaintiffs raised the crime-fraud exception in their opposition and presented all of their purported "evidence"—i.e., the complaints—they would not have presented any additional evidence even if Luce Forward had raised additional arguments in its reply.

## CONCLUSION

For the reasons stated above and in Luce Forward's motion, the Court should certify its order of April 11, 2012 for an immediate appeal.

Respectfully submitted,

Dated:  July 16, 2012

LOEB & LOEB LLP
ROBERT A. MEYER
SAUL D. BRENNER
W. ALLAN EDMISTON

By:    /s/ W. Allan Edmiston
W. Allan Edmiston
Attorneys for DEFENDANT
MCKENNA LONG & ALDRIDGE LLP

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231808.1
217727-10001

22

REPLY IN SUPPORT OF MOTION BY
MCKENNA LONG & ALDRIDGE LLP TO
CERTIFY APPEAL