UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272-JLS (SPx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | FREDERICK RICH v. JOHN C. KIRKLAND, ET AL. and U.S. AEROSPACE, INC. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Granting Plaintiff's Motion to Compel Compliance with Document Subpoenas**

On October 27, 2015, plaintiff Frederick Rich filed a Motion to Compel Compliance with Document Subpoenas (docket no. 336), and noticed a hearing on the Motion to Compel for November 17, 2015. Plaintiff asks the court to compel the eight individuals and entities represented by attorney Mark Vega in this action to produce documents responsive to subpoenas served in August and September 2015. None of the eight produced documents or otherwise responded by their particular deadlines, nor did any respond to this Motion to Compel.

Having reviewed the papers filed, the court finds a hearing on the Motion to Compel would not materially assist the court. Accordingly, the court takes the hearing on this motion off calendar.[1] Further, the court GRANTS the Motion to Compel for the reasons that follow.

//
//

---

[1] On October 20, 2015, in a related case, CAMOFI Master LDC, et al. v. Jerrold Pressman, et al. ("CAMOFI case"), CV 11-4574-JLS (SPx), plaintiffs CAMOFI Master LDC and CAMHZN Master LDC filed a Motion to Compel Production of Documents (CAMOFI case, docket no. 321) from Defendant McKenna Long & Aldridge LLP, and noticed a hearing on the Motion to Compel also scheduled for November 17, 2015. The hearing on the Motion to Compel in the CAMOFI case remains on calendar for November 17, 2015 and is not otherwise affected by this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272-JLS (SPx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | FREDERICK RICH v. JOHN C. KIRKLAND, ET AL. and U.S. AEROSPACE, INC. | | |

## Background

This derivative action alleges that nominal defendant U.S. Aerospace, Inc.'s ("USAE") former outside counsel, defendant John Kirkland, and his law firm, defendant Luce, Forward, Hamilton & Scripps, LLP ("Luce, Forward"), plotted with numerous USAE directors, advisors, and affiliated entities to squeeze out USAE's existing shareholders and destroy the interests of the company's creditors so that defendants could seize control of the company and operate it for their benefit.

On October 30, 2014, this court entered default (docket no. 280) against defendants Hal Kolker, John Kirkland, Kenneth Koock, Michael Goldberg, James Henderson, TUSA Acquisition Corp. ("TUSA"), American Defense Investments, LLC ("ADI"), Charles Arnold, and USAE. In the Motion to Compel, plaintiff established by way of an accompanying memorandum ("P. Mem."), declaration of counsel Rachele R. Rickert ("Rickert Decl."), and supporting exhibits that attorney Mark Vega represents each of these defaulted defendants, with the exception of Kolker and USAE. Rickert Decl. ¶ 2.

On August 12, 2015, pursuant to Fed. R. Civ. P. 45, plaintiff served Vega with Subpoenas to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action for his clients Goldberg, Henderson[2], Koock, Arnold, and Kirkland. Rickert Decl. ¶ 2, Exs. 1-4. The subpoenas each contained over 100 requests for documents related to the particular defendant's involvement with USAE and the events underlying plaintiff's allegations concerning the company's takeover. Rickert Decl. ¶ 3, Exs. 1-4. These responses were due on September 14, 2015, but no defendant responded or produced documents. Rickert Decl. ¶ 3.

On August 20, 2015, plaintiff also served Vega with similar subpoenas for ADI

---

[2]   Plaintiff states Henderson is also represented by attorney Stephen Marks in some limited capacity, and that Marks responded to the August 12, 2015 subpoena on Henderson's behalf. Rickert Decl. ¶ 3 n.1. Thus, plaintiff is not moving to compel compliance against Henderson. Rickert Decl. ¶ 3 n.1. On August 31, 2015, the court granted the parties' stipulation to set aside the default entered as to Henderson (docket no. 325).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272-JLS (SPx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | FREDERICK RICH v. JOHN C. KIRKLAND, ET AL. and U.S. AEROSPACE, INC. | | |

and TUSA. Rickert Decl. ¶ 4, Exs. 5-6. Though these responses were due September 22, 2015, plaintiff received no response or documents from ADI or TUSA. Rickert Decl. ¶ 4. On August 21 and 25, 2015, plaintiff personally served similar subpoenas on third parties Daisy Rodriguez and Richard Berkshire, respectively.[3] Rickert Decl. ¶ 5, Exs. 7-8. Responses to both subpoenas were due September 22, 2015. Rickert Decl. ¶ 5, Exs. 7-8. Rodriguez did not respond or produce documents, and plaintiff states Berkshire produced one email from him to Victor Kirkland referencing and attaching the August 25, 2015 subpoena, in which Berkshire indicates he had some responsive documents. Rickert Decl. ¶ 5. However, Berkshire also failed to ultimately provide any documents. Rickert Decl. ¶ 5.

On September 18, 2015, plaintiff's counsel wrote to Vega regarding the outstanding subpoenas and requested the parties meet and confer. Rickert Decl. ¶ 6, Ex. 9. The parties held a meet and confer session via telephone on September 22, 2015, during which Vega indicated that in addition to representing Koock, Goldberg, Kirkland, Arnold, ADI, and TUSA, he also represented Berkshire and Rodriguez for purposes of responding to the outstanding document subpoenas. Rickert Decl. ¶ 6, Ex. 9. During that same call, Vega stated he had some responsive documents and would produce them the following week after further review. Rickert Decl. ¶ 6, Ex. 9. Vega agreed to provide an update as to the status of the document production on September 28, 2015. Rickert Decl. ¶ 6, Ex. 9. When Vega failed to produce an update, plaintiff's counsel wrote to Vega on September 30 and October 8, 2015, again seeking updates and advising that plaintiff would seek court assistance if Vega continued to be unresponsive. Rickert Decl. ¶ 7, Ex. 10. After Vega failed to respond, plaintiff filed the instant Motion to Compel on October 27, 2015.

## Legal Standards

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery

---

[3] Though both plaintiff's accompanying memorandum in support of the Motion to Compel and the Rickert Declaration state that Rodriguez was personally served on September 21, 2015, the attached exhibit of the copy of the subpoena served on Rodriguez indicates service was effectuated on August 21, 2015. Rickert Decl. ¶ 5, Ex. 7 at 155. Thus, it appears the September 21, 2015 date is a typographical error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272-JLS (SPx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | FREDERICK RICH v. JOHN C. KIRKLAND, ET AL. and U.S. AEROSPACE, INC. | | |

regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). Furthermore, the information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal.1995) (*quoting Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal.1992)). Requested discovery is not relevant to the subject matter involved in a pending action if the inquiry is only based on the requesting party's mere suspicion or speculation. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1324 (Fed. Cir. 1990).

Under Rule 45, any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents. Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b). *See The Rutter Group, Federal Civil Procedure Before Trial* § 11:2305 (2005). Thus, the subpoena may command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The nonparty may serve objections to the subpoena within fourteen days after service, or before the time for compliance if less than fourteen days. Fed. R. Civ. P. 45(d)(2)(B). "A nonparty's failure to timely make objections to a Rule 45 subpoena . . . generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citations omitted). However, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

The court has discretion to determine whether to grant a motion to compel. *See Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987). In general, the court is vested with broad discretion to manage discovery. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272-JLS (SPx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | FREDERICK RICH v. JOHN C. KIRKLAND, ET AL. and U.S. AEROSPACE, INC. | | |

## Discussion

The local rules of this court generally require that any motion to compel be filed in the form of a joint stipulation.  L.R. 37-2.  But that requirement is excused where a party has failed to confer as required by Local Rule 37-1.  L.R. 37-2.4.  Here, plaintiff served four separate document subpoenas in August 2015 on various defendants and third parties represented by Vega, and attempted to communicate with Vega in September 2015, both before and after the deadlines for responding to those various subpoenas had passed.  Aside from a September 22, 2015 meet and confer via telephone, it appears plaintiff has not received timely responses from Vega or any of the eight individuals and entities he represents in connection with the document subpoenas.  Accordingly, plaintiff was not required to bring the motion in the form of a joint stipulation.

In addition, the defendants and third parties did not file a response to the Motion to Compel and as such may be deemed to have consented to the granting of the motion.  See L.R. 7-12.  Further, given defendants' and third parties' utter failure to respond to the document requests and fully comply with Rule 26, the Motion to Compel is plainly justified.

In particular, the parties in question failed to respond to the document requests in any fashion by their respective deadlines in September 2015, and subsequently failed to produce documents, let alone an update on the status of the production of documents as apparently promised, following the September 22, 2015 conference of counsel.  Further, by failing to respond in any fashion to the document requests by their original deadlines, the subpoenaed defendants and third parties waived any objections to those requests.  *See Moon*, 232 F.R.D. at 636; *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted).

The court notes its September 24, 2015 order issued in the related CAMOFI case, in which it granted a motion to compel production of documents filed against a group of defendants represented by Vega, includes all of the defendants at issue in this action (CAMOFI case, docket no. 319).  There, the court remarked on statements made in the plaintiffs' filings in support of that motion that indicated Vega experienced medical problems in June 2015, but was apparently back to work by the end of that month.  As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4272-JLS (SPx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | FREDERICK RICH v. JOHN C. KIRKLAND, ET AL. and U.S. AEROSPACE, INC. | | |

far as the court can tell, none of plaintiff's filings in support of the instant Motion to Compel provide any update on the status of Vega since June 2015. Accordingly, the court cannot find a new explanation for defendants' and third parties' present failure to respond, more than four weeks following the court's September 24, 2015 order in the CAMOFI case.

Plaintiff asks the court to order defendants and third parties to produce responsive documents within seven days. Defendants and third parties filed no response. Given the lengthy time they have had to produce documents, allowing them seven days to do so now is reasonable; however, the court will give them seven days from the scheduled hearing date.

### ORDER

Accordingly, good cause having been shown, IT IS HEREBY ORDERED:

1. The hearing on plaintiff's Motion to Compel is taken OFF CALENDAR.

2. Plaintiff's Motion to Compel Compliance with Document Subpoenas (docket no. 336) is GRANTED, as follows.

3. The subpoenaed defendants and third parties at issue here have waived all objections to plaintiff's document subpoenas served on August 12, 20, 21, and 25, 2015.

4. On or before November 24, 2015, defendants and third parties Michael Goldberg, Kenneth Koock, Charles Arnold, John Kirkland, ADI, TUSA, Richard Berkshire, and Daisy Rodriguez are ORDERED to produce to plaintiff all documents in their possession, custody, and control that are responsive to plaintiff's document subpoenas served on August 12, 20, 21, and 25, 2015.

**The court warns defendants and third parties that further failure to provide discovery responses as ordered herein may subject them to sanctions, including monetary and/or evidentiary sanctions.**