UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RICH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN C. KIRKLAND, et al.,<br><br>　　　　　Defendants.<br><br>　　and<br><br>U.S. AEROSPACE, INC.<br><br>　　　　　Nominal Defendant. | Case No. CV 11-4272-JLS (SPx)<br><br>**UNITED STATES MAGISTRATE JUDGE'S CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE WHY DEFAULTED DEFENDANTS AND THIRD PARTIES SHOULD NOT BE HELD IN CONTEMPT** |

**I.**

**INTRODUCTION**

On December 15, 2015, plaintiff filed a Motion for Sanctions against defaulted defendants Michael Goldberg, Kenneth Koock, Charles Arnold, John C. Kirkland, American Defense Investments, LLC ("ADI"), TUSA Acquisition Corp. ("TUSA"), and third parties Richard Berkshire and Daisy Rodriguez, all of whom are represented by attorney Mark A. Vega (collectively, "the subpoenaed

1

parties").[1]  Plaintiff primarily asks the court to hold the subpoenaed parties and Vega in contempt of court for their failure to comply with the court's November 13, 2015 order granting plaintiffs' motion to compel compliance with document subpoenas served on defendants in August 2015.  More particularly, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, plaintiff seeks an order requiring Vega and each of the subpoenaed parties to jointly pay $200 per day, starting January 14, 2016, until they comply with the court's November 13, 2015 order.  Plaintiff also seeks the fees and costs incurred for bringing this motion and the October 27, 2015 motion to compel compliance that prompted the court's

---

[1]  On December 1, 2015, Vega filed a Motion to Withdraw as attorney of record for defendants Goldberg, Koock, Arnold, Kirkland, ADI, and TUSA.  Vega also represents these defendants in a related case, *CAMOFI Master LDC, et al. v. Jerrold Pressman*, et al. ("*CAMOFI* case"), CV 11-4574-JLS (SPx), and accordingly filed a motion to withdraw in that case the same day.  In an identical declaration accompanying both motions, Vega states he represents Rodriguez and Berkshire as named defendants in the *CAMOFI* case only.  See Declaration of Mark A. Vega ¶ 2, docket no. 350-1; *CAMOFI* case, docket no. 341-1.  But as noted in the court's November 13, 2015 Order Granting Plaintiff's Motion to Compel Compliance with Document Subpoenas, plaintiff's counsel previously established that Vega indicated he also represented Berkshire and Rodriguez for purposes of responding to document subpoenas outstanding in this case.  See docket no. 337, Declaration of Rachele R. Rickert In Support Of Motion to Compel Compliance with Document Subpoenas ("10/27/15 Rickert Decl."), ¶ 6, Ex. 9.  As Vega's motions to withdraw have been denied, he continues to represent all the defaulted defendants and third parties in this case.  See docket no. 366; *CAMOFI* case, docket no. 378.

   The court notes that on December 22, 2015, Arnold, Rodriguez, TUSA, and defendant KC-X American Aerospace LLC filed Notices of Substitution of Counsel in the *CAMOFI* case, seeking to substitute Vega for attorney David Fleck.  *See CAMOFI* case, docket nos. 361-364.  But as of the date of this Certification and Order, those Notices of Substitution have not been approved by the court, and no similar notices have been filed in this case.

2

November 13, 2015 order. None of the subpoenaed parties have filed an opposition or any other document in response to the Motion for Sanctions.

After reviewing the papers filed, the court found a hearing on the Motion for Sanctions would not materially assist the court, and so took the hearing off calendar. For the reasons that follow, the court orders the subpoenaed parties and Vega to appear before the Honorable Josephine L. Staton, United States District Judge, on February 5, 2016 at 2:30 p.m. to show cause why the subpoenaed parties and Vega should not be found in contempt of court and fined $200 per day until the subpoenaed parties fully comply with the court's November 13, 2015 order.

## II.
## **CERTIFICATION OF FACTS**

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the court hereby certifies the following facts to the Honorable Josephine L. Staton.

Plaintiffs in both this case and the related *CAMOFI* case filed these actions on behalf of nominal defendant U.S. Aerospace, Inc. ("USAE") against numerous USAE directors, outside counsel, and their affiliates, alleging defendants plotted to squeeze out USAE's existing shareholders and destroy the interests of the company's creditors so defendants could seize control of the company and operate it for their benefit.

On October 30, 2014, the court entered default in this case against defendants Kirkland, Koock, Goldberg, TUSA, ADI, and Arnold, as well as against defendants Hal Kolker, James Henderson, and USAE. Docket no. 280. With the exception of Kolker and USAE, attorney Mark Vega represents each of these defendants. 10/27/15 Rickert Decl. ¶ 2.

On August 12, 2015, pursuant to Fed. R. Civ. P. 45, plaintiff served Vega with Subpoenas to Produce Documents, Information or Objects or to Permit

1  Inspection of Premises in a Civil Action for his clients Goldberg, Henderson,[2]
2  Koock, Arnold, and Kirkland. *Id.* ¶ 2, Exs. 1-4. The subpoenas each contained
3  over 100 requests for documents related to the particular subpoenaed party's
4  involvement with USAE and the events underlying plaintiff's allegations
5  concerning the company's takeover. *Id.* ¶ 3, Exs. 1-4. These responses were due
6  on September 14, 2015, but no subpoenaed party responded or produced
7  documents. *Id.* ¶ 3.
8      On August 20, 2015, plaintiff also served Vega with similar subpoenas for
9  ADI and TUSA. *Id.* ¶ 4, Exs. 5-6. Though these responses were due September
10 22, 2015, plaintiff received no response or documents from ADI or TUSA. *Id.* ¶ 4.
11 On August 21 and 25, 2015, plaintiff personally served similar subpoenas on third
12 parties Rodriguez and Berkshire, respectively. *Id.* ¶ 5, Exs. 7-8. Responses to
13 both subpoenas were due September 22, 2015. *Id.* ¶ 5, Exs. 7-8. Rodriguez did
14 not respond or produce documents. *Id.* ¶ 5. Plaintiff states Berkshire produced
15 one email from him to Victor Kirkland referencing and attaching the August 25,
16 2015 subpoena, in which Berkshire indicates he had some responsive documents;
17 however, Berkshire also failed to ultimately provide any documents. *Id*.
18     During a September 22, 2015 telephonic meet and confer session, Vega
19 informed plaintiff's counsel he had some responsive documents and would
20 produce them the following week after further review. *Id.* ¶ 6, Ex. 9. Vega agreed
21 to provide an update as to the status of the document production on September 28,
22 2015. *Id.* ¶ 6, Ex. 9. When Vega failed to produce an update, plaintiff's counsel

---

[2] Henderson is also represented by attorney Stephen Marks in some limited capacity, who responded to the August 12, 2015 subpoena on Henderson's behalf. 10/27/15 Rickert Decl. ¶ 3 n.1. Thus, plaintiff did not move to compel compliance against Henderson in the motion brought October 27, 2015. *Id.* On August 31, 2015, the court granted the parties' stipulation to set aside the default entered as to Henderson. Docket no. 325.

4

wrote to Vega on September 30 and October 8, 2015, again seeking updates and advising that plaintiff would seek court assistance if Vega continued to be unresponsive. *Id.* ¶ 7, Ex. 10. Vega failed to respond. *Id.* ¶ 7.

Plaintiff filed a Motion to Compel Compliance with Document Subpoenas on October 27, 2015, which the court granted unopposed on November 13, 2015. As part of the court's November 13, 2015 order, the court found the subpoenaed parties waived all objections to plaintiff's document subpoenas served in August 2015, and ordered the subpoenaed parties to produce to plaintiff the requested documents no later than November 24, 2015. Docket no. 341 at 6. The court also warned the subpoenaed parties that "failure to provide discovery responses as ordered herein may subject them to sanctions, including monetary and/or evidentiary sanctions." *Id.*

Neither Vega nor any of the subpoenaed parties produced the subpoenaed documents by the court's November 24, 2015 deadline. Declaration of Rachele R. Rickert In Support of Plaintiff's Motion for Sanctions ("12/15/15 Rickert Decl.") ¶ 4. Plaintiff then filed a Motion for Sanctions on December 15, 2015. As of the date of this Certification and Order, none of the subpoenaed parties or Vega has opposed or otherwise responded to the Motion for Sanctions.

### III.
### DISCUSSION

"The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on the other Branches." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796, 107 S. Ct. 2124, 95 L. Ed. 2d 740 (1987). Where, as here, a party fails to obey a court order compelling discovery, the court may issue sanctions, including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R.

Civ. P. 37(b)(1)(vii). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). A sanction for civil contempt is intended to coerce the party in contempt to comply with the court's order in the future, with the sanction conditioned on continued noncompliance. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Thus, a party imprisoned for contempt "carries the keys of his prison in his own pocket because civil contempt is intended to be remedial by coercing the defendant to do what he had refused to do." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).

"The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Federal Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). To establish that civil contempt is appropriate, plaintiff must demonstrate "(1) that [defendants] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *U.S. v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). Once plaintiff makes this showing, the burden shifts to defendants to demonstrate they "took all reasonable steps within [their] power to insure compliance with" the court's order. *Hook v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997).

"The choice among the various sanctions rests within the discretion of the district court," (*U.S. v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1364, 1369 (9th Cir. 1980)), and the Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which contempt springs." *U.S. v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980). However, a "district court should apply the least coercive sanction

(e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *Id.*

Where a magistrate judge has been designated to determine a pretrial matter such as a discovery dispute and is faced with an act that "constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). At the hearing, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district judge." 28 U.S.C. § 636(e)(6).

As recounted in the facts certified above, plaintiff has established the subpoenaed parties have willfully disobeyed the court's order to produce documents responsive to plaintiff's document subpoenas served in August 2015. *See* 12/15/15 Rickert Decl. ¶ 4. The subpoenaed parties' conduct evidences a deliberate attempt to avoid their discovery obligations without adequate justification, a pattern of behavior the court notes has impacted the efficient resolution of both this case and the related *CAMOFI* case. *See CAMOFI* case, docket no. 348, December 8, 2015 Report and Recommendation on Motion for Sanctions (recommending default be entered against various defendants represented by Vega, including all of the subpoenaed parties subject to this Motion for Sanctions). The subpoenaed parties have had over eight weeks to comply with the court's November 13, 2015 order and have never provided an explanation to the court that adequately accounts for such consistent failure to comply with the court's orders. Indeed, they failed to respond in any fashion to

the instant Motion for Sanctions. As such, a contempt sanction of $200 per day until they fully comply with the November 13, 2015 order, to be paid jointly and severally by Vega and the subpoenaed parties, is an appropriate sanction here.

Moreover, in lieu of or in addition to other sanctions, where a party has failed to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Accordingly, the court is inclined to find sanctions warranted to compensate plaintiff for the reasonable expenses incurred in enforcing the court's order, but will not decide the matter at this juncture.

For these reasons, and based on the facts certified above, the court orders the subpoenaed parties and attorney Vega to appear before Judge Staton to show cause why they should not be held in contempt.

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that attorney Mark Vega, defaulted defendants Michael Goldberg, Kenneth Koock, Charles Arnold, John C. Kirkland, ADI, and TUSA, and third parties Richard Berkshire and Daisy Rodriguez appear before the Honorable Josephine L. Staton in courtroom 10A of the Ronald Reagan Federal Building, located at 411 West Fourth Street, Santa Ana, California, on February 5, 2016 at 2:30 p.m. to show cause why they should not be adjudged in contempt by reason of the facts certified herein. Attorney Vega is further ordered to serve a copy of this Certification and Order on each of the subpoenaed parties.

DATED: January 15, 2016

SHERI PYM
United States Magistrate Judge