RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

DANIEL W. KRASNER (*pro hac vice*)
krasner@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

*Attorneys for Plaintiff Frederick Rich*

MICHAEL C. HEFTER (*pro hac vice*)
Michael.Hefter@bracewelllaw.com
RYAN M. PHILP (*pro hac vice*)
Ryan.Philp@bracewelllaw.com
DAVID A. SHARGEL (*pro hac vice*)
David.Shargel@bracewelllaw.com
**BRACEWELL LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: 212.508.6100
Facsimile: 212.508.6101

*Attorneys for Plaintiffs CAMOFI*
*Master LDC and CAMHZN Master LDC*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. DEFREES, et al., | Case No. CV 11-04272 JLS (SPx), consolidated with: |
| Plaintiffs, | No. CV 11-04574 JLS (SPx) |
| v. | |
| JOHN C. KIRKLAND, et al., | **SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT MCKENNA LONG & ALDRIDGE LLP** |
| Defendants, and | |
| U.S. AEROSPACE, INC. | **DISCOVERY MATTER** |
| Nominal Defendant. | DATE:      October 11, 2016 |
| | TIME:      10:00 a.m. |
| | PLACE:    Courtroom 3 or 4 – 3rd Floor |
| | JUDGE:    Hon. Sheri Pym |

1

## I.     PLAINTIFF'S MOTION IS TIMELY

2      McKenna's claim that Plaintiffs'[1] motion is unreasonably delayed is

3 unfounded.  Plaintiffs were unable to make their motion until McKenna produced its

4 Second Amended Privilege Log, which it didn't do until August 8, 2016.  Rather

5 than move to compel concerning a log that Plaintiffs knew that McKenna was

6 updating, Plaintiffs properly chose to wait until it had McKenna's final log to file its

7 motion.[2]  This new log illustrated for the first time that McKenna was claiming a

8 privilege over documents previously undisclosed.   Moreover, McKenna told

9 Plaintiffs it would "clarify various other privilege descriptions" in its log (*see* Joint

10 Stipulation at 3 and 18), and until Plaintiffs had those they could not decide whether

11 to move to compel production of those documents.  McKenna's position is all the

12 more unreasonable considering that for months McKenna stood on meritless

13 privilege arguments, resulting in successive hearings on a previous motion to

14 compel against McKenna, as the Court is fully aware.  *See* No. CV 11-04574, ECF

15 Nos. 321, 327, 397, 399.  Moreover, McKenna's counsel, Allan Edmiston, notified

16 Plaintiffs' counsel on August 7, 2016 that he would be on vacation until August 31,

17 2016.[3]  Under these circumstances, McKenna's argument that Plaintiffs delayed

18 unreasonably in bringing this Motion is wholly without basis. [4]

19

20 ───────────────

[1]      "Plaintiffs" are Frederick Rich, CAMOFI Master LDC and CAMHZN Master

21 LDC.   "McKenna" is McKenna Long & Aldridge LLP (f/k/a/ Luce Forward Hamilton & Scripps LLP.

22 [2]      In fact, McKenna added twenty-two (22) entries to its Second Amended

23 Privilege Log that were not on the prior version, and ten (10) of them are the subject of this motion (Nos. 161-170).

24 [3]      Supplemental Declaration of Rachele R. Rickert in Further Support of Motion

25 to Compel Production of Documents from Defendant McKenna Long & Aldridge LLP, Exhibit ("Ex.") A.

26 [4]      For this reason, *Patriot Rail Corp. v. Sierra R.R. Co.*, No. 2:09-cv-00009-

MCE-EFB, 2011 U.S. Dist. LEXIS 83999, at *7 (E.D. Cal. Aug. 1, 2011) is

27 distinguishable because the plaintiff "offer[ed] no explanation for why it waited 44 . . . days to file the motion, despite the fact that all other significant discovery

28 deadlines, as well as the last day to file dispositive motions had long expired." *Id*. Here, Plaintiffs have provided a reasonable explanation for the timing of the filing of their motion, and the discovery cut-off has not yet passed.

McKenna's claim that Plaintiffs filed their motion to compel after the last day to file motions is perplexing.  The Court's May 23, 2016 Order (ECF No. 406) does say that the "last day to file motions (excluding *Daubert* motions and motions in limine) shall be September 6, 2016."  *Id*. at 2.  However, the Order also provides that the fact discovery cut-off is not until October 3, 2016. Plaintiffs have always interpreted the September 6, 2016 deadline as applying to dispositive motions (such as motions for summary judgment).  Here, the discovery cut-off is not until October 3, 2016. "A motion to compel filed during the discovery period would rarely be considered untimely."  *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621 (D. Nev. 1999) (facts are distinguishable as the plaintiff filed his motion to compel "seventy-six days (76) after the close of discovery.")  In any event, McKenna has waived any objection on this basis by remaining silent after being advised on August 31, 2016, that Plaintiffs intended to file their motion on September 9, 2016.

## II.   COMMUNICATIONS BETWEEN MCKENNA AND OUTSIDE PR CONSULTANTS ARE NOT PRIVILEGED

McKenna is claiming attorney-client and Work Product protection for fifty-eight (58) documents which are email communications between McKenna and its outside public relations ("PR") consultants (hereafter referred to as the "PR Emails").[5]  With the exception of two emails (Nos. 36 and 58), the PR Emails do not include either of Messrs. Scott Sonne or Lawrence Kouns, the two members of McKenna's Office of the General Counsel ("OGC") at the time.

In California the attorney-client privilege only applies to communications involving the giving and receiving of ***legal*** advice. *Zurich Am. Ins. Co. v Super. Ct.*, 155 Cal. App. 4th 1485, 1502 (2007).  If the documents do not discuss legal advice from counsel, there is no privilege.  *Id*.  Moreover, the presence of third parties destroys any confidentiality associated with the communication and hence the

---

[5]   The fifty-eight (58) PR Emails are Nos. 3, 5-9, 11-23, 26-28, 30-32, 35-36, 38, 40-50, 53-60, 63, 67-70, 97, 135-137, 162, and 163 on the Second Amended Privilege Log.  *See* Declaration of Rachele R. Rickert in Support of Joint Stipulation (filed Sept. 9, 2016) ("Rickert Decl."), Ex. A.

1   privilege, unless the presence of those third parties is reasonably necessary to

2   accomplish the purpose for which counsel has been consulted.  *Id.*

3        Here, the PR consultants were not retained by the OGS; they were retained by

4   Ramona Cyr Whitley, Director of Marketing and Business Development, at Mr.

5   Kicklighter's direction.  Declaration of Kurt L. Kicklighter (ECF No. 438-4), ¶ 3.

6   Mr. Kicklighter's declaration reveals that he consulted with the OGC, who appears

7   to have recommended the firm retain PR consultants, and it did.  *Id.*  The outside PR

8   consultants were not hired to collaborate with McKenna's OGC and assist it in

9   giving legal advice to McKenna.  Rather, the PR firm was hired "to monitor,

10  manage and, as appropriate, address the publicity and press inquiries."  *Id.*  Public

11  relations consulting is a business service, not a legal service.  Moreover, the fact that

12  Mr. Sonne was copied on two of the emails does not mean they are privileged.

13  "[N]onprivileged communications between corporate officers or employees

14  transacting the general business of the company do not attain privileged status solely

15  because in-house or outside counsel is 'copied in' on correspondence or

16  memoranda."  *Zurich*, 155 Cal. App. 4th at 1504.

17       McKenna is inappropriately attempting to shield communications between

18  non-attorney McKenna personnel and the PR consultants by asking this Court to

19  apply the "functional equivalent of an employee" test.  However, even

20  communications with "functional employees" are not protected if the

21  communications are not with an attorney and are not made for the purpose of giving

22  and receiving legal advice.  *See Exp.-Imp. Bank of the United States v. Asia Pulp &*

23  *Paper Co., Ltd.*, 232 F.R.D. 103, 113 (S.D.N.Y. 2005) (functional equivalent test

24  only protects "communications between a company's lawyers and its independent

25  contractor[s]" "if, by virtue of assuming the functions and duties of full-time

26  employee, the contractor is a *de facto* employee of the company.")[6]  Therefore, even

27  _____

28  [6]     A consultant is considered the functional equivalent of an employee when he
    "had primary responsibility for a key corporate job, . . . there was a continuous and
    close working relationship between the consultant and the company's principals on
    matters critical to the company's position in litigation, . . . and . . . the consultant is

if the court were to find the PR consultants were "functional employees" of McKenna (a finding not warranted here), the communications, with only two exceptions, were not with McKenna's lawyers—*i.e.*, its OGC—and therefore are not privileged.[7]  *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14-cv-585, 2014 U.S. Dist. LEXIS 175552, at *8 (S.D.N.Y. Dec. 19, 2014) (a marketing firm hired to assist in a complicated product roll-out was not the functional equivalent of an employee); *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 140, M 21-95, 2003 U.S. Dist. LEXIS 18636, at *7-8 (S.D.N.Y. Oct. 21, 2003) (consultant's "role is akin to that of an accountant or other ordinary third party specialist, disclosure to whom destroys the attorney-client privilege.").

## III.   INTERNAL COMMUNICATIONS AT MCKENNA ARE NOT PRIVILEGED

The attorney-client privilege also does not apply to the thirty-one (31) email communications between and amongst attorneys and personnel at McKenna, because they do not involve McKenna's OGC or any outside attorney, and the descriptions of the documents do not indicate that they contain a discussion of legal advice or the strategy of counsel.  *See* Rickert Decl., Ex. A, Nos. 4, 10, 29, 34, 71-73, 80, 96, 99, 103-05, 118-20, 127-28, 134, 140, 143, 146, 148, 151-152, 157, 159, 164, 168, 170 and 179.  *See Zurich*, 155 Cal. App. 4th at 1502 (if the documents do not discuss "legal advice from counsel . . . there is no privilege."); *see also id*. at 1503.[8]  McKenna does not adequately explain why these documents are privileged.

---

likely to possess information possessed by no one else at the company." *Id.* (citations omitted).  McKenna's PR consultants were none of these.

[7]  California law applies here, but even the federal cases McKenna cites are distinguishable since the consultants in those cases were found to be "functional employees" whose communications **with counsel** to the corporation or partnership were privileged because they were interacting with the corporation's or partnership's **counsel** to assist **counsel** in the rendering of **legal advice** to the corporation or partnership.  *See* cases cited in Joint Stipulation at 21-25.

[8]  Plaintiff has removed nine (9) documents from this category (Nos. 121-22, 124, 126, 130-33, and 161) given Mr. Kouns' declaration that he asked Jeffrey Wexler to assist the OGC.  Declaration of Lawrence J. Kouns (ECF No. 438-5), ¶ 3.  These communications are addressed in section IV.

It is not enough that McKenna's "OGC was conducting an investigation of allegations" when these communications were made, or that they "related to adversaries in this litigation," or that they "discuss[] the subject matter of this litigation shortly after it commenced," or that they "relate[] the firm's response to a subpoena for USAE's files and other firm management and representation matters." Joint Stipulation at 27-29. If they do not reflect attorney-client communications, they are not privileged.

## IV.  THE COURT SHOULD REVIEW *IN CAMERA* THE EMAILS WHICH INCLUDE THE OGC OR ITS AGENT

Plaintiff requests the Court conduct an *in camera* review to determine whether the communications between Kirkland and the OGC and/or Jeffrey Wexler are privileged (Nos. 24, 25, 33, 37, 39, 51, 52, 98, 100-02, 106-10, 112-17, 122-26, 129-33, 141-42, 144-45, 147, 149-50, 153, 155-56, 161) and whether the inclusion of McKenna personnel in other emails with the OGC (or its agent) (Nos. 37, 111, 121, 138-39, 154, 165-67, 169) was "reasonably necessary for the transmission of the information or the accomplishment of the purpose for which [a] lawyer is consulted. *Zurich,* 155 Cal. App. 4th at 1503."

## V.  NONE OF THE COMMUNICATIONS ARE WORK PRODUCT

McKenna has not met its burden of establishing that any of the documents listed on the privilege log were prepared in anticipation of litigation and are therefore work product. *United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 22 (N.D. Cal. 1985). Its only references to the work product doctrine are in passing and in a conclusory manner.[9] Therefore, McKenna has conceded the argument.

DATED: September 27, 2016         **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:_____*/s/ Rachele R. Rickert*_____
                  RACHELE R. RICKERT

---

[9]      *See* Joint Stipulation at 21 ("all of these confidential communications with public relations consultants are protected by the attorney-client privilege and work product doctrine") & 27 (referencing the doctrine in a parenthetical).

1

2

3

4

5

6

7

8

9

10

11

12

13

RACHELE R. RICKERT
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599
rickert@whafh.com
livesay@whafh.com
dejong@whafh.com

DANIEL W. KRASNER
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4653
krasner@whafh.com

**BRACEWELL LLP**
MICHAEL C. HEFTER
RYAN M. PHILP
DAVID A. SHARGEL

14   DATED:  September 27, 2016     By: ____*/s/ Michael C. Hefter*_____
                                          MICHAEL C. HEFTER

15

16

17

18

19

20

1251 Avenue of the Americas
New York, New York 10020
Telephone: 212.508.6100
Facsimile: 212.508.6101
Michael.Hefter@bracewelllaw.com
Ryan.Philp@bracewelllaw.com
David.Shargel@bracewelllaw.com

*Attorneys for Plaintiffs CAMOFI Master LDC*
*and CAMHZN Master LDC*

21

22

23

24

25

26

27

28

- 6 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION CONCERNING CONCURRENCE

I, Rachele R. Rickert, am the CM/ECF User whose identification and password are being used to file this SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT McKENNA LONG & ALDRIDGE LLP.  In compliance with L.R. 5-4.3.4(a)(2)(i), I hereby attest that Michael C. Hefter has concurred in this filing's content and has authorized its filing.

DATED:  September 27, 2016          By:    _/s/ Rachele R. Rickert_
                                                RACHELE R. RICKERT

USAE:23336v4

- 7 -