RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

DANIEL W. KRASNER (*pro hac vice*)
krasner@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

*Attorneys for Plaintiff Frederick Rich*

[Additional counsel appear on signature page]

MICHAEL C. HEFTER
RYAN M. PHILP
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
Telephone: 212.918.3000
Facsimile: 212.918.3100
(*admitted pro hac vice*)

ALAN KOSSOFF (SBN 150932)
**KINSELLA WEITZMAN ISER**
 **KUMP & ALDISERT LLP**
akossoff@kwiklaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

*Attorneys for Plaintiffs CAMOFI Master LDC and CAMHZN Master LDC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

DAVID L. DEFREES, et al.,

    Plaintiffs,

  v.

JOHN C. KIRKLAND, et al.,

    Defendants,

  and

U.S. AEROSPACE, INC.

    Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-04272 JLS (SPx) consolidated with Case No. CV 11-04574 JLS (SPx)

(Derivative Action)

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of December 15, 2017 (the "Stipulation") is made and entered into by and among the following Settling Parties[1] to settle the Litigation (as defined below): (i) representative plaintiffs Frederick Rich ("Rich"), CAMOFI Master LDC and CAMHZN Master LDC (together, the "CAM Funds") on behalf of themselves, and derivatively on behalf of Nominal Defendant U.S. Aerospace, Inc. ("USAE"), by and through their counsel of record; and (ii) Defendants Dentons US LLP[2] ("Dentons"), James D. Henderson, Michael Goldberg, Charles Arnold ("Arnold"), TUSA Acquisition Corp. ("TUSA"), Daisy Rodriguez, and KC-X American Aerospace, LLC ("KC-X") (collectively, the "Settling Defendants"), by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On May 18, 2011 and May 26, 2011, Plaintiff Rich and the CAM Funds, respectively, filed derivative complaints in the United States District Court for the Central District of California on behalf of nominal Defendant USAE.    The Complaints allege, *inter alia*, that several defendants entered into two sham transactions that ultimately transferred a controlling interest in USAE to their family, friends and affiliates.  Plaintiffs' complaints include causes of action for breach of fiduciary duty, legal malpractice, vicarious liability, aiding and abetting breach of fiduciary duty, corporate waste and civil conspiracy.    The parties vigorously litigated this action and trial of this matter was scheduled to take place on February 28, 2017. *See* Docket No. 534.

---

[1]    Capitalized terms are defined in Section IV, Part 1.

[2]    Plaintiffs initially named Luce, Forward, Hamilton & Scripps LLP ("Luce Forward") as a defendant.  Luce Forward subsequently merged into McKenna Long & Aldridge LLP ("McKenna"), which later merged into Dentons.  This Stipulation applies to all three law firms.

- 1 -

## II.   CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs assert that the claims alleged in the Litigation have merit. Nevertheless, Plaintiffs recognize and acknowledge the expense and length of continued proceedings, including the impending trial, necessary to prosecute the Litigation against Defendants through trial and, potentially, through appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Litigation. Plaintiffs have further considered the uncertainty as to what they may be entitled to recover on behalf of USAE even if they were to prevail on some or all of their claims, as well as the potential expenses and difficulties associated with collecting on any judgments against Defendants. Based on their evaluation, and the evaluation of Plaintiffs' Counsel, Plaintiffs have determined that it is desirable to settle the Litigation on the terms set forth in the Stipulation.

## III.   DENIALS OF WRONGDOING AND LIABILITY

Dentons, Mr. Henderson, Arnold, Daisy Rodriguez, TUSA and KC-X[3] expressly have denied and continue to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation, and also deny and continue to deny, *inter alia*, the allegations that Plaintiffs, USAE or its stockholders or creditors suffered damages as a result of the conduct alleged in the Litigation.

Pursuant to orders dated October 30, 2014 and January 26, 2016, defaults were entered against defendants John C. Kirkland ("Kirkland"), Arnold, Daisy Rodriguez, Michael Goldberg, Kenneth Koock, Hal Kolker, American Defense Investments ("ADI"), TUSA, Richard Berkshire, the Estate of Richard Fixaris, and

---

[3]   Pursuant to an Order Granting Stipulation to Set Aside Entry of Default dated August 31, 2015, the entry of default against defendant Henderson in the *Rich* matter was vacated.  Docket No. 325.

KC-X, and against nominal defendant USAE.  CAMOFI Docket No. 388, Rich Docket No. 280.  However, upon the Effective Date, defaults against all signatories to the Stipulation of Settlement, the Estate of Richard Fixaris, Richard Berkshire and/or director defendants Kenneth Koock and Hal Kolker will be vacated, and therefore, in connection with this settlement, those Defendants deny any wrongdoing or damages as a result of their alleged conduct.

Nonetheless, Settling Defendants have concluded that further continuation of the Litigation would be protracted and expensive, and that the Litigation should be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and derivatively on behalf of USAE), and Settling Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties and Released Defendants (as defined herein), upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1.   "USAE" or the "Company" means Nominal Defendant U.S. Aerospace, Inc. (f/k/a New Century Companies, Inc.) and its affiliates, subsidiaries, parents, predecessors and/or successors, including, but not limited to, USAE LLC.

1.2.   "USAE Shares" means USAE shares or common stock equivalents or that of its predecessor company, New Century Companies, Inc.

- 3 -

1.3.   "USAE Shareholders" means holders of USAE shares or common stock equivalents.

1.4.   "Claims Administrator" means the qualified, third party selected by Plaintiffs' Counsel and approved by the Court in the Preliminary Approval Order to administer this Stipulation, including implementing the Notice provisions herein.

1.5.   "Claim Form" means the claim form, substantially in the form set forth in Exhibit E attached hereto, which form must be timely and fully completed and submitted by each USAE Shareholder who wishes to receive, and is eligible to receive, payment of settlement benefits under the terms of this Stipulation.

1.6.   "Claims Period" means the time during which USAE Shareholders may timely submit Claim Forms pursuant to Section 2.2.2., which shall span from the Notice Date and end on the 90th day or such day as the Court grants thereafter.

1.7.   "Defendants" mean Luce Forward, McKenna, Dentons, John C. Kirkland, Charles Arnold, James D. Henderson, Michael Goldberg, Kenneth Koock, Hal Kolker, Jerrold Pressman, ADI, TUSA, Richard Berkshire, Daisy Rodriguez, KC-X and Estate of Richard Fixaris.  For clarity, the term "Settling Defendants" shall include only the defendants who are signatories to this Stipulation of Settlement, including all defaulted defendants who are signatories to this Stipulation of Settlement.

1.8.   "Litigation" means the following consolidated derivative actions filed on behalf of USAE in the United States District Court for the Central District of California: *Defrees v. Kirkland*, Case No. CV 11-04272 JLS (SPx); *CAMOFI Master LDC v. Pressman*, Case No. CV 11-04574 JLS (SPx).

1.9.   "Effective Date" means the first date by which all of the events and conditions specified in section 5.9 of this Stipulation have been met and have occurred.

1.10.  "Final," with respect to the Judgment, means the later of: (i) if USAE Shareholders make no objection to the Settlement before the deadline set

- 4 -

forth in Exhibit B, the date of the Judgment; or (ii) if there is an appeal from the Judgment, the date of final affirmance on appeal and the expiration of the time for any further judicial review, whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to the grant; or (iii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iv) the expiration of the time for the filing or noticing of any appeal from the Court's Judgment, which is thirty (30) calendar days after the Judgment is entered on the Court's docket (or, if the date for taking an appeal or seeking review of the Judgment shall be extended beyond this time by order of the Court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought); or (v) if the Court enters a judgment substantially different from the form of Judgment set forth in Exhibit A hereto (an "Alternative Judgment") and the Settlement is not terminated, the date that such Alternative Judgment becomes final as defined in parts (i) to (iv) above and no longer subject to appeal or review.   However, any appeal or proceeding seeking subsequent judicial review pertaining solely to any award of attorneys' fees or expenses shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final, or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

1.11. "Judgment" means the judgment to be rendered by the Court substantially in the form attached hereto as Exhibit A.

1.12. "Law Firm Defendants" shall mean Dentons, McKenna, Luce Forward and Kirkland.

1.13. "Notice" means the notice substantially in the form attached hereto as Exhibit B.

\\NY - 782285/000740 - 8279674 v1

1.14.  "Notice Date" means the later of: (1) the date on which the Summary Notice is published in Investor's Business Daily; or (2) the date the mailing of the Notice to USAE Shareholders is completed.

1.15.  "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint venture, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and any spouse, heir, legatee, executor, administrator, predecessor, successor, representative or assign of any of the foregoing.

1.16.  "Plaintiffs" means Frederick Rich, CAMOFI Master LDC and CAMHZM Master LDC, individually and derivatively on behalf of USAE.

1.17.  "Plaintiffs' Counsel" means (i) Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Rachele R. Rickert, Brittany N. DeJong, 750 B. Street, Suite 2770, San Diego, CA 92101, and Daniel W. Krasner, 270 Madison Avenue, New York, NY 10016; and Michael C. Hefter and Ryan M. Philp, Hogan Lovells US LLP, 875 Third Avenue, New York, New York, 10022.

1.18.  "Plaintiff's Incentive Award" means the amount of any incentive award to Plaintiff Rich approved by the Court.

1.19.  "Preliminary Approval Order" means an order substantially in the form attached hereto as Exhibit C.

1.20.  "Related Persons" means each of a Defendant's present or former partners, employees, spouses, relatives, heirs, executors, estates, and administrators, parents, subsidiaries, predecessors, successors, affiliates, assigns, shareholders, directors, officers, principals, members, managers, attorneys, agents, representatives and insurers.

1.21.  "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in section 1.27 hereof), demands, rights, liabilities

- 6 -

1   and causes of action of every nature and description whatsoever, known or

2   unknown, whether or not concealed or hidden, which have been or could have been

3   asserted by Plaintiffs derivatively on behalf of USAE against the Released

4   Defendants in state or federal court or in arbitration or similar proceedings,

5   including, without limitation, those arising out of or based upon or related to

6   USAE, the Litigation or the defense, Settlement or resolution of the Litigation.  For

7   the avoidance of doubt, Released Claims shall not include any award of sanctions

8   ordered by the Court or judgments reflecting liability for such orders against

9   Kirkland, ADI or their counsel, Mark Vega.

10       1.22.  "Released Defendants" means each and all of the Settling Defendants

11   and the Related Persons, as well as John C. Kirkland, Hal Kolker, Kenneth J.

12   Koock, the Estate of Richard Fixaris, Richard Berkshire and Jerrold S. Pressman.

13       1.23.  "Settlement" means the agreement between the Settling Parties to

14   resolve the Litigation, as described in this Stipulation.

15       1.24.  "Settling Party or Settling Parties" means, collectively, Defendants

16   who are signatories to the Stipulation and the Plaintiffs.

17       1.25.   "Stipulation" means this Stipulation of Settlement.

18       1.26. "Summary Notice" means the summary notice substantially in the

19   form attached hereto as Exhibit D.

20       1.27. "Unknown Claims" means any Released Claim which any Settling

21   Party does not know or suspect to exist in his, her or its favor at the time of the

22   release of the Released Defendants which, if known by him, her or it, might have

23   affected his, her or its Settlement with and release of the Released Defendants, or

24   might have affected his, her or its decision not to object to this Settlement.  With

25   respect to any and all Released Claims, the Settling Parties stipulate and agree that,

26   upon the Effective Date, the Settling Parties each shall expressly waive, and by

27   operation of the Judgment shall be deemed to have expressly waived, the

28

- 7 -

provisions, rights and benefits of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties each shall expressly waive, and by operation of the Judgment shall be deemed to have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code section 1542. The Settling Parties each may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, the Settling Parties each shall expressly have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a material element of the Settlement of which this release is a part.

/ / /

/ / /

\\NY - 782285/000740 - 8279674 v1

## 2.    Consideration for Settlement of the Derivative Claims

2.1.    <u>Payment</u>.    The amount to be paid in full consideration of the Settlement shall be $12.2 million (the "Settlement Amount").  Of this amount, $10 million shall be paid by the insurer(s) for Luce Forward, and the remaining $2.2 million shall be paid by the remaining Settling Defendants, excluding the Law Firm Defendants and their insurer(s).  Of the $2.2 million, Defendants Charles Arnold, Daisy Rodriguez, KC-X and TUSA shall be jointly responsible for $5,000 and shall not be responsible for any other payment in connection with the Settlement.  The Settlement Amount covers all claims brought by Plaintiffs against Released Defendants and neither the Released Defendants nor their insurers will be required to pay any additional amounts whether for attorneys' fees, costs or expenses or otherwise.  After receiving appropriate W-9(s) and wiring instructions, payments of the Settlement Amount shall be made into an escrow account no later than thirty (30) days following entry by the Court of the Preliminary Approval Order.  Daniel W. Krasner and Michael C. Hefter shall serve as co-escrow agents and/or co-account holders (the "Co-Escrow Agents").  After the Court enters the Judgment, the Co-Escrow Agents shall distribute the Settlement Amount to the CAM Funds and USAE's shareholders in accordance with section 2.2 below.  No distributions will be made without the authorizing signatures of both of the Co-Escrow Agents.

2.2.    <u>Distribution</u>.  The Settlement Amount shall be distributed as follows:

2.2.1.  $10.6 million to the CAM Funds on account of (i) the CAM Funds' senior secured notes and (ii) fees and expenses incurred in connection with the prosecution of this Action.

2.2.2.  Up to $290,000 of the Settlement Amount to current USAE Shareholders who held USAE Shares on March 31, 2010, and who continued to hold USAE Shares as of February 21, 2017, other than Defendants and the Related Persons, as provided in the Preliminary Approval Order (the "Shareholder Distribution").    USAE Shareholders, other than Defendants and the Related

- 9 -

Persons, who submit to the Claims Administrator valid claims, with appropriate documentation of their eligibility to participate in the distribution, shall receive, subject to proration as provided below, up to $0.07 times the lesser of:  (1) the number of USAE Shares they held on March 31, 2010; and (2) the number of USAE Shares they held on February 21, 2017.  In order to participate in the distribution under this Section, USAE Shareholders must submit a completed Claim Form, substantially in the form attached hereto as Exhibit E, during the Claims Period for consideration and approval by the Claims Administrator along with evidence of the number of USAE Shares they held on March 31, 2010 and on February 21, 2017.  The Claims Administrator shall determine if each claim is valid.  For the avoidance of doubt, shares received in connection with the purported settlement between USAE and Omnicom Holdings, Inc. are not eligible to receive a distribution from the Settlement Amount.  USAE Shareholders who fail to make a valid claim for distribution benefits will not receive any portion of the Settlement Amount.

2.2.3.  If the total of all valid claims is greater than $290,000, then the Claims Administrator shall make a pro rata adjustment and issue distribution checks in the pro rata amount, using the following formula:

$$\text{Pro rata adjustment} \quad = \quad \frac{\$290,000}{\text{Total value of all claims}}$$

$$\text{Pro rata adjustment} \quad \text{x} \quad \text{Shareholder claim amount} \quad = \quad \text{Shareholder payment}$$

2.2.4.  Notice and administration costs of up to $15,000 shall be paid from the interest earned on the Settlement Amount escrow account.  Any notice and administration costs that exceed $15,000 shall be paid from the Shareholder Distribution prior to any pro rata adjustment as provided above in section 2.2.3 or payment to CAM Funds of the remainder.

- 10 -

2.2.5.  Any portion of the Settlement Amount remaining after all the notice and administration costs are paid and the Shareholder Distribution is made shall be paid to the CAM Funds.

2.2.6.  Provided the funds are received by the CAM Funds pursuant to section 2.2.1, an alternative court-ordered distribution of the Settlement Amount shall not be grounds for termination or cancellation of the Settlement.

2.3.   <u>Rescission of Series E Preferred Shares.</u>  The Settling Parties agree that the Series E Preferred shares are declared null and void and cannot be converted into USAE common stock and that neither ADI nor TUSA shall receive any distribution from the Settlement Amount from this Litigation.

**3.    Releases**

3.1.   Upon the Effective Date, as defined in section 1.9, Plaintiffs, on their own behalf individually and derivatively on behalf of USAE, shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged: (a) all Released Claims, including Unknown Claims, against the Released Defendants; and (b) any and all claims, whether known or unknown, against the Released Defendants, arising out of, relating to, or in connection with USAE, the Litigation, or the defense, Settlement or resolution of the Litigation; provided, however, that the Released Claims shall not include any award of sanctions ordered by the Court or judgments reflecting liability for such orders against Kirkland, ADI or their counsel, Mark Vega.

3.2.   Upon the Effective Date, as defined in section 1.9, each of the Settling Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, Plaintiffs' Counsel, David DeFrees and his estate, Simon Gershon, Centrecourt Asset Management, Richard Smithline, Dan Ly and Michael Loew from all claims (including Unknown Claims), arising out of, or relating to, USAE or arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement

- 11 -

1    or resolution of the Litigation or the Released Claims.  Settling Defendants further

2    agree that they will not commence any further litigation on behalf of, or in the name

3    of, USAE, its predecessors or successors.

4    **4.    Plaintiffs' Counsels' Attorneys' Fees and Reimbursement of**

5    **Expenses and Plaintiff Rich's Incentive Award**

6        4.1.    Plaintiff Rich's counsel, Wolf Haldenstein, intends to submit,

7    concurrently with the application for the Court's approval of the Settlement

8    contemplated by this Stipulation, an application for an award of attorneys' fees in

9    the amount of $1,000,000, plus expenses incurred of up to $300,000 (the "Fee and

10   Expense Application") for the benefits conferred on USAE and its debtor and

11   shareholders.  The CAM Funds intend to satisfy any fees and expenses incurred in

12   connection with the prosecution of this action out of the Settlement Amount as set

13   forth in Section 2.2, and will not seek any reimbursement of fees and expenses,

14   provided that $10.6 million of the Settlement Amount is distributed to the CAM

15   Funds in accordance with Section 2.2.  The Settling Defendants will not oppose

16   Wolf Haldenstein's Fee and Expense Application, nor will the CAM Funds,

17   provided the Settlement Amount is distributed in accordance with Section 2.2.

18   Such attorneys' fees and expenses as are awarded by the Court shall be paid from

19   the Settlement Amount to Wolf Haldenstein within thirty (30) days after the date on

20   which the Court enters the order awarding the fees and expenses.  Except as

21   expressly provided herein, Plaintiffs and Plaintiffs' Counsel shall bear their own

22   fees, costs and expenses, and no Defendant shall assert any claim for expenses,

23   costs and fees against Plaintiffs or Plaintiffs' Counsel.  A fee award that is less than

24   the amount requested by Plaintiff Rich's Counsel shall not be grounds for

25   termination or cancellation of the Settlement.  Neither Settling Defendants nor their

26   insurance carrier(s) shall have any obligation to fund any award of fees or costs in

27   addition to the payment of the Settlement Amount, which amount is expressly

28   inclusive of all awards, attorneys' fees and costs.

4.2.   Plaintiffs' Counsel shall apply for a Plaintiff's Incentive Award to be paid to Plaintiff Rich from the Settlement Amount in recognition for his contribution to this derivative action.   The Plaintiff's Incentive Award shall not exceed $10,000.

4.3.   Any portion of the $1.3 million in attorneys' fees and expenses not awarded to Wolf Haldenstein and any portion of the $10,000 not awarded to Plaintiff Rich shall be distributed *pro rata* to the CAM Funds and the USAE Shareholders based upon the percentages of the settlement funds received under sections 2.2.1 and 2.2.2 or as otherwise ordered by the Court.

**5.**      **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

5.1.   Each of the Settling Parties or their counsel shall execute this Stipulation.   Promptly following execution of this Stipulation, Plaintiffs shall present the Stipulation to the Court for preliminary approval and shall apply to the Court for entry of the Preliminary Approval Order in the form attached hereto as Exhibit C.

5.2.   On or before the dates set forth herein and consistent with Rule 23.1 of the Federal Rules of Civil Procedure, the Claims Administrator shall: (i) mail to USAE stockholders the Notice in the form attached hereto as Exhibit B, describing this Settlement, advising USAE stockholders of the opportunity to participate in the distribution, setting a date by which stockholders must file objections, which shall be no later than forty-five (45) days from the date of the Preliminary Approval Order, and advising stockholders of the scheduling of a hearing to consider the Settlement as set forth in this Stipulation; and (ii) publish in Investor's Business Daily the Summary Notice in the form attached hereto as Exhibit D.   All costs and expenses related to disseminating Notice and Summary Notice shall be paid from the Settlement Amount.

- 13 -

5.3.    Plaintiffs and Plaintiffs' Counsel shall take all appropriate steps and use their best efforts to obtain final approval of this Stipulation by the Court in accordance with Federal Rule of Civil Procedure 23.1.  The Settling Defendants will cooperate with Plaintiffs and Plaintiffs' Counsel in their effort to obtain such final approval and seek to schedule a Final Approval Hearing on or about sixty-five (65) days from the publication of the Preliminary Approval Order as set forth in Section 5.2(ii).

5.4.    Settling Defendants will cooperate and take all appropriate steps and use their best efforts to furnish to Plaintiffs' Counsel all information and documents, if any, in their possession, custody or control (and not otherwise in the possession of Plaintiffs or Plaintiffs' Counsel) concerning the identity and whereabouts of current or former stockholders in order that notice of the Settlement may be provided to USAE stockholders in the manner provided for in the Preliminary Approval Order and to allow Plaintiffs' Counsel to make a distribution from the Settlement Amount to USAE stockholders as provided in section 2.2.2. Plaintiffs and Plaintiffs' Counsel understand and agree that Dentons does not possess any such information or documents.

5.5.    Defendants Arnold, Daisy Rodriguez, TUSA and KC-X represent and warrant, individually and/or in their capacities as agents, representatives, members, officers, directors, stockholders or creditors of any entity, that they will take all appropriate steps in furtherance of the Settlement, including not objecting to Plaintiffs' motions for approval of the Settlement and any hearings or submissions in connection therewith, and will not engage in any conduct that has the intent or effect of impeding, delaying or interfering with the effectuation and Court approval of the Settlement.

5.6.    Plaintiffs and Plaintiffs' Counsel will take all appropriate steps and use their best efforts to obtain an order finding that this Settlement was reached in good faith pursuant to federal common law and California Code of Civil Procedure

- 14 -

§ 877.6, which shall discharge all claims for contribution brought by other Persons ("Bar Order").  Settling Defendants will cooperate with Plaintiffs and Plaintiffs' Counsel in their effort to obtain that Bar Order.

5.7.   Plaintiffs and Plaintiffs' Counsel will take all appropriate steps and use their best efforts to obtain entry of the Judgment in the form attached as Exhibit A hereto.  Settling Defendants will cooperate with Plaintiffs and Plaintiffs' Counsel in their effort to obtain entry of that Judgment.

5.8.   Upon the Court's approval of the Settlement and entry of judgment, the Litigation against Released Defendants will be dismissed with prejudice. Settling Defendants and their counsel agree to cooperate with Plaintiffs in seeking preliminary and final Court approval of the Settlement and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain such approval.

5.9.   The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

a)   the Court has entered a Judgment approving the Settlement and dismissing the Litigation against Released Defendants with prejudice; and

b)   the Judgment has become Final, as defined in section 1.10, above. If the conditions specified in this section 5.9 are not met, then the Stipulation shall be cancelled and terminated subject to section 5.10 unless Plaintiffs' Counsel and Defendants' counsel mutually agree in writing to proceed with the Stipulation.

5.10.  In the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become Final in accordance with its terms, all parties to the Litigation (including all Plaintiffs and all Defendants) shall be restored to their respective positions in the Litigation as of the date of signing this Stipulation, and the Co-Escrow Agents shall return the Settlement Amount, and any accrued interest thereon, minus the costs incurred to

- 15 -

1  provide notice to USAE Shareholders pursuant to Paragraph 5.2 hereof but not
2  including any administration fees or other fees or expenses, to the depositing parties
3  in an amount corresponding to their respective contributions.  In such event, the
4  terms and provisions of the Stipulation shall have no further force and effect with
5  respect to all parties to the Litigation and shall not be used in the Litigation or in
6  any other proceeding for any purpose, and any Judgment or order entered by the
7  Court in accordance with the terms of the Stipulation shall be treated as vacated,
8  nunc pro tunc.

9       **6.     Miscellaneous Provisions**

10      6.1.   The Settling Parties: (a) acknowledge that it is their intent to
11  consummate this Stipulation; and (b) agree to cooperate to the extent reasonably
12  necessary to effectuate and implement all terms and conditions of the Stipulation
13  and to exercise their best efforts to accomplish the foregoing terms and conditions
14  of the Stipulation.

15      6.2.   The Settling Parties intend this Settlement to be a final and complete
16  resolution of all disputes between them with respect to the Litigation.  The
17  Stipulation compromises claims which are contested and shall not be deemed an
18  admission by any Settling Party as to the merits of any claim, allegation or defense.
19  While retaining their right to deny that the claims advanced in the Litigation were
20  meritorious, the Defendants in any statement made to any media representative
21  (whether or not for attribution) will not deny that the Litigation was filed in good
22  faith and is being settled voluntarily after consultation with competent legal
23  counsel.

24      6.3.   Neither the Stipulation nor the Settlement, nor any act performed or
25  document executed pursuant to or in furtherance of the Stipulation or the
26  Settlement:  (a) is or may be deemed to be or may be used as an admission of, or
27  evidence of, the validity of any Released Claim, or of any wrongdoing or liability
28  of the Released Defendants; or (b) is or may be deemed to be or may be used as an

- 16 -

admission of, or evidence of, any fault or omission of any of the Released Defendants in any proceeding of any kind or nature, except in a proceeding commenced to enforce the terms of this Stipulation.  The Released Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

6.4.    The Exhibits to this Stipulation are a material and integral part hereof and are fully incorporated by this reference.

6.5.    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

6.6.    This Stipulation and all documents executed pursuant hereto constitute the entire agreement among the Settling Parties with respect to the Settlement of the Litigation and supersede any and all prior negotiations, discussions, agreements or undertakings, whether oral or written, with respect to the Settlement of the Litigation.

6.7.    No representations, warranties or inducements have been made to any Settling Party concerning the Stipulation other than the representations, warranties and covenants contained and memorialized in this Stipulation.  Except as otherwise expressly provided in this Stipulation, each Settling Party shall bear its own costs, including attorneys' fees.

6.8.    Each counsel executing the Stipulation on behalf of any party hereto hereby warrants that such person has the full authority to do so.

6.9.    The Parties acknowledge, represent and warrant to each other that the terms of this Settlement are such that each of the Parties is to receive adequate consideration for the consideration given.

6.10.  The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.  Facsimile signatures shall be effective as though original.

6.11.  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

6.12.  Any signature to this Stipulation, to the extent signed and delivered by means of a facsimile machine or electronically scanned and sent via email, shall be treated in all manner and respects as an original signature and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.  At the request of a Party to this Stipulation, any other Party to this Stipulation so executing and delivering this document by means of a facsimile machine or via email shall re-execute original forms thereof and deliver them to the requesting Party.  No Party to this Stipulation shall raise the use of a facsimile machine or email to deliver a signature or the fact that any signature or agreement was transmitted or communicated through the use of a facsimile machine or email as a defense to the formation or the enforceability of this Stipulation and each such Person forever waives any such defense.

6.13.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all of the Settling Parties and their counsel submit to the jurisdiction of the Federal Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

6.14.  This Stipulation shall be deemed to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

- 18 -

6.15.  Prior to the Effective Date, Settling Defendants agree that they will not engage in any activities intended to dissipate or dispose of any assets of USAE. Settling Defendants further agree that, upon the Effective Date, they shall have no right to exercise dominion, control or ownership over USAE or its assets, including any government cage codes and licenses, and will not interfere with the lawful rights of any party to such assets.

6.16.  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto executed the Stipulation or have caused the Stipulation to be executed by their duly authorized attorneys.

DATED:  December 15, 2017

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
RACHELE R. RICKERT
MARISA C. LIVESAY
BRITTANY N. DEJONG

By:___*/s/ Rachele R. Rickert*___
         RACHELE R. RICKERT

750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599
rickert@whafh.com
livesay@whafh.com
dejong@whafh.com

DANIEL W. KRASNER
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4653
krasner@whafh.com

*Attorneys for Plaintiff Frederick Rich*

- 19 -

1

2

DATED:  December 15, 2017

**HOGAN LOVELLS US LLP**
MICHAEL C. HEFTER
RYAN M. PHILP

3

4

By: _____/s/ Michael C. Hefter_____
              MICHAEL C. HEFTER

5

6

7

875 Third Avenue
New York, New York 10022
Telephone:  212.918.3000
Facsimile:  212.918.3100
Michael.Hefter@hoganlovells.com
Ryan.Philp@hoganlovells.com

8

9

*Attorneys for Plaintiffs CAMOFI Master LDC and CAMHZN Master LDC*

10

11

DATED:  December 15, 2017

**LOEB & LOEB LLP**
W. ALLAN EDMISTON
JED I. LOWENTHAL

12

13

By: _____/s/ W. Allan Edmiston_____
          W. ALLAN EDMISTON

14

15

16

17

10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone:  310-282-2000
Facsimile:  310-282-2200
aedmiston@loeb.com
jlowenthal@loeb.com

*Counsel for Defendant Dentons US LLP (f/k/a McKenna Long & Aldridge LLP and Luce Forward Hamilton & Scripps, LLP)*

18

19

20

DATED:  December 15, 2017

**CONNOLLY & FINKEL LLP**
ALAN H. FINKEL
JOHN G. CONNOLLY

21

22

By: _____/s/ Alan H. Finkel_____
          ALAN H. FINKEL

23

24

25

15760 Ventura Blvd., 18th Floor
Encino, CA  91436
Telephone:  (213) 452-6504
Facsimile:  (213) 622-2171
afinkel@cfgllp.com

26

*Attorneys for Defendants James D. Henderson and Michael L. Goldberg*

27

28

- 20 -

DATED:  December 15, 2017

**LAW OFFICE OF DAVID L. FLECK, INC.**

By: _____/s/ David L. Fleck_____
            DAVID L. FLECK

11145 Tampa Ave., Suite 19B
Porter Ranch, CA 91326
Telephone:  (818)488-9729
dfleck@fraudlawyerlosangeles.com

*Attorneys for Defendants Daisy Rodriguez,*
*Charles Arnold, KC-X American Aerospace, LLC,*
*and TUSA Acquisition Corp.*

## DECLARATION CONCERNING CONCURRENCE

I, Rachele R. Rickert, am the CM/ECF User whose identification and password are being used to file this STIPULATION OF SETTLEMENT.  I hereby attest that Michael C. Hefter, W. Allan Edmiston, Alan H. Finkel and David L. Fleck have concurred in this filing's content and have authorized its filing.

DATED:  December 15, 2017                    _____/s/ Rachele R. Rickert_____
                                                                          RACHELE R. RICKERT

23707v18

- 21 -