1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  DAVID L. DEFREES, et al.,, | Case No. CV 11-04272-JLS (SPx) consolidated with Case No. SACV 11-04574-JLS (SPx) |
| 12          Plaintiffs, | |
| 13 | |
| 14      vs. | (Derivative Action) |
| 15  JOHN C. KIRKLAND, et al., | **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF DERIVATIVE SETTLEMENT (Doc. 565) AND SETTING A FINAL SETTLEMENT HEARING DATE FOR JULY 20, 2018, AT 2:30 P.M.** |
| 16          Defendants, | |
| 17 | |
| 18      and | |
| 19 | |
| 20  U.S. AEROSPACE, INC. | |
| 21          Nominal Defendant. | |
| 22 | |

23
24
25
26
27
28

1

1    Before the Court is an Unopposed Motion filed by Plaintiffs Frederick Rich and

2    CAMOFI Master LDC and CAMHZEN Master LDC (together, "the CAM Funds") for

3    preliminary approval of a proposed derivative settlement related to claims brought on

4    behalf of Nominal Defendant U.S. Aerospace against Defendants Dentons US LLP, John

5    C. Kirkland, James D. Henderson, Michael Goldberg, Kennth Koock, Jerrold Pressman,

6    Richard Berkshire, Hal Kolker, Charles Arnold, TUSA Acquisition Corp., Daisy

7    Rodriguez, the Estate of Richard Fixaris, and KC-X American Aerospace, LLC.  (Mot.,

8    Doc. 565.)  Plaintiffs ask the Court to (1) preliminarily approve the terms of the derivative

9    settlement; (2) set a final settlement hearing; and (3) approve the form and content of

10   notice.  (*See* Mem. at 12, Doc. 565-1.)  The Court decided on January 24, 2018 that it

11   needed more information prior to ruling on the Motion and ordered supplemental briefing.

12   (Order, Doc. 569.)  Specifically, the Court asked the parties to submit information about its

13   selected Claims Administrator and its competence, and additional authority that would

14   help the Court to determine whether the amount offered in settlement was fair, reasonable,

15   and adequate.  (Order at 1-2.)  Plaintiffs submitted supplemental briefing addressing these

16   issues on February 7, 2018.  (Supplemental Memorandum, Doc. 571.) Having read and

17   considered the papers on file, having taken the matter under submission, and having held a

18   hearing, the Court GRANTS Plaintiffs' Motion and sets a final settlement hearing date for

19   July 20, 2018, at 2:30 p.m.

20

21   **I.    BACKGROUND**

22        On May 18, 2011 and May 26, 2011, Plaintiffs Rich and the CAM Funds filed

23   derivative complaints in this Court.  (Compl., Doc. 1.)  The complaints alleged that

24   "several defendants entered into two sham transactions that ultimately transferred a

25   controlling interest in USAE to their family, friends, and affiliates."  (Mem. at 7; *see also*

26   SAC ¶¶ 32-64, Doc. 301.)  The complaint was amended twice; the Second Amended

27   Complaint includes causes of action for (1) legal malpractice; (2) breach of fiduciary duty;

28

1    and (3) corporate waste.  (*See* SAC, Doc. 301.)  The parties engaged in litigation and

2    mediation, and ultimately reached an agreement in February 2017.  (Mem. at 3-4.)

3            The Settlement Agreement states that Plaintiffs Rich and the CAM Funds will

4    release the following claims: "all claims . . . demands, rights, liabilities, and causes of

5    action of every nature and description whatsoever, known or unknown, whether or not

6    concealed or hidden, which have been or could have been asserted by Plaintiffs

7    derivatively on behalf of USAE against the Released Defendants . . . including, without

8    limitation, those arising out of or based upon or related to USAE, the Litigation or the

9    defense, Settlement, or resolution of the Litigation."  (Settlement Agreement ¶ 1.21, Doc.

10   564.)  These claims are to be settled for a total of $12.2 million, to be paid by the settling

11   defendants and/or their insurers.  (*Id*. ¶ 2.1.)  $10.6 million will be distributed to the CAM

12   funds.  (*Id*. ¶ 2.2.1.)  Up to $290,000 of the fund will be distributed to current USAE

13   shareholders who held shares on March 31, 2010 and continued to hold shares as of

14   February 21, 2017.  (*Id*. ¶ 2.2.2.)  Such shareholders will submit claims forms and will

15   receive a *pro rata* share of the total $290,000, each receiving up to seven cents times the

16   lesser of (1) the number of shares held on March 31, 2010 and (2) the number of shares

17   held on February 21, 2017.  (*Id*.)  Plaintiff Rich's counsel will apply for an award of

18   attorneys' fees in the amount of $1 million and costs of up to $300,000 and Plaintiff Rich

19   will apply for an incentive award of up to $10,000.  (*Id*. ¶¶ 4.1-4.3)  The CAM Funds will

20   pay for their attorneys' fees and costs out of their $10.6 million distribution.  (*Id*. ¶ 4.1.)

21   Finally, notice and administration costs, up to $15,000, will be paid from the interest

22   earned on the Settlement Amount escrow account.  (*Id*. ¶ 2.2.4.)

23           Any portion of the attorneys' fees and expenses and incentive awards not awarded

24   will be distributed *pro rata* to the CAM Funds and USAE shareholders.  (*Id.* ¶ 4.3.)  In

25   turn, should any portion of the settlement fund remain after notice and administration costs

26   are paid and the Shareholder Distribution is made, the funds shall be paid to the CAM

27   Funds.  (*Id.* ¶ 2.2.5.)

28

1    The Motion also enumerates the process for shareholder Notice.  Plaintiffs have

2    four shareholder lists which they received during discovery, and they will provide these

3    lists to the Notice Administrator.  (Mem. at 11.)  The Notice Administrator will then

4    eliminate duplication and mail a notice to each shareholder.  (*Id.*)  Notice by mail will be

5    supplemented with publication notice directed to USAE shareholders and creditors in

6    *Investor's Business Daily*.  (*Id.* at 11-12.)

7    Plaintiffs now move for preliminary approval of the proposed settlement.  (Mot.)

8    Plaintiffs contend that the proposed settlement is fair, reasonable, adequate, and in the best

9    interest of shareholders.  (*Id.* at 7, 10–11.)

10

11   **II.    PRELIMINARY APPROVAL OF DERIVATIVE SETTLEMENT**

12   Settlement of derivative actions is governed by Federal Rule of Civil Procedure

13   23.1, which states that a derivative action "may be settled, voluntarily dismissed, or

14   compromised only with the court's approval."  Moreover, when approving the settlement

15   of a derivative action, "the court should apply the principles and procedures governing

16   settlements of class actions in general."  Federal Judicial Center, *Manual for Complex*

17   *Litigation*, § 31.8 (4th ed. 2004).  Approval of a settlement proceeds in two steps: "under

18   Ninth Circuit precedent, this Court must grant preliminary approval of a settlement,

19   including approval of the notice to shareholders and the proposed method of notice, before

20   having the final settlement hearing."  *In re NVIDIA Corp. Derivative Litig.*, No. C-06-

21   06110-SBA(JCS), 2008 WL 5382544, at *2 (N.D. Cal. Dec. 22, 2008).  "In order to grant

22   preliminary approval, the Court need only conclude that the settlement of the claims on the

23   agreed upon terms is 'within the range of possible approval.'"  *Id.* (citing Federal Judicial

24   Center, *Manual for Complex Litigation*, § 30.41 (3d ed. 1995).  "To determine whether the

25   Settlement is "within the range of possible approval," the Court must evaluate whether the

26   Settlement is 'fair, reasonable, and adequate' and ensure that the agreement is 'not the

27   product of fraud or overreaching by, or collusion between, the negotiating parties.'"  *Id.*

28

4

1  (quoting *Officers for Justice v. Civil Serv. Comm'n*, 668 F.2d 615, 625 (9th Cir. 1982)).

2  "In the context of shareholder derivative litigation, several . . . factors ... inform the Court's

3  evaluation of whether settlement is fair, reasonable, and adequate: (1) the reasonableness

4  of the benefits achieved by the settlement in light of the potential recovery at trial; (2) the

5  likelihood of success in light of the risks posed by continued litigation; (3) the likely

6  duration and cost of continued litigation; and (4) any shareholder objections to proposed

7  settlement." *Lloyd v. Gupta*, No. 15-CV-04183-MEJ, 2016 WL 3951652, at *6 (N.D. Cal.

8  July 22, 2016) (quoting *in re AOL Time Warner S'holder Derivative Litig*., 2006 WL

9  2572114, at *3 (S.D.N.Y. Sept. 6, 2006).

10      In evaluating all applicable factors below, the Court finds that the proposed

11  settlement agreement should be preliminarily approved.

12

13      **A.  Likelihood of Success versus Risk, Complexity, and Likely Duration of**

14          **Further Litigation**

15      Plaintiffs assert that their claims have merit, but acknowledge that litigation is likely

16  to be uncertain, expensive, and lengthy, particularly due to the complexity of the claims.

17  (Mem. at 10-11.)  Plaintiffs also concede that there are "inherent problems of proof and

18  possible defenses," and highlight "the uncertainty and difficulties associated with

19  collecting on any judgments against Defendants."  (*Id*. at 11.)  The Court notes that this

20  litigation has been ongoing since 2011.  These factors therefore weigh in favor of granting

21  preliminary approval.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D.

22  523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly inadequate,

23  its acceptance and approval are preferable to lengthy and expensive litigation with

24  uncertain results." (citation omitted)).

25

26

27

28

1        **B. <u>Amount Offered in Settlement</u>**

2        The Court finds that the amount offered in settlement is reasonable.  The total

3  settlement fund is $12.2 million, of which at least $10.6 million will be distributed to the

4  Plaintiff CAM Funds and at least $290,000 will be distributed to USAE shareholders.  The

5  parties have presented expert evidence of the economic damages suffered by USAE;

6  Travis Keath calculated that USAE suffered between $23.8 million to $35.9 million in

7  damages, while the CAM Funds' expert Joshua Thomas estimated that USAE suffered

8  between $18.7 million to $43.2 million in damages.  (Supp. Mem. at 4-5; *see also* Keath

9  Report, Supp. Mem. Ex. B, Doc. 571-2 at 12; Thomas Report, Supp. Mem. Ex. C, Doc.

10  571-3 at 20.)

11        This settlement differs from traditional shareholder derivative litigation because it

12  represents a global resolution of claims of both secured creditors and shareholders.  Absent

13  a compromise, the CAM funds' claims would have subsumed the entire settlement amount.

14  (*See* Mem. at 12 n7.)  The Court will consider separately the recovery for each category of

15  plaintiffs to determine the settlement's fairness and reasonableness.

16        The $10.6 million settlement amount allocated to the CAM funds represents

17  approximately 25 percent of the CAM funds' damages using the highest damages figure,

18  and approximately 57 percent of damages using the lowest damages figure.  This amount

19  compares favorably and in fact exceeds the percentages of recovery in other derivative

20  actions in this circuit.  *See, e.g.*, *In re Atmel Corp. Derivative Litig.*, No. C 06-4592 JF

21  (HRL), 2010 WL 9525643, at *12 (N.D. Cal. Mar. 31, 2010) (noting that a net recovery of

22  15 percent "exceed[ed] the average recovery in shareholder derivative litigation); *In re*

23  *Apple Computer, Inc. Derivative Litig.,* No. C 06-4128 JF (HRL), 2008 WL 4820784, at

24  *2 (N.D. Cal. Nov. 5, 2008) (approving derivative settlement representing either 11 or 31

25  percent of damages depending on measure of damages).

26        Shareholders will receive up to $0.07 cents per share, and the distribution will be

27  prorated should the total value of claims exceed $290,000.  (Settlement Agreement ¶¶

28

2.2.2-2.2.3.)  The "closing stock trading price" on March 31, 2010, the last quarter end before the board change that allegedly enabled the misconduct at issue in this suit, was between twelve and eighteen cents per share.  (Mem. at 3; Keath Report at 5, 7.)  The seven cents-per- share recovery therefore represents between approximately 39 and 58 percent of the final stock price.  Like the recovery for the CAM funds, this percentage compares favorably to other shareholder derivative settlements in this circuit.

Accordingly, the Court concludes that the amount in settlement is fair, reasonable, and adequate.  Moreover, the allocation between the secured creditors and shareholders adequately reflects the relative stakes of shareholders in the dispute.

Finally, the amount of the settlement also appears fair, adequate, and reasonable in light of the claims released by Plaintiffs.  The release includes claims that "have been or could have been asserted by Plaintiffs derivatively on behalf of USAE" and those "arising out of or based upon or related to USAE."  (*Id.* ¶ 1.21.)  Providing payment to compensate for lost value of shares appropriately reflects the scope of the release.

## 1.    *The Court's Concerns*

Although the Court does not approve the proposed amount of incentive award at this stage, the Court raises its concerns with Rich's proposed incentive award.  The settlement provides that Rich may apply for a service payment of $10,000, subject to court approval.  (*Id.* at 4.2.)  In the Application for Fees and Costs, Rich must justify why the requested service payment is reasonable.  Rich is cautioned that the requested service payment must be reasonable and justified in light of the circumstances of the case.

As for attorneys' fees, the attorneys for the shareholders propose that they receive $1 million from the settlement proceeds.  The CAM funds attorneys, however, have been paid on an hourly basis throughout the litigation, and will not receive any particular amount from the settlement proceeds as fees.  Further, the attorneys for the shareholders argued that the Court should consider their $1 million fees request against the total settlement amount rather than only against the portion of the fund that will be distributed

to shareholders because the matter was litigated jointly.  The Court agrees that such an

analysis may be appropriate, but cautions the parties that before final approval, the court

will "scrutinize closely the relationship between attorneys' fees and benefit to the class"

and will not "award[] unreasonably high fees simply because they are uncontested."  *See*

*In re Bluetooth*, 654 F.3d 935, 948 (9th Cir. 2011) (internal quotation marks and citation

omitted).

> **C.  Shareholder Objections to Proposed Settlement**

Plaintiffs have not provided evidence of the shareholders' reactions to the proposed

settlement.  However, the Court recognizes that the lack of such evidence is not

uncommon at the preliminary approval stage.  Before the final settlement hearing, Counsel

shall submit a sufficient number of declarations from shareholders discussing their

reactions to the proposed settlement.

## III.   APPROVAL OF THE PROPOSED CLAIMS ADMINISTRATOR

The parties agreed to appoint JND Legal Administration as the claims administrator

in this action, subject to the Court's approval.  (*See* Suppl. Brief at 3-4.)  Plaintiffs provide

sufficient documentation of JND's competence in carrying out the duties of a claims

administrator in their supplemental briefing.  (Suppl. Brief at 3-4; Cormio Decl. ¶ 4-7,

Doc. 571-1.)  Moreover, courts in this circuit have approved JND as the claims

administrator in a number of class action settlements.  *See Allagas v. BP Solar*

*International, Inc.*, No. 3:14-cv-560-SI (EDL), 2016 WL 9137636 at *3 (N.D. Cal.

September 2, 2016) (appointing JND); *Gragg v. Orange CAB Company, Inc.*, No. CV 12-

576 RSL, 2017 WL 785170, at *2 (N.D. Cal. Mar 1, 2017) (same).  Accordingly, the Court

approves JND as the claims administrator in this action.

## IV.   PRELIMINARY APPROVAL OF SHAREHOLDER NOTICE FORM AND METHOD

For settlement of a derivative action, notice "must be given to shareholders or

members in the manner that the court orders."  Fed. R. Civ. P. 23.1(c).

1    The parties have agreed that JND will mail a Notice to USAE Shareholders and will

2    publish a Summary Notice in the national edition of *Investor's Business Daily*.  (Mem at

3    15.)  Plaintiffs will provide the four shareholder lists they received during discovery to

4    JND, which will eliminate duplication prior to mailing the Notice.  (*Id*.)  As provided by

5    the Settlement, the deadline to provide a claim form is ninety days from the date of notice.

6    (Settlement Agreement ¶ 1.6.)  The Settlement Agreement provides that the objection

7    deadline will be forty-five days from the date of preliminary approval; the Court extends

8    the objection deadline to **sixty (60) days** from the date the Notice is mailed or published,

9    whichever is later.  (*Id*. ¶ 5.2.)

10    The Supreme Court has found notice by mail to be sufficient if the notice is

11    "reasonably calculated . . . to apprise interested parties of the pendency of the action and

12    afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank &*

13    *Trust Co.*, 339 U.S. 306, 314 (1950); *accord Sullivan v. Am. Express Publ'g Corp.*, No.

14    SACV 09-142-JST ANx, 2011 WL 2600702 at *8 (C.D. Cal. June 30, 2011) (quoting

15    *Mullane*).  Further, the supplementation of notice via *Investor's Business Daily* is

16    reasonably calculated to reach shareholders.  The Court finds that the proposed procedure

17    for class notice satisfies the standard.

18    Plaintiffs have provided the Court with a copy of the proposed notice.  (Class

19    Notice, Mot. Ex. B, Doc. 564-2.)  The Court finds it appropriate to analyze the notice

20    pursuant to Rule 23 standards for class action notices, because, like in a class action, this

21    notice is intended to "apprise interested parties of the pendency of the action and afford

22    them an opportunity to present their objections."  *Phillips Petroleum Co. v. Shutts*, 472

23    U.S. 797, 812, 105 S. Ct. 2965, 2974, 86 L. Ed. 2d 628 (1985) (quoting *Mullane*, 339 U.S.

24    at 314-315.)  Under Rule 23, the notice must include, in a manner that is understandable to

25    potential class members: "(i) the nature of the action; (ii) the definition of the class

26    certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an

27    appearance through an attorney if the member so desires; (v) that the court will exclude

28

from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The proposed notice includes this necessary information. (*See* Notice.)

The Court, however, requires the Notice and Summary Notice to be modified as follows:

- The claim form requirement and deadline should also be included in bold on the first page of the Notice. Similarly, the sentence referring to obtaining a claim form by calling the Claims Administrator must be bolded or otherwise highlighted in the Summary Notice on page 3.

- On page 6, related to the heading on page 5 that reads "The Settlement Hearing and Your Rights as Shareholders," the notice must eliminate any reference to filing a written objection with the Court. Plaintiffs' Counsel are responsible for filing, in connection with Plaintiffs' motion for final approval, any objections along with a brief responding to such objections. Accordingly, the notice should instruct shareholders to object by mailing a written objection to Plaintiffs' Counsel, Counsel for Defendant, and the claims administrator at the indicated addresses. The same changes must be made to the Summary Notice on page 3.

- On page 5 under the heading "Plaintiffs' Counsel's Attorneys' Fees and Expenses and Plaintiff Rich's Incentive Award" and on page 6 under "Examination of Papers and Inquiries," the notice should also state that all papers filed in this action will also be available for review via the Public Access to Court Electronic Resources System (PACER), available online at http://www.pacer.gov.

Subject to the changes discussed above, the Court approves the form and method of shareholder notice. The Court ORDERS the parties to file a revised version of the Full Notice within **10 days** of this Order.

The Court requires that any motion for attorneys' fees, costs, and service payments be filed with the Court **no later than 15 days before** the objection deadline.  Plaintiffs shall file their motion for final approval no later than **July 6, 2018**, including a brief responding to any submitted objections and otherwise summarizing the shareholders' participation in the settlement and the settlement administration to date.

## V.   <u>CONCLUSION</u>

For the reasons discussed above, the Court (1) preliminarily approves the settlement and (2) approves the form and method of class notice, subject to the changes discussed above.  The Court ORDERS the parties to file a revised version of the Full Notice within **10 days** of this Order.

The Court sets a final settlement hearing for **July 20, 2018, at 2:30 p.m.**, to determine whether the settlement should be finally approved as fair, reasonable, and adequate to shareholders.  Plaintiffs shall file their motion for final approval no later than **July 6, 2018**.  Counsel shall file any supplemental brief in support of their application for fees and costs **no later than 15 days before** the objection deadline.  The Court reserves the right to continue the date of the final settlement hearing without further notice to shareholders.

DATED:  April 10, 2018

JOSEPHINE L. STATON

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE