UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:11-cv-04272-JLS-SPx  Date: July 26, 2018
Title: David L. Defrees et al. v. John C. Kirkland et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                               Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF DERIVATIVE SETTLEMENT (Doc. 585) AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD (Doc. 584)**

Before the Court are two unopposed Motions. One, filed by Plaintiffs the CAM Funds and Frederick Rich, seeks final approval of the derivative settlement. (Final Approval Mot., Doc. 585.) The other, filed by Plaintiff Rich, seeks approval of the requested attorneys' fees, costs, and incentive award. (Fee Mot., Doc. 584.) Having reviewed the papers, held a fairness hearing, and taken the matter under submission, the Court GRANTS the Motion for Final Approval of the Derivative Settlement and GRANTS the Motion for Attorneys' Fees, Costs, and Incentive Award.

I. **BACKGROUND**

A. **Procedural History**

On May 18, 2011 and May 26, 2011, Plaintiffs Rich and the CAM Funds filed derivative complaints in this Court. (Compl., Doc. 1.) The complaints alleged that "several defendants entered into two sham transactions that ultimately transferred a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:11-cv-04272-JLS-SPx | Date: July 26, 2018 |
| Title:  David L. Defrees et al. v. John C. Kirkland et al. | |

controlling interest in USAE to their family, friends, and affiliates." (Mem. re: Final Approval Motion at 4, Doc. 585-1; *see also* SAC ¶¶ 32-64, Doc. 301.) The complaint was amended twice; the Second Amended Complaint includes claims for (1) legal malpractice; (2) breach of fiduciary duty; and (3) corporate waste. (*See* SAC, Doc. 301.) The parties engaged in litigation and mediation, and ultimately reached an agreement in February 2017. (Mem. at 4-5.)

The Settlement Agreement states that Plaintiffs Rich and the CAM Funds will release the following claims: "all claims . . . demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, which have been or could have been asserted by Plaintiffs derivatively on behalf of USAE against the Released Defendants . . . including, without limitation, those arising out of or based upon or related to USAE, the Litigation or the defense, Settlement, or resolution of the Litigation." (Settlement Agreement ¶ 1.21, Doc. 564.) These claims will be settled for a total of $12.2 million, paid by the settling defendants and/or their insurers. (*Id*. ¶ 2.1.) $10.6 million will be distributed to the CAM funds. (*Id*. ¶ 2.2.1.) Up to $290,000 of the fund will be distributed to current USAE shareholders who held shares on March 31, 2010 and continued to hold shares as of February 21, 2017. (*Id*. ¶ 2.2.2.) Such shareholders have submitted or will submit claims forms and will receive a *pro rata* share of the total $290,000, each receiving up to seven cents times the lesser of (1) the number of shares held on March 31, 2010 and (2) the number of shares held on February 21, 2017. (*Id*.) Plaintiff Rich's counsel has applied for an award of attorneys' fees in the amount of $1 million and costs of $300,000 and Plaintiff Rich has applied for an incentive award of up to $10,000. (Mem. re: Fee Mot. at 1, Doc. 584 at 10.) The CAM Funds will pay for their attorneys' fees and costs out of their $10.6 million distribution. (Settlement Agreement ¶ 4.1.) Finally, notice and administration costs, up to $15,000, will be paid from the interest earned on the Settlement Amount escrow account. (*Id*. ¶ 2.2.4.)

Any portion of the attorneys' fees and expenses and incentive awards not awarded will be distributed *pro rata* to the CAM Funds and USAE shareholders. (*Id.* ¶ 4.3.) In turn, any portion of the settlement fund remaining after notice and administration costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:11-cv-04272-JLS-SPx                    Date: July 26, 2018
Title: David L. Defrees et al. v. John C. Kirkland et al.

are paid and the Shareholder Distribution is made shall be paid to the CAM Funds. (*Id.* ¶ 2.2.5.)

        **C.**     **Notice and Response**

      Notice was sent to shareholders pursuant to the method approved by the Court. The Notice (and subsequent changes) adequately describes the litigation and the scope of the involved class. (*See* Revised Shareholder Notice, Doc. 581 Ex. A.) Additionally, the Notice explains (1) the amount and makeup of the Settlement Fund; (2) the plan of allocation; (3) that Rich's counsel and Rich will apply for attorneys' fees, costs, and an incentive award; and (4) shareholders' options to participate in or object to the settlement. (*Id.*)

      Counsel for Plaintiffs provided the settlement administrator JND with a shareholder list containing the names and addresses of 302 shareholders. (Cormio Decl. ¶ 4, Doc. 589.) On May 2, 2018, Notice Packets were mailed to all 302 shareholders on the list. (*Id.*) JND also sent broker summaries to 4,007 mailing addresses of the "most common banks, brokerage firms, nominees, and known third-party filers" who were likely to be potential Settlement Class Members. (*Id.* ¶ 5.) Following the initial mailing, JND received an additional 458 requests for Notice Packets from individuals and 645 Notice Packets from brokers and other nominee holders; JND asserts that those requests have been and will continue to be "complied with and addressed in a timely manner." (*Id.* ¶ 7.) On June 8, 2018, JND sent a total of 3,948 reminder postcards to entities who had received broker summaries but who had not responded. (*Id.* ¶ 8.) In total, 1,405 Notice Packets have been mailed. (*Id.* ¶ 9.) Further, JND published a Summary Notice in *Investor's Business Daily* on May 7, 2018. (*Id.* ¶ 10.) As of July 5, JND had received 50 Proofs of Claims. (*Id.* ¶ 12.) As of July 13, 2018, JND had received no objections to the settlement. (Supp'l Brief at 2, Doc. 591.)

      Plaintiffs now move for final approval of the derivative settlement and attorneys' fees of $1,000,000 to Wolf Haldenstein, reimbursement of expenses totaling $300,000.00, payment of $15,000 to JND for its services as settlement administrator paid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:11-cv-04272-JLS-SPx                          Date: July 26, 2018
Title: David L. Defrees et al. v. John C. Kirkland et al.

from interest on the Settlement Amount escrow account, and an incentive award of $10,000 to Rich. (Fee Mot at 8; Rickert Decl. ¶ 6, Doc. 584-1.)

## II. FINAL APPROVAL OF DERIVATIVE SETTLEMENT

### A. Legal Standard

Settlement of derivative actions is governed by Federal Rule of Civil Procedure 23.1, which states that a derivative action "may be settled, voluntarily dismissed, or compromised only with the court's approval." Moreover, when approving the settlement of a derivative action, "the court should apply the principles and procedures governing settlements of class actions in general." Federal Judicial Center, *Manual for Complex Litigation*, § 31.8 (4th ed. 2004). Approval of a settlement proceeds in two steps: "under Ninth Circuit precedent, this Court must grant preliminary approval of a settlement, including approval of the notice to shareholders and the proposed method of notice, before having the final settlement hearing." *In re NVIDIA Corp. Derivative Litig.*, No. C-06-06110-SBA(JCS), 2008 WL 5382544, at *2 (N.D. Cal. Dec. 22, 2008).

### B. Discussion

In its Preliminary Approval Order, the Court evaluated each of the factors identified by the Ninth Circuit as relevant to a determination as to whether the Settlement is fair, reasonable, and adequate under Rule 23. (Prelim. Approval Order at 5-8.) The Court determined that the following factors weighed in favor of approval: (1) the reasonableness of the benefits achieved by the settlement in light of the potential recovery at trial; (2) the likelihood of success in light of the risks posed by continued litigation; (3) the likely duration and cost of continued litigation; and (4) the amount offered in settlement. (*Id.*) The Court sees no reason to depart from its previous conclusion as to these factors. The Court therefore incorporates its analysis from the Preliminary Approval Order into the instant Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:11-cv-04272-JLS-SPx  Date: July 26, 2018
Title: David L. Defrees et al. v. John C. Kirkland et al.

  At the time of preliminary approval, however, Rich did not provide evidence of shareholder reactions to the proposed Settlement Agreement. (*Id.* at 8.) Since that time, JND has mailed 1,405 Notice Packets to potential shareholders, brokers, and nominee holders and published notice in *Investor's Business Daily*. (Supp'l Brief at 2.) Further, Plaintiffs' counsel sent 30 individual shareholders who had filed claims a letter soliciting their feedback on the settlement. (*Id.*) The same letter was provided by email to 19 of those 30 shareholders. (*Id.* at 3.) Of the 20 shareholders who responded, seven expressed a favorable view, eight expressed a neutral view, and five expressed a negative view. (*Id.* at 2; *see also* Supplemental Brief Ex. 1, Doc, 594-1.) Neither the Claims Administrator nor Plaintiffs' Counsel received any objections by the objection deadline. (*Id.*) Of the shareholders who expressed a negative view of the settlement, three complained that the amount of shareholder recovery was low. (*See* C. Daniels Decl. Doc. 591-2 at 8; J. Daniels Decl., Doc. 591-2 at 12; Morgan Decl., Doc. 591-2 at 24.) One expressed that he thought Defendants should serve jail time. (Weigert Decl., Doc. 591-2 at 32.) One shareholder who expressed a neutral view also explained that he was not sure why all of his shares were not counted. (Gallant Decl., Doc. 591-2 at 18.) Plaintiffs' Counsel responds that the time restrictions on eligible stock were appropriate because shares bought after the alleged sham transactions were not held "at the time of the transaction complained of," meaning that shareholders may have lacked standing to pursue claims related to such shares. (Supp'l Brief at 5 (quoting Fed. R. Civ. P. 23.1(b)(1).) The Court, having already found that the amount offered in settlement compares favorably to other shareholder derivative settlements in the Ninth Circuit, is not persuaded that the concerns presented by these five shareholders make any less reasonable the amount offered in settlement, or its allocation between shareholders and secured creditors. (*See* Prelim. Approval Order at 7.) And as the Court recognized at the preliminary approval stage, the allocation to the secured creditors prior to the shareholders adequately reflected their relative stakes in the dispute. (*Id.*)

  Considering all of the factors together, the Court concludes that the settlement is fair, reasonable, and adequate. Accordingly, the Court GRANTS Plaintiff's Motion for Final Approval of the Derivative Settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:11-cv-04272-JLS-SPx                                      Date: July 26, 2018
Title: David L. Defrees et al. v. John C. Kirkland et al.

### III. CLAIMS ADMINISTRATOR COSTS

The settlement agreement provides that the chosen Claims Administrator will be provided payment for its services from the interest earned on the Settlement Amount escrow account. (Settlement Agreement ¶ 2.2.4.) The Court finds the requested amount of $15,000 reasonable as it is consistent with the estimated costs, and because the method of payment from interest on the escrow account means that the payment does not reduce the Settlement Fund for secured creditors and shareholders. (*See* Cormio Decl.)

Accordingly, the Court GRANTS the Motion as to this payment.

### IV. ATTORNEYS' FEES

Plaintiffs seek an attorneys' fee award of $1,000,000 to Rich's attorneys Wolf Haldenstein. (Fee Mot. at 2.) Attorneys for the CAM Funds do not request fees. For the following reasons, the Court finds the requested award to be appropriate and grants the request.

Rule 23 permits a court to award "reasonable attorneys' fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Supreme Court has held that where there is a "substantial benefit" to a corporation from a derivative suit, an award of counsel fees is justified. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 395 (1970). Courts in the Ninth Circuit have used this principle as a starting point to analyze the propriety of fee awards in derivative actions, and have further applied the common fund benchmarks set forth for class action settlements to derivative actions. *See, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, 2009 U.S. Dist. LEXIS 24973, *13 (N.D. Cal. Dec. 19, 2008).

"[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods.*, 654 F.3d at 941. In the Ninth Circuit, the benchmark for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:11-cv-04272-JLS-SPx	Date: July 26, 2018
Title:  David L. Defrees et al. v. John C. Kirkland et al.

fee award in common fund cases is 25% of the recovery obtained.  *See id*. at 942.  Courts must "justify any increase or decrease from this amount based on circumstances in the record."  *Monterrubio v. Best Buy Stores, L.P*., 291 F.R.D. 443, 455 (E.D. Cal. 2013) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  The Ninth Circuit has identified a number of factors the Court may consider in assessing whether an award is reasonable, including: (1) the results achieved, (2) the risk of litigation, (3) the skill required and quality of work, and (4) the contingent nature of the fee and the financial burden carried by the plaintiffs.  *See Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1048–50 (9th Cir. 2002).  Counsel's lodestar may also "provide a useful perspective on the reasonableness of a given percentage award."  *Id*. at 1050.

Plaintiff Rich seeks an attorneys' fee award of $1,000,000.  The Court reiterates its conclusions from its Preliminary Approval Order that, if considered as a percentage of the common fund, the fees requested by Rich's Counsel should be considered in light of the total settlement amount and not just the amount apportioned for the shareholders.  That is because the attorneys worked to prosecute and settle the action jointly, and the shareholders' portion of the settlement does not reflect the totality of the work done by Rich's counsel.  (Prelim. Approval Order at 7-8.)  Calculated this way, the requested award of $1,000,000 represents approximately 8 percent of the fund.

However, for two reasons, using the percentage-of-the-common-fund method in this case does not advance the analysis.  First, the CAM Funds' attorneys are being paid separately, and as Plaintiffs' Counsel recognizes, the $1,000,000 awarded to Plaintiff Rich's Counsel represents only a portion of the total attorneys' fees generated by this $12.2 million recovery.  Second, as the parties point out, the amount due to the secured creditors would have swallowed the entire settlement fund, leaving nothing for the shareholders.  Plaintiff Rich's Counsel negotiated with the CAM Funds to allow for a recovery for shareholders and for its attorneys' fees.  A reduction in attorneys' fees would not, therefore, increase the recovery for shareholders as it might in a traditional class action or in a derivative action that did not also include secured creditors as plaintiffs.  The Court will accordingly rely more heavily upon the lodestar cross-check (*see infra.* at IV.D) to determine the reasonableness of fees.  *See Six (6) Mexican Workers*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:11-cv-04272-JLS-SPx             Date: July 26, 2018
Title: David L. Defrees et al. v. John C. Kirkland et al.

*v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (holding that Courts may rely on the lodestar method in consideration of "other relevant factors" that indicate the impropriety of the percentage method).

### A.     Results Achieved

Class Counsel achieved a settlement that represents between 25 and 57 percent of the maximum potential liability for the CAM funds and $0.07 cents per share for shareholders. (Prelim. Approval Order at 6.) These recovery figures compare favorably to the percentages of recovery in other derivative actions in this circuit. *See, e.g.*, *In re Atmel Corp. Derivative Litig.*, No. C 06-4592 JF (HRL), 2010 WL 9525643, at *12 (N.D. Cal. Mar. 31, 2010) (noting that a net recovery of 15 percent "exceed[ed] the average recovery in shareholder derivative litigation); *In re Apple Computer, Inc. Derivative Litig.,* No. C 06-4128 JF (HRL), 2008 WL 4820784, at *2 (N.D. Cal. Nov. 5, 2008) (approving derivative settlement representing either 11 or 31 percent of damages depending on measure of damages). The Court finds that the degree of success obtained in this settlement weighs in favor of finding the fee request reasonable.

### B.     Risk of Litigation

The Court finds that the risks presented by this litigation support approval of the fee request. As discussed in the Order preliminarily approving the settlement, the litigation has been ongoing since 2011, and there are inherent problems of proof and defenses related to Plaintiffs' claims. (Order on Preliminary Approval at 5.) Further, as Plaintiffs explain, the parties anticipated a long, hotly contested trial with a "battle of the experts" that could be difficult for a jury to understand. (Mem. re Final Approval at 14-15.) In light of these considerations, the Court finds that this factor weighs in favor of finding the fee request reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:11-cv-04272-JLS-SPx                          Date: July 26, 2018
Title: David L. Defrees et al. v. John C. Kirkland et al.

### C.     Skill Required and Quality of Work

The Court concludes that the skill required and quality of work on behalf of Plaintiff Rich's counsel weigh in favor of a fee award. As Plaintiff Rich's counsel explains, "this was a hard-fought Litigation against sophisticated defendants with ample resources, some of whom employed a 'scorched-earth' approach." (Mot. at 28.) The Court further notes that the quality of Class Counsel's work is evidenced by the favorable settlement achieved. (Prelim. Approval Order at 5-7.) Accordingly, the Court finds that this factor weighs in favor of finding the fee request reasonable.

### D.     Contingent Nature of the Fee

Plaintiff Rich's Counsel took this case on a contingent basis and invested a total of 7,600 hours prosecuting and resolving the case. (Rickert Decl. ¶ 41.) Counsel undertook representation despite substantial risk that none of their expenses on behalf of the class would be recouped. (Fee Mem. at 14.) "Courts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award and may justify awarding a premium over an attorney's normal hourly rates." *Monterrubio*, 291 F.R.D. at 457 (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)). Accordingly, this factor weighs in favor of finding the fee request reasonable.

### E.     Lodestar Cross-Check

To determine the reasonableness of a fee award, courts may compare the percentage-of-the-common-fund with the counsel's lodestar calculations. *Vizcaino*, 290 F.3d at 1050-51. Here, Class Counsel assert they have spent over 7,600 hours litigating this action. (Rickert Decl. ¶ 42.) Attorneys used rates of between $340 and $530 per hour for associates and $660 and $965 for partners. (*Id.* ¶ 45.) Using the above figures, which this Court finds to be reasonable, Rich's Counsel calculated a lodestar of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:11-cv-04272-JLS-SPx | Date: July 26, 2018 |
| Title: David L. Defrees et al. v. John C. Kirkland et al. | |

$3,865,639.26.[1] (*Id.* ¶ 41; Fee Mem. at 2.) The requested fee award of $1,000,000 therefore reflects a negative multiplier of 0.26. Overall, the Court concludes that this factor weighs heavily in favor of finding the fee request reasonable.

## V. LITIGATION COSTS

Rich requests that the Court approve the reimbursement of $300,000.00 in litigation expenses and costs. (Mot. at 2.) "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision*, 559 F. Supp. 2d at 1048. Class Counsel have documented their expenses incurred in court filing fees, depositions, travel, professional service fees. (*See* Rickert Decl. ¶ 47; Ex. I.) The Court finds the various expenses adequately documented and reasonable.

Accordingly, the Court GRANTS the Motion as to Plaintiff Rich's request for litigation costs.

## VI. INCENTIVE AWARD

Rich seeks an incentive award of $10,000. (Fee Mot. at 24.) Incentive awards are "discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000)). "To [further] assess whether an incentive payment is excessive, district courts balance 'the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the

---

[1] As Rickert explains, there were three prior fee awards in this case; all were for sanctionable conduct on the part of Defendants. (Doc.s 226, 284, 400.) The fees paid as a result of these Orders totaled $135,489.74. (Fee Mem. at 2 n4.) These payments were deducted from the time reflected in Rich's counsel's current request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:11-cv-04272-JLS-SPx | Date: July 26, 2018 |
| Title: David L. Defrees et al. v. John C. Kirkland et al. | |

settlement amount, and the size of each payment.'" *Monterrubio*, 291 F.R.D. at 462 (quoting *Staton*, 327 F.3d at 977). Courts "must 'evaluate [such] awards individually' to detect 'excessive payments to named class members' that may indicate 'the agreement was reached through fraud or collusion.'" *Id*. (quoting *Staton*, 327 F.3d at 975, 977).

Here, Rich was involved with the litigation over the course of seven years and spent over 210 hours on the action including taking three days off from work for a deposition. (Rich Fee Decl. ¶ 4, Doc. 584-11.) His actions have resulted in a settlement that will provide monetary relief to other shareholders. The Court therefore finds that granting approval of an incentive award is reasonable and appropriate under the circumstances.

Further, the Court finds the amount requested reasonable. The requested award represents only 0.08 percent of the entire settlement fund. Upon weighing the services rendered, the risks undertaken, and the proportion of the requested award relative to the settlement amount and individual class payments, the Court awards Rich an incentive payment of $10,000.

## VII.  **CONCLUSION**

The Court finds the settlement to be fair, adequate, and reasonable, and accordingly GRANTS final approval of the settlement. The Court also GRANTS Plaintiff Rich's motion for attorneys' fees, costs, and service payments. The Court awards Rich's Counsel $300,000 in litigation costs and $1,000,000.00 in attorneys' fees. The Court also awards an incentive payment of $10,000 to Rich. Finally, the Court awards $15,000 in claims administration services and expenses to JND. Distribution of the settlement fund to shareholders members shall be made in accordance with the method outlined in the settlement.

The concurrently filed proposed judgment shall be entered forthwith.

Initials of Preparer:  gga