JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

DAVID L. DEFREES, et al.,

    Plaintiffs,

v.

JOHN C. KIRKLAND, et al.,

    Defendants,

and

U.S. AEROSPACE, INC.

    Nominal Defendant.

Case No. CV 11-04272 JLS (SPx) consolidated with Case No. CV 11-04574 JLS (SPx)

(Derivative Action)

**FINAL JUDGMENT**

WHEREAS, a hearing was held before this Court on July 20, 2018 (the "Hearing") pursuant to this Court's Preliminary Approval Order dated April 10, 2018 (the "Preliminary Approval Order," Doc. 580) to consider a Stipulation of Settlement dated December 15, 2017 (the "Stipulation"), which sets forth the terms of a settlement (the "Settlement") of the above-captioned litigation (the "Litigation") and is incorporated herein by reference; and

WHEREAS, the Court concluded that due notice of the Hearing was given to stakeholders of Nominal Defendant U.S. Aerospace, Inc. ("USAE" or the "Company") in accordance with the Preliminary Approval Order; the respective Parties having appeared by their attorneys of record; the Court having heard and considered all papers filed and evidence in support of the proposed Settlement; the attorneys for the respective Parties having been heard; and an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Unless otherwise defined herein, all defined terms shall have the meaning set forth in the Stipulation and the Preliminary Approval Order.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation.

3. The notice of pendency and proposed settlement (the "Notice") has been given to non-party USAE Shareholders and creditors, pursuant to and in the manner directed by the Preliminary Approval Order; proof of mailing of the Notice was filed with the Court; the Summary Notice has been published in *Investor's Business Daily,* pursuant to and in the manner directed by the Preliminary Approval Order; and a full opportunity to be heard has been offered to all Parties and stockholders.

4. The form and manner of the Notice and Summary Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of the Federal Rules of Civil Procedure, Rule 23.1 and due process.

5. The Court finds, for settlement purposes and, no other purpose, that this Litigation was properly brought as a derivative action pursuant to Federal Rules of Civil Procedure, Rule 23.1.

6. A full and fair opportunity to object to the Settlement and to participate in the hearing thereon, and, as such, all current USAE Shareholders and creditors are bound by the Settlement, and will be bound by the Judgment contemplated thereby.

7. The Settlement is fair, reasonable, adequate, and in the best interests of USAE Shareholders and creditors.

8. This Court hereby approves the Settlement in all respects, and the Settling Parties are directed to consummate the Settlement in accordance with the terms of the Stipulation.

9. The Litigation is hereby dismissed *with prejudice* as to all Settling Parties and Released Defendants.

10. Pursuant to the terms of the Stipulation, Settling Defendants are hereby ordered to pay the Settlement Amount, as set forth in paragraph 2.1 of the Stipulation. Plaintiffs' Counsel shall distribute the Settlement Amount to the CAM Funds and USAE's Shareholders in accordance with paragraph 2.2 of the Stipulation; and ADI and TUSA shall not receive any distribution from the Net Settlement in accordance with paragraph 2.3 of the Stipulation.

11. Upon the Effective Date as defined in the Stipulation, Plaintiffs, on their own behalf individually and derivatively on behalf of USAE, shall have, and shall be deemed to have, fully, finally, and forever released, relinquished and discharged: (a) all Released Claims, including Unknown Claims, against the Released

Defendants; and (b) any and all claims, whether known or unknown, against the Released Defendants arising out of, relating to, or in connection with USAE, the Litigation, or the defense, Settlement, or resolution of the Litigation; provided, however, that the Released Claims shall not include any award of sanctions ordered by the Court or judgments reflecting liability for such orders against Kirkland, ADI or their counsel, Mark Vega.

12. Upon the Effective Date as defined in the Stipulation, each of the Settling Defendants shall be deemed to have, and shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, Plaintiffs' Counsel, David DeFrees and his estate, Simon Gershon, Centrecourt Asset Management, Richard Smithline, Dan Ly and Michael Loew from all claims (including Unknown Claims) arising out of, or relating to, USAE or arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement or resolution of the Litigation or the Released Claims. Settling Defendants further agree that they will not commence any further litigation on behalf of, or in the name of, USAE, its predecessors or successors.

13. Except for any payments of attorneys' fees and costs from the Settlement Amount as are expressly provided for in the Stipulation and the Preliminary Approved Order, each Party shall bear its own attorneys' fees and costs.

14. The application of Wolf Haldenstein Adler Freeman & Herz LLP for an award of attorneys' fees in the amount of $1,000,000, plus expenses incurred of $300,000, payable from the Settlement Amount, is granted and shall be paid from the Settlement Amount in accordance with paragraph 4.1 of the Stipulation.

15. Plaintiffs' application for an incentive award in the amount of $10,000 is granted. The incentive award is to be paid to Plaintiff Rich from the Settlement Amount.

16.     Neither the Stipulation, the Settlement, this Judgment, nor any of their respective terms and provisions, nor any of the negotiations or proceedings connected with the Settlement, nor any of the documents or statements referred to therein, shall be offered or received against any of the Parties as evidence of or construed as or deemed to be evidence of:  (a) any liability, negligence, fault, or wrongdoing of any of the Parties; (b) a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged in this Litigation or the validity of any of the claims or counterclaims, or the deficiency of any defense that was or could have been asserted in this Litigation; or (d) a presumption, concession or admission by any of the Parties that the consideration to be given hereunder represents the consideration which could be or would have been recovered at trial.  Released Defendants may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     The Court reserves jurisdiction over all matters and disputes relating to the Stipulation, the Settlement, and this Judgment, and may enter additional orders as may from time to time be necessary to implement and enforce the Stipulation, the Settlement, and this Judgment.

/ / /

/ / /

18. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**IT IS SO ORDERED.**

**DATED:** July 26, 2018

JOSEPHINE L. STATON
_____
THE HONORABLE JOSEPHINE L. STATON

24824